RECEIVED LM
9/2/2022
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

JUDGE GETTLEMAN
MAGISTRATE JUDGE KIM

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

|  |  |
|---|---|
| JERICO MATIAS CRUZ, ) | |
| ) | Case No.: **1:22-CV-04782** |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| COOK COUNTY, ) | |
| COOK COUNTY SHERIFF'S OFFICE, ) | |
| COOK COUNTY ) | |
| DEPARTMENT OF CORRECTIONS, ) | |
| ) | |
| Defendants. ) | |
| ) | |

### PRO SE PLAINTIFF JERICO MATIAS CRUZ'S COMPLAINT FOR VIOLATION OF CONSTITUTIONAL RIGHTS

NOW COMES pro se Plaintiff Jerico Matias Cruz files a federal civil rights lawsuit against Defendants Cook County, Cook County Sheriff's Office and Cook County Department of Corrections for $60,000,000.00 monetary damages pursuant to F.R.C.P. R 10, 42 U.S. Code Section 1997a, and 42 U.S. Code Section 1997e, in support thereof, and states as follows:

### INTRODUCTION

1. Pro Se Plaintiff Jerico Matias Cruz 's physical and mailing address is at 5135 N Keating Ave, Chicago, IL 60630 for more than twenty (20) years.

1

2. Cook County's mailing address is at 118 N Clark St, Chicago, IL 60602.

3. Cook County Sheriff's Office's mailing address is at 3026 S California Ave, Chicago, IL 60608.

4. Cook County Department of Corrections' mailing address is at 2700 S California Ave, Chicago, IL 60608.

5. Pro Se Plaintiff Jerico Matias Cruz files a federal civil rights lawsuit against Defendants Cook County et al. for violation of constitutional rights in particular with the State of Illinois, Cook County Jail prisoner's federal civil rights and is seeking $60,000,000.00 for monetary damages.

### BACKGROUND

6. On or about August 31, 2021, Defendants Cook County Deputy Sheriffs Hand and Romo serve an Emergency Order of Protection against pro se Plaintiff Jerico Matias Cruz at 5135 N Keating Ave, Chicago, IL 60630. *See* Exhibit A about the details of the Emergency Order of Protection against pro se Plaintiff Jerico Matias Cruz.

7. On or about September 4, 2021, pro se Plaintiff Jerico Matias Cruz tries to bailout or self-bond for $200.00, which is equivalent to ten (10) percent of $2,000.00 for *People v. Cruz*, No. 21DV7321501.

8. On or about September 4, 2021, Defendants Cook County et al. deny pro se Plaintiff Jerico Matias Cruz's $200.00 payment using his Parkway Bank & Trust Debit Card. *See* Exhibit A about pro se Plaintiff Jerico Matias Cruz's denied self-bond by Defendants Cook County et al.

2

9. On or about September 9, 2021 at 11:00 AM CST, pro se Plaintiff Jerico Matias Cruz has a concurrent motion hearing with the Cook County Domestic Relations Division for *Cruz v. Cruz*, No. 2021OP76706 with Honorable Geri Pinzur-Rosenberg. *See* Exhibit A about pro se Plaintiff Jerico Matias Cruz's case files for case no. 2021OP76706; *Cruz v. Cruz*, No. 2021OP76706.

10. On or about March 10, 2022, Honorable Judith C. Rice vacates the Emergency Order of Protection against pro se Plaintiff Jerico Matias Cruz from the Cook County Domestic Relations Division for *Cruz v. Cruz,* No. 2021OP76706. *See* Exhibit B about the Order to Vacate the Emergency Order of Protection, *pro se* Plaintiff Jerico Matias Cruz's Illinois Permanent Employee Registration Card License, Illinois Driver's License Card, and Cook County Military Discount Card.

11. On or about July 25, 2022, a Cook County Judge adjudicates, signs, and dates the Order to Expunge and Impound Criminal Records for Violating of Order of Protection from the Cook County Domestic Violence Division with Case No. 21DV7321501. *See* Exhibit C about *pro se* Plaintiff Jerico Matias Cruz's Order to Expunge and Impound Criminal Records, Illinois Permanent Employee Registration Card License, Illinois Driver's License Card, Cook County Military and Veterans Discount Card, and State of Illinois Office of Secretary, Department of Motor & Vehicles Driving Abstract.

**STANDARD OF REVIEW**

12. The United States District Court for the Northern District of Illinois, Eastern Division operates under the United States Constitution, the United States Code, Code of

Federal Regulations, the United States Public Laws, the United States President's Executive Orders, the United States Supreme Court Rules, and Federal Rules of Evidence.

13. Civil proceeding enacted upon the codified rules of Federal Rules of Civil Procedure. *See* Clark and More, *A New Federal Civil Procedure-I. The Background,* 44 Yale L.J. 387, 391, (1935). (28 U.S. Code Section 723(b); 28 U.S. Code Section 723(c); 28 U.S. Code Section 1343; U.S. Code Section 1367; 28 U.S. Code Section 2072)

14. Civil proceedings also follow the codified rules of Local Rules of the United States District Court for the Northern District of Illinois.

15. The United States District Court for the Northern District of Illinois, Eastern Division adjudicates prima facie evidence and material facts in accordance with pro se Plaintiff Jerico Matias Cruz's complaint for violation of constitutional rights in particular with State of Illinois, Cook County Jail prisoner's federal civil rights. Defendants Cook County et al. shall be held accountable to answer pro se Plaintiff Jerico Matias Cruz's complaint for violation of constitutional rights in particular with the State of Illinois, Cook County Jail prisoner's federal civil rights after issuance of summons within twenty-one (21) days, excluding federal legal holidays, Saturdays and Sundays. Any responsive federal statutes or laws should be applied when the United States District Court for the Northern District of Illinois cross-examines prima facie evidence and material facts by following Federal Rules of Civil

4

Procedure, Federal Rules of Evidence, and Local Rules of the United States District Court for the Northern District of Illinois, Eastern Division during Civil proceedings.

16. Pursuant to Federal Rules of Civil Procedure and Local Rules of the United States District Court for the Northern District of Illinois, Eastern Division, pro se Plaintiff Jerico Matias Cruz's complaint for violation of constitutional rights in particular with the State of Illinois, Cook County Jail prisoner's federal civil rights follows the codified rules of Federal Rules of Civil Procedure and Local Rules of the United States District Court for the Northern District of Illinois, Eastern Division when adjudicating the United States District Court for the Northern District of Illinois, Eastern Division's federal Civil cases, which include federal Civil cases under 42 U.S. Code Section 1997a and 42 U.S. Code Section 1997e.

17. Pro Se Plaintiff Jerico Matias Cruz's complaint for violation of constitutional rights in particular with the State of Illinois, Cook County Jail prisoner's federal civil rights is filed on proper venue.

18. Pro Se Plaintiff Jerico Matias Cruz's complaint for violation of constitutional rights in particular with the State of Illinois, Cook County Jail prisoner's federal civil rights is lawfully dealt with subject matter jurisdiction and personal jurisdiction pursuant to 28 U.S. Code Sections 1331 and 1343, 42 U.S. Code Sections 1983, 1985, and 1986, 42 U.S. Code Section 1997a, and 42 U.S. Code Section 1997e.

19. Pro Se Plaintiff Jerico Matias Cruz's complaint for violation of constitutional rights in particular with the State of Illinois, Cook County Jail prisoner's federal civil rights is

5

constructed simply and conservatively, which is guided by the Federal Rules of Civil Procedure and Local Rules of the United States District Court for the Northern District of Illinois.

20. Pro Se Plaintiff Jerico Matias Cruz's complaint for violation of constitutional rights in particular with the State of Illinois, Cook County Jail prisoner's federal civil rights enumerates a list of material facts that have been photographed, photocopied, audio recorded, and/or video recorded, and such that material facts and prima facie evidence from pro se Plaintiff Jerico Matias Cruz's complaint's Exhibits; and other material facts and prima facie evidence related to pro se Plaintiff Jerico Matias Cruz's complaint for violation of constitutional rights in particular with the State of Illinois, Cook County Jail prisoner's federal civil rights.

21. This federal civil rights case pertains to the State of Illinois, Cook County Jail's prisoner's federal civil rights while awaiting trial for bond hearing between September 3, 2021 and September 10, 2021 in which the standard of review will be focused on the U.S. Constitution's Bill of Rights, 42 U.S. Code Section 1997a and 42 U.S. Code Section 1997e.

### ARGUMENT

**I. Pro Se Plaintiff Jerico Matias Cruz deems properly filed with a perfected pleading and supporting Exhibits pursuant to F.R.C.P. R 10.**

22. Pro Se Plaintiff Jerico Matias Cruz's complaint for violation of constitutional rights in particular with the State of Illinois, Cook County Jail prisoner's federal civil rights

6

has perfected pleading, which includes Exhibits as prima facie evidence and

material facts for this case pursuant to F.R.C.P. R 10.

> "Every pleading must have a caption with the court's name, a title, a file number, and a Rule 7(a) designation. The title of the complaint must name all the parties...; a party must state its claim or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances...; and a statement in a pleading may be adopted by reference elsewhere in the same pleading or in any other pleading or motion. A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes." F.R.C.P. R 10(a), (b) and (c).

**II. Defendants Cook County et al. violate pro se Plaintiff Jerico Matias Cruz's United States Constitutional Rights in particular with the Fifth Amendment's Due Process Laws or Rights between September 3, 2021 and September 10, 2021 at the State of Illinois, Cook County Jail, while awaiting a bond hearing and not a convicted prisoner.**

23. Pro Se Plaintiff Jerico Matias Cruz has a concurrent motion hearing with the Cook County Domestic Relations Division on September 9, 2021 at 11:00 AM CST. Defendants Cook County et al. deny pro se Plaintiff Jerico Matias Cruz to attend the motion hearing in which the Court Order signed by Honorable Geri Pinzur-Rosenberg, Judge, Presiding from the Cook County Domestic Relations Division, indicates that pro se Plaintiff Jerico Matias Cruz fails to appear on September 9, 2021 at 11:00 AM CST.

> "No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury, except in cases arising in the land or naval forces, or in the Militia, when in actual service in time of War or public

7

danger; nor shall any person be subject for the same offence to be twice put in jeopardy of life or limb; nor shall be compelled in any criminal case to be a witness against himself, nor be deprived of life, liberty, or property, without due process of law; nor shall private property be taken for public use, without just compensation." U.S. Constitution, Fifth Amendment.

**III. Defendants Cook County et al. violate pro se Plaintiff Jerico Matias Cruz's U.S. Constitutional Rights in particular with Eight Amendment's Excessive Bail between September 3, 2021 and September 10, 2021 at the State of Illinois, Cook County Jail, while awaiting a bond hearing and not a convicted prisoner.**

24. Pro Se Plaintiff Jerico Matias Cruz tries to bailout or self-bond for $200.00 on September 4, 2021. However, Defendants Cook County et al. deny pro se Plaintiff Jerico Matias Cruz's $200.00 payment using his Parkway Bank & Trust Debit Card.

> "Excessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted." U.S. Constitution, Eight Amendment.

**IV. Pro Se Plaintiff Jerico Matias Cruz and the Attorney General of the United States are allowed to initiate a civil action against Defendants Cook County et al. for violation of pro se Plaintiff Jerico Matias Cruz's U.S. Constitutional Rights and laws between September 3, 2021 and September 10, 2021 at the State of Illinois, Cook County Jail, while awaiting for a bond hearing and not a convicted prisoner pursuant to 42 U.S. Code Section 1997a.**

25. Pro Se Plaintiff Jerico Matias Cruz's U.S. Constitutional Rights are violated during his detainment at the State of Illinois, Cook County Jail between September 3, 2021 and September 10, 2021. Defendants Cook County et al. deprive pro se Plaintiff Jerico

Matias Cruz's rights, privileges, or immunities, which are secured or protected by the U.S. Constitution and laws, while awaiting a bond hearing and not a convicted prisoner. Defendants Cook County et al. deny pro se Plaintiff Jerico Matias Cruz to pay his $200.00 bailout or self-bond using his Parkway Bank & Trust Debit Card between September 3, 2021 and September 4, 2021; and Defendants Cook County et al. deny pro se Plaintiff Jerico Matias Cruz to attend his concurrent motion hearing on September 9, 2021 at 11:00 AM CST with the Cook County Domestic Relations Division with Honorable Geri Pinzur-Rosenberg, Judge, Presiding.

> "Whenever the Attorney General has reasonable cause to believe that any State or political subdivision of a State, official, employee, or agent thereof, or other person acting on behalf of a State or political subdivision of a State is subjecting persons residing in or confined to an institution, as defined in section 1997 of this title, to egregious or flagrant conditions which deprive such persons of any rights, privileges, or immunities secured or protected by the Constitution or laws of the United States causing such persons to suffer grievous harm, and that such deprivation is pursuant to a pattern or practice of resistance to the full enjoyment of such rights, privileges, or immunities, the Attorney General, for or in the name of the United States, may institute a civil action in any appropriate United States district court against such party for such equitable relief as may be appropriate to insure the minimum corrective measures necessary to insure the full enjoyment of such rights privileges, or immunities, except that such equitable relief shall be available under this subchapter to persons residing in or confined to an institution as defined in section 1997(1)(B)(ii) of this title only insofar as such persons are subjected to conditions which deprive them of rights, privileges, or immunities secured or protected by the Constitution of the United States." 42 U.S. Code Section 1997a.

**V. Defendants Cook County et al. violate both the U.S. Constitution Rights and federal Civil Rights of pro se Plaintiff Jerico Matias Cruz between September 3, 2021 and September 10, 2021 at the State of Illinois, Cook County Jail pursuant to 42 U.S. Code Section 1997e.**

26. Pro Se Plaintiff Jerico Matias Cruz's U.S. Constitutional Rights and federal Civil Rights are violated between September 3, 2021 and September 10, 2021. Defendants Cook County et al. fail to adopt or adhere to State of Illinois, Cook County Jail prisoner's federal civil rights in particular with administrative procedure implemented by the State of Illinois Department of Corrections. Defendants Cook County et al. deny pro se Plaintiff Jerico Matias Cruz to bailout or self-bond for $200.00 on September 4, 2021 using his Parkway Bank & Trust Debit Card; Defendants Cook County et al. deny pro se Plaintiff Jerico Matias Cruz to attend a concurrent motion hearing on September 9, 2021 at 11:00 AM CST with the Honorable Geri Pinzur-Rosenberg, Judge, Presiding at the Cook County Domestic Relations Division.

> "The failure of a State to adopt or adhere to an administrative grievance procedure shall not constitute the basis for an action under section 1997a or 1997c of this title." 42 U.S. Code Section 1997e.

## CONCLUSION

**WHEREFORE,** pro se Plaintiff Jerico Matias Cruz prays to the Honorable Court to grant the relief:

10

(1) Issue a court order for a temporary injunction against Defendants Cook County et al., while federal civil jury trial is pending and/or ongoing litigation;

(2) Issue a court order for a permanent injunction against Defendants Cook County et al. upon completion of adjudicating this case;

(3) Issue a court order to donate fifty (50) percent of $60,000,000.00 monetary damages to those non-for-profit organizations in the city of Chicago, which have been carefully hand-picked by pro se Plaintiff Jerico Matias Cruz and to pay fifty (50) percent of $60,000,000.00 monetary damages to pro se Plaintiff Jerico Matias Cruz for every count of federal civil rights violations committed by Defendants Cook County et al.

(4) Issue a court order to all damages to compensate for all bodily harm, emotional harm, pain and suffering, loss of income, loss of enjoyment of life, property damage and any other injuries inflicted by Defendants Cook County et al.

(5) Issue a court order for punitive damages against Defendants Cook County et al. and Cook County employees who are indirectly named as Defendants in this case.

(6) Other reliefs, such as injunctive, declaratory, or other relief as may be appropriate, including attorney's fees only if pro se Plaintiff Jerico Matias Cruz allows to be represented by a third-party law firm or independent attorney and reasonable expenses as authorized by 42 U.S. Code Section 1988.

Dated: September 2, 2022                           Respectfully Submitted by,

                                                   */s/ Jerico Matias Cruz*

Jerico Matias Cruz
5135 N Keating Ave
Chicago, IL 60630
theconsultantoo0oo@gmail.com,
or j-cruz7@neiu.edu or
jmcruz2@illinois.edu
847-906-3123
*Pro Se Litigant*

Exhibit A:
Cruz v. Cruz, No. 2021OP7670

FILED DATE: 12/30/2021 1:32 AM   2021OP76706

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, DOMESTIC RELATIONS DIVISION**

FILED
12/30/2021 1:32 AM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2021OP76706

16116235

ERLINDA MATIAS CRUZ,      )
                          )
            Plaintiff,    )
                          )                Case no.: <u>2021 OP 76706</u>
        v.                )
                          )
JERICO M. CRUZ            )                Judge Geri Pinzur-Rosenberg
                          )
            Defendant.    )
                          )

<u>*PRO SE* DEFENDANT'S MOTION TO VACATE / DISMISS THE
EMERGENCY CIVIL ORDER OF PROTECTION / PETITION</u>

NOW COMES *Pro Se* Defendant, Jerico Matias Cruz ("Cruz"), moves this court for *pro se* Defendant's motion to vacate/dismiss Plaintiff Erlinda Matias Cruz's emergency civil order of protection/petition filed on August 31, 2021 pursuant to 735 ILCS 5/2-606, 735 ILCS 5/2-610(b), 735 ILCS 5/2-612, 750 ILCS 60/103(1), (7), (9), and (10), 750 ILCS 60/212(a), 750 ILCS 60/214(b), 750 ILCS 60/217(a), 750 ILCS 60/220(a)(1), 750 ILCS 60/226, and Sections 6 and 11 of the Article I of Illinois Constitution, and in support thereof, states as follows:

**I.   BACKGROUND**

1.  This is *pro se* Defendant's motion to vacate/dismiss Plaintiff Erlinda Matias Cruz's emergency civil order of protection/petition filed on August 31, 2021 pursuant to 735 ILCS 5/2-606, 735 ILCS 5/2-610(b), 735 ILCS 5/2-612, 750 ILCS 60/103(1), (7), (9), and (10), 750 ILCS 60/212(a), 750 ILCS 60/214(b), 750 ILCS 60/217(a), 750 ILCS 60/220(a)(1), 750 ILCS 60/226, and Sections 6 and 11 of the Article I of Illinois Constitution.

2.  Plaintiff Erlinda Matias Cruz is *pro se* Defendant's biological mother; *pro se* Defendant is Plaintiff Erlinda Matias Cruz's biological son. Plaintiff Erlinda Matias Cruz and *pro se* Defendant have lived for more than twenty (20) years or currently lives at 5135 N Keating Ave, Chicago, Illinois 60630.

3.  On or about August 31, 2021, *pro se* Defendant is a 34-year-old, a single Asian-American male of Filipino American descent.[1] *Pro Se* Defendant was born in Pampanga, Philippines and raised in Chicago, Cook County, Illinois 60630. *Pro Se* Defendant is an alumni of Chicago Public Schools, both middle school and high school. In 2001, *pro se* Defendant studied and completed middle school at Lyman A. Budlong Elementary School. In 2005, *pro se* Defendant studied and completed high school diploma at the

---

[1] *See* Exhibit A: Review *pro se* Defendant's Motion to Dismiss/Vacate the Plenary Civil Order of Protection filed on September 25, 2021.

1

FILED DATE: 12/30/2021 1:32 AM    2021OP76706

Roald Amundsen High School. In 2006, *pro se* Defendant enlisted and completed United States (U.S.) Army Basic Training and *pro se* Defendant's first military occupational specialty ("MOS"), Motor Transport Operator, at the U.S. Army Transportation School. In 2009, *pro se* Defendant completed Bachelors of Art ("BA") in Economics at the Northeastern Illinois University ("NEIU"); at the same year, *pro se* Defendant also completed *pro se* Defendant's second MOS, Psychological Operations Specialist, at the U.S. Army John F. Kennedy Special Warfare Center and School. In 2011, *pro se* Defendant fulfilled and completed all Master's degree requirements between Fall 2010 and Summer 2011 for Master of Science in Policy Economics at the University of Illinois at Urbana-Champaign ("UIUC").

4. *Pro se* Defendant has no history of criminal conviction/record for the past 19 years. *Pro Se* Defendant served in the United States Army ("USA"), United States Army Reserve ("USAR") and Illinois Army National Guard ("ILARNG") between March 2006 and February 2017. As a service member of the U.S., *pro se* Defendant has no crime records and investigative files with USA between March 2006 and February 2017. *Pro Se* Defendant is not in the U.S. Federal Bureau of Investigation's ("FBI") most wanted watch list, and has no crime records and investigative files between 2001 and 2017. *Pro Se* Defendant has no crime records and investigative files with U.S. Drug Enforcement Administration ("DEA") between 2001 and 2017. *Pro Se* Defendant has no crime records and investigative files with U.S. Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") between 2001 and 2017. *Pro Se* Defendant has no crime records and investigative files with U.S. Secret Service ("Secret Service") between 2001 and 2017. *Pro Se* Defendant has no crime records and investigative files with U.S. Marshals Service ("USMS") between 2001 and 2017. *Pro Se* Defendant has no crime records and investigative files with Illinois State Police ("ISP") between 2001 and 2017. *Pro Se* Defendant has no crime records and investigative files with Cook County Sheriff's Office ("CCSO") between 2001 and 2017. *Pro Se* Defendant has no arrest records and investigative files with CPD between 2001 and 2017.

5. *Pro Se* Defendant was call upon to serve into Afghanistan between 2009 and 2010 upon receiving *pro se* Defendant's military order from 16th Psychological Operations Battalion Headquarters, Headquarters Company, also known as 16th POB HHC.[2] Please review the case files about the encounters of *pro se* Defendant with State and local law enforcement officials, *pro se* Defendant's police reports, moral character, Illinois driving records abstract, and specifically, *pro se* Defendant's military service discharge types.

6. *Pro Se* Defendant never owns a personal handgun and/or a military-grade rifle for personal use even though *pro se* Defendant serves in the United States Army for more than a decade. However, *pro se* Defendant has a history of training and firing different military-grade weapon systems, while *pro se* Defendant is still serving in the United States Army. Firing military-issued handguns and rifles are mandatory training in the United States Army.

---

[2]*See Cruz v. USA*, No. 1:21-cv-05007; *Cruz v. State of Illinois Department of Human Rights et al.,* No. 1-21-1276; *Cruz v. City of Chicago*, No. 1:20-cv-01783; *Cruz v. City of Chicago et al.*, No. 1:20-cv-07415; *Cruz v. State of Illinois et al.,* No. 1:20-cv-07767; *Cruz v. State of Illinois*, No. 1:20-cv-07659; *Jerico Matias Cruz v. City of Chicago Department of Police*, No. 2019 CH 12268.

2

7. *Pro Se* Defendant still does not own a personal handgun and/or *vis-a-vis* military-grade rifle upon receiving Plaintiff Erlinda Matias Cruz's emergency civil order of protection from Cook County Deputy Sheriffs' Hand and Romo on or about August 31, 2021.

8. *Pro Se* Defendant does not have a history of possession of firearms under the provisions of Illinois *Firearm Owners Identification Card Act (FOID),* 430 ILCS 65/1 *et seq.* and/or FOID Card from other 49 States.[3]

9. *Pro Se* Defendant does not have a history of possession of firearms under the provisions of Illinois Firearm Concealed Carry Act, 430 ILCS 66/1 *et seq.*, and Illinois Illinois Firearms Restraining Order Act, 430 ILCS 67/1 *et seq*.

10. On or about September 21, 2016, three peace officers from 17th District dispatched to *pro se* Defendant's family's home from 9-11 call originated from *pro se* Defendant's family member. *Pro Se* Defendant initiated an Illinois Freedom of Information Act (FOIA), 5 ILCS 140/1 *et seq.,* about this incident by requesting a copy of Original Case Incident Report and Case Supplementary Report. CPD responded to *pro se* Defendant's IL FOIA request file no. *P053208*, states as follows: "Your request has been reviewed by the undersigned. It has been determined that after searching our databases, using the information and parameters that you have provided, there are no records of said incident; therefore, there are no supporting documents such as video footage. Your request has generated no responsive records."

11. Three peace officers from 17th District CPD escorted *pro se* Defendant's sister's privately owned vehicle ("POV") all the way to Swedish Covenant Hospital Department of Emergency ("ED") for medical and psychiatric evaluation in accordance with *pro se* Defendant's medical history and records at the Swedish Covenant Hospital.

12. However, on or about September 14, 2020, *pro se* Defendant files a medical malpractice lawsuit, such as negligence, misdiagnosis, and excessive billing for a medical device that was never used during the two-night and three-day stays of *pro se* Defendant at the Swedish Covenant Hospital ED between September 21, 2016 and September 23, 2016.

13. Swedish Covenant Hospital ED is the actual location of the alleged incident of *pro se* Defendant's medical malpractice lawsuit that has occurred between September 21, 2016 and September 23, 2016.

14. Lutheran Social Services of Illinois is affiliated to Swedish Covenant Hospital when *pro se* Defendant's damages for injuries from medical malpractice between September 21, 2016 and September 23, 2016; both organizations collaborate at Swedish Covenant Hospital ED for mental health assessment, also known as "Project Impact".

15. Ms. Artemis Khojasteh is the licensed medical doctor ("MD") or Doctor of Osteopathy ("DO") in-charge between September 21, 2016 and September 23, 2016 at Swedish

---

[3]*See* Exhibit F: Review *pro se* Defendant's email message to State of Illinois Department of State Police Bureau of Firearms about applying for IL FOID Card.

3

Covenant Hospital ED.

16. Scarlett Maria Meyer is the licensed professional counselor ("LPC"), who works for Lutheran Social Services of Illinois between September 21, 2016 and September 23, 2016.

17. Ms. Artemis Khojasteh and Scarlett Maria Meyer petitioned and certified the involuntary admission for further psychiatric evaluation of *pro se* Defendant to Chicago Read Mental Health Center from Swedish Covenant Hospital ED on or about September 23, 2016.

18. Chicago Read Mental Health Center is the actual location of the alleged incident of *pro se* Defendant's medical malpractice lawsuit against the facility and its medical professionals, mental health providers, and mental health technicians that provided 5-day involuntary admission for psychiatric evaluation between September 23, 2016 and September 28, 2016.

19. On or about August 25, 2021, Plaintiff Erlinda Matias Cruz files a petition for emergency for civil order of protection; Honorable Judge Thomas Cushing granted Plaintiff Erlinda Matias Cruz's petition for emergency civil order of protection on or about August 31, 2021.

20. On or about August 31, 2021, Cook County Deputy Sheriffs Hand and Romo serve Plaintiff Erlinda Matias Cruz's emergency for civil order of protection in-person to *pro se* Defendant in the street of city of Chicago or in front of 5135 N Keating Ave, Chicago, Illinois 60630 or in front of Plaintiff Erlinda Matias Cruz and *pro se* Defendant's physical address for more than twenty (20) years.

21. On or about August 31, 2021, *pro se* Defendant turn all house keys to two peace officers of 17ᵗʰ District CPD who respond to *pro se* Defendant's 9-11 call prior to entering the house; and then these two peace officers from 17ᵗʰ District provide *pro se* Defendant's house keys to Plaintiff Erlinda Matias Cruz and Plaintiff Erlinda Matias Cruz's husband, *pro se* Defendant's biological father.

22. On or about August 31, 2021, *pro se* Defendant calls 9-11 for police escort to enter the house to pick up necessary personal belongings; *pro se* Defendant grabs three T-shirts and a small to medium box. Two peace officers from earlier responders from 17ᵗʰ District CPD ask *pro se* Defendant about the place that *pro se* Defendant will stay for the meantime, while Plaintiff Erlinda Matias Cruz's emergency for civil order of protection is enforceable by Honorable Judge Thomas Cushing via court order. *Pro Se* Defendant answers, "I have friends but I do not need them to get involve with my personal problems. However, I have a place to go: Jesse Brown Veterans Affairs Medical Center ("JBVAMC")." These two peace officers kindly dropped me off to JBVAMC.

23. On or about September 2, 2021, *pro se* Defendant files a motion to expedite the hearing to dismiss Plaintiff Erlinda Matias Cruz's emergency for civil order of protection;

4

Honorable Judge Geri Pinzur-Rosenberg grants *pro se* Defendant's motion to expedite the hearing to dismiss Plaintiff Erlinda Matias Cruz's emergency for civil order of protection on or about September 9, 2021 at 11:00 AM.

24. On or about September 3, 2021, *pro se* Defendant returns to *pro se* Defendant's black Honda SUV/car to pick up court documents from September 2, 2021; *pro se* Defendant needs to return to Domestic Relations Division/ Domestic Violence Division courthouse, which is currently located at 555 W Harrison St, Chicago, Illinois 60607 to specifically speak/talk to the Honorable Judge Pinzur-Rosenberg about the court order from September 2, 2021's motion hearing, such as Plaintiff Erlinda Matias Cruz's middle name is not properly spelled and court order's instructions are not properly enumerated and perhaps listed in *pro se* Defendant's court order for motion to expedite the hearing.

25. Upon returning to *pro se* Defendant's black Honda SUV/car, somebody calls 9-11 and two peace officers from 17th District CPD apprehended *pro se* Defendant, while *pro se* Defendant is inside *pro se* Defendant personal property; that is, *pro se* Defendant's black Honda SUV/car. *Pro Se* Defendant cannot move *pro se* Defendant's black Honda SUV due to theft incident happens prior to the issuance of Plaintiff Erlinda Matias Cruz's emergency for civil order of protection and a pending litigation at the Circuit Court of Cook County First Municipal District Small Claims Court between *pro se* Defendant's black SUV/car versus the other party who damages *pro se* Defendant's driver's side rear corner and ongoing criminal investigation on *pro se* Defendant's black Honda SUV/car with CPD's original case incident report and R.D. No. JE335212-Illinois Uniform Crime Reporting (IUCR) – Theft-In-Car. Plus, *pro se* Defendant cannot drive *pro se* Defendant due to violation of Illinois Vehicle Code for having one-tail light instead of two tail lights.

26. In this case, does "Terry Stop" or Section 1.14 of Illinois Criminal Procedure apply to *pro se* Defendant's arrest by Ofc. Markham and Ofc. Christopher from 17th District CPD? *Pro Se* Defendant is inside *pro se* Defendant's black SUV/car. Did *pro se* Defendant violate Plaintiff Erlinda Matias Cruz's emergency for civil order of protection based on distance? *Pro Se* Defendant's CPD original case incident report, arrest report, or R.D. No. JE359954 – IUCR- Violation of Civil Order of Protection, states that *pro se* Defendant's possible violation is distance and ***NOT* battery or assault**.

27. On or about September 3, 2021, *pro se* Defendant stays at 17th District CPD at Group Holding Room A and Ofc. Jones and Ofc. Lopez from 17th District transferred *pro se* Defendant to 16th District CPD for fingerprinting and photographing, and then 16th District CPD personnel run a search on their system if *pro se* Defendant has a pending of warrant of arrest, whether inside the vicinity of Cook County or outside the parameter of Cook County.

28. On or about September 4, 2021, *pro se* Defendant is transferred to Cook County Department of Correction ("CCDOC") or Cook County Jail from 16th District CPD for Domestic Violence's Bond Hearing. *Pro Se* Defendant's CCDOC's Inmate Number is 835557, or Booking Number 20210904013. *Pro Se* Defendant stays at CCDOC's Division #5/Tier #1. Here are the name of CCDOC's correction officers and/or other

5

officers/staffs last name: TRAUTSCH, WALLACE, SULLIVAN, METZGER, BERRY, BIRMINGHAM, ALLEN, ROBERSON, MENDOZA, AMBRIZ, WILLIAMS, WENDERSON, BEARD, CARDONE, GARCIA, CHURCHILL, STOCKDALE, MAXWELL, LASER, and MOJICA.

29. On or about September 4, 2021, *pro se* Defendant receives a D-Bond Number I0910202173215, and Bail Bond of $2000.00 or $200.00 to bail out for *People v. Cruz*, 21DV7321501.

30. On or about September 4, 2021, *pro se* Defendant tries to self-bond but the transaction between *pro se* Defendant's bank and CCDOC's cashier fail. *Pro Se* Defendant has to wait until Tuesday, September 7, 2021 for Cook County Department of Correction's operation to resume to normal operations. When CCDOC's normal operation resumes, SGT/Ofc. Berry, an African-American social worker and I went to CCDOC's office to call *pro se* Defendant's bank to verify why the transaction failed, while the funds are available on *pro se* Defendant's bank on or about September 4, 2021. *Pro Se* Defendant arrives on Saturday, September 4, 2021; on Sunday, September 5, 2021; and Labor Day, on Monday, September 6, 2021. In other words, *pro se* Defendant is detained or jailed at CCDOC for seven (7) days. *Pro Se* Defendant is photographed and fingerprinted at CCDOC. Prior to release from CCDOC, *pro se* Defendant has a medical evaluation, a mental health assessment, a human immunodeficiency virus ("HIV")/sexually transmitted diseases ("STDs") test, and urinalysis or drug test.

31. On or about September 10, 2021, *pro se* Defendant files a motion for bond rehearing or bond reduction with the help of Assistant Public Defender of Cook County Public Defenders' Office: Atty. Yvette Lopez. In addition, *pro se* Defendant has to report to pre-trial services of Cook County Social Services Department in particular with caseworker or Ofc. Adriana Guzman.

32. On or about September 10, 2021, *pro se* Defendant is taken by City of Chicago Department of Fire's Paramedic from 2700 S. California Ave, Chicago, Illinois 60608 to JBVAMC ED for complaint of dehydration, migraine headache, and dizziness.

33. On or about September 10, 2021, JBVAMC ED provides *pro se* Defendant a saline solution to rehydrate and medically examine the cause of *pro se* Defendant's dehydration and migraine headache.

34. On or about September 12, 2021, *pro se* Defendant hires a towing company to move *pro se* Defendant's black Honda SUV/car far away from the distance required by the Honorable Court stated on Plaintiff Erlinda Matias Cruz's emergency for civil order of protection to prevent another arrest for violating the distance of emergency for civil order of protection.

35. On or about September 12, 2021, *pro se* Defendant hires a company to help *pro se* Defendant to get a spare key for *pro se* Defendant's black Honda/SUV, so that *pro se* Defendant can use *pro se* Defendant's black SUV/car to get around the city of Chicago. Plus, *pro se* Defendant uses *pro se* Defendant's black SUV/car as a storage of personal

6

belongings, including sensitive documents. That is the reason why, *pro se* Plaintiff needs a spare key to prevent theft from *pro se* Defendant's black SUV/car's personal property.

36. *Pro Se* Defendant fails to appear on hearing or court date for civil order of protection of the Circuit Court of Cook County, First District, Domestic Relations Division, Branch Room 202 or via Zoom Meeting ID: 985 2811 5317, located at 555 W Harrison St, Chicago, Illinois 60607 due to conflict of schedule and priorities not listed on this motion. On or about September 21, 2021, assigned Circuit Court judge's number 2268 signed or initialed the **Default Plenary Civil Order of Protection**.

37. On or about September 21, 2021, Honorable Court enters false or incorrect race on *pro se* Defendant's default plenary civil order of protection. *Pro Se* Defendant's correct race is Asian-American in accordance with 2020 U.S. Census Bureau.

38. On or about September 24, 2021, *pro se* Defendant is scheduled to appear for *People v. Cruz*, 21DV7321501 of the Circuit Court of Cook County, Illinois, First District, Domestic Violence Division, Branch 61 Room No. 401 via Zoom Meeting ID: 989 8635 3356, located at 555 W Harrison St, Chicago, Illinois 60607. APD, atty. Yvette Lopez and *pro se* Defendant appear at 9:00 AM. Plaintiff Erlinda Matias Cruz fails to appear during the court date. Therefore, Honorable Judge Jeanne Marie Wrenn dismisses the criminal case: misdemeanor.

39. On or about September 25, 2021, *pro se* Defendant has not returned to Plaintiff Erlinda Matias Cruz's residence. Neither *pro se* Defendant's black SUV/car is parked in front of Plaintiff Erlinda Matias Cruz nor *pro se* Defendant's black SUV/car returns/stops at 5135 N Keating Ave, Chicago, Illinois 60630.

40. On or about September 25, 2021, *pro se* Defendant files a notice of motion and motion to vacate the default plenary civil order of protection.

41. On or about October 20, 2021, *pro se* Defendant's motion to vacate the **default** plenary civil order of protection is granted by Honorable Judge Geri Pinzur-Rosenberg.

42. On or about October 22, 2021, *pro se* Defendant files a notice of motion and motion to vacate the emergency order of protection.

43. On or about November 3, 2021, Honorable Court continues *pro se* Defendant's motion to vacate emergency order of protection until November 19, 2021 at 10:00 for motion and status hearing.

44. On or about November 3, 2021, *pro se* Defendant files an emergency motion to expedite the motion to vacate emergency order of protection.

45. On or about November 3, 2021, Honorable Court continues *pro se* Defendant's motion to vacate emergency order of protection until November 19, 2021 with motion and status hearing at 10:00 AM.

7

46. On or about November 19, 2021 at 10:00 AM, Honorable Court extends emergency order of protection until December 10, 2021 with status hearing at 10:00 AM.

47. On or about November 19, 2021, *pro se* Defendant files notice of motion and motion to vacate emergency order of protection.

48. On or about November 30, Honorable Court continues *pro se* Defendant's motion to vacate emergency order of protection until December 10, 2021 with motion and status hearing at 10:00 AM.

49. On or about December 10, 2021, Honorable Court denies *pro se* Defendant's motion to vacate emergency order of protection that is filed on or about November 19, 2021.

50. On or about December 10, 2021, Honorable Court extends emergency order of protection and in-person plenary hearing on or about March 10, 2022 at 2:00 PM. In addition, trial exhibits will be exchanged by March 3, 2022.

51. Plaintiff Erlinda Matias Cruz's legal counsel provides false email address on emergency order of protection and default plenary order of protection.

52. Honorable Court's orders between August 2021 and December 2021 have false email address of Plaintiff's Erlinda Matias Cruz's legal counsel.[4]

53. On or about December 27, 2021, *pro se* Defendant applies for Illinois FOID Card and sends an email message tothe State of Illinois Department of State Police Bureau of Firearms about the status of his registration.[5]

54. On or about December 27, 2021, State of Illinois Department of State Police Bureau of Firearms sends an automatic reply to *pro se* Defendant on how to check the status of his registration for applying Illinois FOID Card.[6]

## II. ARGUMENT

55. The purpose of this *pro se* Defendant's motion to vacate/dismiss Plaintiff Erlinda Matias Cruz's emergency for civil order of protection filed on August 31, 2021 pursuant to 735 ILCS 5/2-606, 735 ILCS 5/2-610(b), 735 ILCS 5/2-612, 750 ILCS 60/103(1), (7), (9), and (10), 750 ILCS 60/212(a), 750 ILCS 60/214(b), 750 ILCS 60/217(a), 750 ILCS 60/220(a)(1), 750 ILCS 60/226, and Sections 6 and 11 of the Article I of Illinois Constitution, is to verify the statements, material facts, and prima facie evidence, whether it is said/written/stated, and not hearsay based on Plaintiff Erlinda Matias Cruz's petition for order of protection.

---

[4]   *See* Exhibits B-E: Plaintiff Erlinda Matias Cruz provides false or incorrect email address.

[5]   *See* Exhibit F: Review *pro se* Defendant's email message to State of Illinois Department of State Police Bureau of Firearms about the status of his registration with IL FOID Card.

[6]   *See* Exhibit F: Review State of Illinois Department of State Police Bureau of Firearms's automatic reply to *pro se* Defendant about his pending registration for applying IL FOID Card.

8

FILED DATE: 12/30/2021 1:32 AM   2021OP76706

56. The legal question is, "Would you consider *pro se* Defendant's action a violation of civil order of protection if *pro se* Defendant's personal property is within the diameter/vicinity of Plaintiff Erlinda Matias Cruz's emergency for civil order of protection?" Another example of this legal question is, suppose Neighbor A lives next to Neighbor B, and the only distance between their dwellings is a meter, literally, since the space is limited in urban areas, specifically in the city of Chicago. Neighbor A files a petition for emergency for civil order of protection against Neighbor B from recent verbal altercation between neighbors, and Neighbor B has to stay away from Neighbor A's real property based on the distance enumerated from the civil order of protection. Neighbor B does not want to leave Neighbor B's house. Facts: Neighbor B has a bundle of rights of Neighbor B's real property. Neighbor B does not enter Neighbor A's real property. Did Neighbor B violate the emergency civil order of protection due to the distance between Neighbor A's real property and Neighbor B's real property?

57. In addition, did *pro se* Defendant violate the distance as specified in Plaintiff Erlinda Matias Cruz's emergency civil order of protection, while *pro se* Defendant is inside *pro se* Defendant's black SUV/car? As a reasonable person and/or a practitioner of the law, please remember the argument between Neighbor A and Neighbor B about the violation of order of protection: distance. Did Neighbor B violate the distance of Neighbor A's order of protection against Neighbor B? Is Neighbor B subject to a criminal arrest for violating the distance required from Neighbor A's order of protection?

58. The mechanism/process of issuing an order of protection by the Honorable Court is subject to investigation under the rule of law. The mechanism/process of issuing a civil order of protection is also subject to abuse in the system where innocent individuals like *pro se* Defendant, who is living a normal life could end up in jail or prison, or homelessness because an elected judge from the Circuit Court of Cook County fails to verify/review the statements, whether they are hearsay, true or not, material facts, and/or prima facie evidence in accordance to Illinois Rules of Evidence.

59. Illinois Code of Civil Procedure Section 2-606 requires Plaintiff Erlinda Matias Cruz to sufficiently plead with material facts and/or prima facie evidence with her petition. Plaintiff Erlinda Matias Cruz fails to provide material facts and/or prima facie evidence, such as affidavits from licensed medical professionals, as stated in Number 1: No Abuse of Plaintiff Erlinda Matias Cruz's emergency of civil order of protection, in Protections Requested by Petitioner: Part A. Personal Protection Number 1 of Plaintiff Erlinda Matias Cruz's petition for civil order of protection: Number 1, and attached exhibits from her petition like an actual police report of the alleged physical abuse and harassment, as stated in Number 1: No Abuse of Plaintiff Erlinda Matias Cruz's emergency of civil order of protection, in Protections Requested by Petitioner: Part A. Personal Protection Number 1 of Plaintiff Erlinda Matias Cruz's petition for civil order of protection: Number 1, in accordance with Illinois Rules of Evidence and Illinois Code of Civil Procedure Section 2-606, states as follows:

> "If a *claim or defense* is founded upon a written instrument, a
> copy thereof, or of so much of the same as is relevant, must be

9

attached to the pleading as an *exhibit* or recited therein, unless the pleader attaches to his or her pleading an *affidavit* stating facts showing that the instrument is not accessible to him or her. In pleading any written instrument a copy thereof may be attached to the pleading as an *exhibit.* In either case the *exhibit* constitutes a part of the pleading for all purposes..." 735 ILCS 5/2-606.

60. Illinois Code of Civil Procedure Sections 2-610(b) and 2-612 require Plaintiff Erlinda Matias Cruz to provide sufficient pleading and/or a specific pleading into Plaintiff Erlinda Matias Cruz's allegations. Plaintiff Erlinda Matias Cruz fails to specify in Plaintiff Erlinda Matias Cruz's pleading of the alleged material facts and/or prima facie evidence to logically argue with Plaintiff Erlinda Matias Cruz's statements, whether Plaintiff Erlinda Matias Cruz's statements are sufficient and specific. In other words, Plaintiff Erlinda Matias Cruz's pleading should be aligned with Plaintiff Erlinda Matias Cruz's statements, affidavits, and/or exhibits pursuant to Illinois Code of Civil Procedure Section 2-610(b), states as follows:

"Every *allegation*, except *allegations of damages*, not explicitly denied is admitted, unless the party states in his or her pleading that he or she has no knowledge thereof *sufficient to form a belief*, and attaches an *affidavit of the truth of the statement of want of knowledge*, or unless the party has had no opportunity to deny...." 735 ILCS 5/2-610(b).

61. Illinois Domestic Violence Act of 1986 Section 103 defines the following "abuses," such as "physical abuse," "harassment," "stalking," "interference with personal liberty," "willful deprivation" and other ways to define the words stated on Plaintiff Erlinda Matias Cruz's emergency for civil order of protection as mere assumptions and not based on prima facie evidence and/or material facts. Plaintiff Erlinda Matias Cruz enumerates the history of mere assumptions abuse but does not validate their assumptions based on hearsay and/or opinions with unsupported affidavits and/or exhibits of Plaintiff Erlinda Matias Cruz's petition for order of protection. In fact, there is no evidence that *pro se* Defendant initiated any type of abuse listed/enumerated on Section 103, but clearly defines the mere or probable assumptions of Plaintiff Erlinda Matias Cruz.

"Abuse means physical abuse, harassment, intimidation of a dependent, interference with personal liberty or willful deprivation...." 750 ILCS 60/103(1), (7), (9), and (10).

62. Illinois Domestic Violence Act of 1986 Section 212(a) is not one-size-fits-all expedited civil/criminal proceeding without knowing all the material facts and/or prima facie evidence in accordance with Illinois Rules of Evidence and Illinois Supreme Court Rules. This is the culprit and/or the loophole of issuance of expedited emergency for civil order of protection. **The expediency of the proceeding/issuance of an emergency for civil order of protection is helpful for "real" victims of domestic violence.**

10

FILED DATE: 12/30/2021 1:32 AM   2021OP76706

**However, the expediency of the proceeding also creates a "new" victim of domestic violence, if the Honorable Court sees the other side of the equation or a coin, then an equal protection of the law should exist to protect the vulnerable in the civil/criminal proceedings of issuance of an emergency for civil order of protection.** As a reasonable person and/or a practitioner of the law, the Honorable Court should firmly assess the expediency of Section 212(a) of the Illinois Domestic Violence Act of 1986, states as follows:

> "A petition for an *order of protection shall be treated as an expedited proceeding,* and *no court shall transfer or otherwise decline to decide all or part of such petition except as otherwise provided herein.* Nothing in this Section shall prevent the court from reserving issues when jurisdiction or notice requirements are not met...." 750 ILCS 60/212(a).

63. Illinois Domestic Violence Act of 1986 Section 214(b) and 217(a) states the remedies that are being sought by Plaintiff Erlinda Matias Cruz must have a "good cause" to grant each remedy stated on Plaintiff Erlinda Matias Cruz's emergency for civil order of protection. The enforcement of order of protection, whether in civil or criminal court shall not affect by (1) "the existence of a separate, correlative order entered under Section 112A-15 of Illinois Criminal Code" and by (2) "any finding or ordered entered in a conjoined criminal proceeding" pursuant to 725 ILCS 5/112A-23(e)(1) and (2). However, the material facts and/or prima facie evidence of either civil or criminal proceedings should dictate the matter via "right to occupancy" pursuant to 725 ILCS 5/112A-14(b)(2)(A) and "presumption or balance of hardships or remedies" pursuant to 725 ILCS 5/112A-14(b)(2)(B), 725 ILCS 5/112A-14(c)(1), 725 ILCS 5/112A-14(c)(2), 725 ILCS 5/112A-14(c)(4), and 725 ILCS 5/112A-14(d). This order of protection starts as a civil case and not criminal case. When cross-examining the material facts and/or prima facie evidence, whether civil order of protection is violated or not by *pro se* Defendant, the Honorable Court should weigh or balance the hardships to both Plaintiff Erlinda Matias Cruz and *pro se* Defendant, whether the remedy that Plaintiff Erlinda Matias Cruz is seeking, will create more economic hardships or damages to *pro se* Defendant.

> "For each remedy requested, a petitioner shall establish that there is a good cause to grant the remedy, regardless of prior service of process or of notice upon the respondent...." 750 ILCS 60/217(a)(3).

64. Illinois Domestic Violence Act of 1986 Section 220(a)(1) states that the duration of Plaintiff's Erlinda Matias Cruz's emergency for order of protection should not be less than fourteen (14) days and not exceed twenty-one (21) days.

> "Emergency orders issued under Section 217 shall be effective for not less than 14 nor more than 21 days...." 750 ILCS 60/220(a)(1).

11

FILED DATE: 12/30/2021 1:32 AM   2021OP76706

65. Illinois Domestic Violence Act of 1986 Section 226 determines the flaws of arguments or assumptions or "untrue statements" of Plaintiff Erlinda Matias Cruz's emergency for civil order of protection. In Plaintiff Erlinda Matias Cruz's emergency for civil order of protection states as follows: (1) No material facts, prima facie evidence, and/or affidavits to support Plaintiff Erlinda Matias Cruz's emergency civil order of protection and petition for civil order of protection, such as (a) CPD's police report about *pro se* Defendant's physical abuse, harassment, interference with personal liberty, stalking, and possession of firearms, as stated in Paragraphs 1 and 12 of Plaintiff Erlinda Matias Cruz's emergency for civil order of protection and in Protections Requested by Petitioner: Part A. Personal Protection Number 1, in Protections Requested by Petitioner: Part D. Firearms: Number 1 of Plaintiff Erlinda Matias Cruz's petition for civil order of protection, and (b) Medical Records and/or Reports about *pro se* Defendant's physical abuse and harassment from any private hospital, medical center, medical clinic, physician private clinic, State of Illinois publicly's funded hospital, medical center, medical clinic, and/or U.S. Government's publicly funded hospital medical center, and/or medical clinic, as stated in Number 1: No Abuse of Plaintiff Erlinda Matias Cruz's emergency of civil order of protection and in Protections Requested by Petitioner: Part A. Personal Protection Number 1 of Plaintiff Erlinda Matias Cruz's petition for civil order of protection; (2) No material facts, prima facie evidence, and/or affidavits to support Plaintiff Erlinda Matias Cruz's emergency civil order of protection and Plaintiff Erlinda Matias Cruz's petition for civil order of protection, such as (a) firearms possession pursuant to Illinois Firearm Owners Identification Card Act (FOID), 430 ILCS 65/1 *et seq.*, Illinois Firearm Concealed Carry Act, 430 ILCS 66/1 *et seq.*, and Illinois Illinois Firearms Restraining Order Act, 430 ILCS 67/1 *et seq.*, as stated in Number 12: Firearms of Plaintiff Erlinda Matias Cruz's emergency of civil order of protection and in Protections Requested by Petitioner: Part D. Firearms: Number 1 of Plaintiff Erlinda Matias Cruz's petition for civil order of protection, and (b) a history of possession or use of firearms pursuant to Illinois Firearm Owners Identification Card Act (FOID), 430 ILCS 65/1 *et seq.*, Illinois Firearm Concealed Carry Act, 430 ILCS 66/1 *et seq.*, and Illinois Illinois Firearms Restraining Order Act, 430 ILCS 67/1 *et seq.*, as stated in Number 12: Firearms of Plaintiff Erlinda Matias Cruz's emergency of civil order of protection and in Protections Requested by Petitioner: Part D. Firearms: Number 1 of Plaintiff Erlinda Matias Cruz's petition for civil order of protection.

> "*Allegations and denials, made without reasonable cause and found to be untrue, shall subject the party pleading them to the payment of reasonable expenses actually incurred by the other party by reason of the untrue pleading, together with a reasonable attorney's fee, to be summarily taxed by the court upon motion made within 30 days of the judgment or dismissal, as provided in Supreme Court Rule 137*. The court may direct that a copy of an order entered under this Section be provided to the State's Attorney so that he or she may determine whether to prosecute for perjury. This Section shall not apply to proceedings heard in Criminal Court or to criminal contempt of court proceedings, whether heard in Civil or Criminal Court."

12

FILED DATE: 12/30/2021 1:32 AM   2021OP76706

750 ILCS 60/226; Ill. Sup. Ct. R. 137.

66. Sections 6 and 11 of the Article I of Illinois Constitution protects *pro se* Defendant's State constitutional rights such that "The people shall have the right to be secure in their persons, houses, papers, and other possessions against unreasonable searches, seizures, invasions of privacy.... No warrant shall issue without probable cause, supported by affidavit particularly describing the place to be searched and the persons or things to be seized." The arrest of *pro se* Defendant inside his black Honda SUV/car, violates *pro se* Defendant's constitutional rights pursuant to Section 6 of the Article I of Illinois Constitution. Further, Plaintiff Erlinda Matias Cruz's plenary civil order of protection and now a reinstated of original emergency for civil order of rotection as a remedy for failure of *pro se* Defendant to appear on or about September 21, 2021 at 9:00 AM is in accordance with responsive law pursuant to 750 ILCS 60/210(f), but the law also allows the Honorable Court to vacate Plaintiff Erlinda Matias Cruz's plenary civil order of protection pursuant to 750 ILCS 60/224(c), which is granted on or about October 20, 2021: Seven (7) days of pro se Defendant's detention or jail time at CCDOC without being convicted of a criminal offense is not only excessive, but a violation of *pro se* Defendant's State constitutional rights under Section 11 of the Article I of the Illinois Constitution: "All penalties shall be determined both according to the seriousness of the offense and with the objective of restoring the offender to useful citizenship."

WHEREFORE, *pro se* Defendant prays to the Honorable Court to grant *pro se* Defendant's motion to vacate / dismiss Plaintiff Erlinda Matias Cruz's emergency for civil order of protection / petition filed on August 31, 2021 with prejudice and enters an order to vacate emergency of order of protection and dismiss Plaintiff Erlinda Matias Cruz's petition for order of protection.

Dated: December  30, 2021       Respectfully Submitted by,

   */s/ Jerico Matias Cruz*
Jerico Matias Cruz
5135 N Keating Ave
Chicago, Illinois 60630
theconsultantoo0oo@gmail.com or
j-cruz7@neiu.edu
(847) 906-3123
*Pro Se 99500*

Under penalties as provided by law pursuant to 735 ILCS 5/1-109 the above signed certifies that the statements set forth herein are true and correct.

13

FILED
12/30/2021 1:32 AM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2021OP76706

16116235

FILED DATE: 12/30/2021 1:32 AM    2021OP76706

# Exhibit A: Pro Se Defendant's Notice of Motion and Motion to Vacate Default Plenary Order of Protection

- Pro Se Defendant's Notice of Motion and Motion to Vacate Default Plenary Order of Protection filed on or about September 25, 2021

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, DOMESTIC RELATIONS DIVISION**

FILED
9/23/2021 12:00 AM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2021OP76706

16968233

|  |  |  |
|---|---|---|
| ERLINDA MATIAS CRUZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case no.: <u>2021 OP 76706</u> |
| v. | ) | |
| | ) | |
| JERICO M. CRUZ | ) | Judge Geri Pinzur-Rosenberg |
| | ) | |
| Defendant. | ) | |
| | ) | |

## <u>NOTICE OF MOTION</u>

**PLEASE TAKE NOTICE** that on **October 5, 2021 at 9:00 A.M.**, or as soon thereafter as counsel may be heard, I shall appear before Honorable Judge Geri Pinzur-Rosenberg, or whomever may be sitting in her stead, for Room 202, and then and there present the attached ***PRO SE* DEFENDANT'S MOTION TO MODIFY/VACATE THE PLENARY CIVIL ORDER OF PROTECTION** a copy of which is attached and served upon you.

Date: September 25, 2021

Respectfully Submitted by,
/s/ Jerico Matias Cruz
Jerico Matias Cruz
5135 N Keating Ave
Chicago, Illinois 60630
theconsultantoo0oo@gmail.com or
j-cruz7@neiu.edu
(847) 906-3123
*Pro Se* 99500

2021OP76706

## **PROOF OF SERVICE**

Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters there in stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that he verily believes the same to be true.

A copy of *pro se* Defendant's Motion and this Notice of Motion were served on the above-named parties by email or Plaintiff's last known address on Plaintiff's original complaint filed on August 31, 2021. On or about September 25, 2021 or whichever is sooner, *pro se* Defendant serves this Notice upon you.

/s/ Jerico Matias Cruz

FILED DATE: 9/23/2021 12:00 AM    2021OP76706

2021OP76706

## LIST OF DEFENDANTS' ADDRESS(ES)

1.  Erlinda Matias Cruz
    5135 N Keating Ave
    Chicago, Illinois 60630

FILED DATE: 9/23/2021 12:00 AM 2021OP76706

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, DOMESTIC RELATIONS DIVISION**

FILED
9/27/2021 12:00 AM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2021OP76706

14963177

|  |  |  |
|---|---|---|
| ERLINDA MATIAS CRUZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case no.: <u>2021 OP 76706</u> |
| v. | ) | |
| | ) | |
| JERICO M. CRUZ | ) | Judge Geri Pinzur-Rosenberg |
| | ) | |
| Defendant. | ) | |
| | ) | |

## *PRO SE* DEFENDANT'S MOTION TO MODIFY/VACATE THE PLENARY CIVIL ORDER OF PROTECTION

NOW COMES *Pro Se* Defendant, Jerico Matias Cruz ("Cruz"), moves this court for *pro se* Defendant's motion to modify/vacate Plaintiff Erlinda Matias Cruz's plenary civil order of protection pursuant to 735 ILCS 5/2-606, 735 ILCS 5/2-610(b), 735 ILCS 5/2-612, 750 ILCS 60/212(a), 750 ILCS 60/224(c), 750 ILCS 60/226, and Sections 6 and 11 of the Article I of Illinois Constitution, and in support thereof, states as follows:

### I. BACKGROUND

1. This is *pro se* Defendant's motion to modify/vacate Plaintiff Erlinda Matias Cruz's plenary civil order of protection pursuant to 735 ILCS 5/2-606, 735 ILCS 5/2-610(b), 735 ILCS 5/2-612, 750 ILCS 60/212(a), 750 ILCS 60/224(c), 750 ILCS 60/226, and Sections 6 and 11 of the Article I of Illinois Constitution.

2. FACT #1: Plaintiff Erlinda Matias Cruz is *pro se* Defendant's biological mother; *pro se* Defendant is Plaintiff Erlinda Matias Cruz's biological son.[1] Plaintiff Erlinda Matias Cruz and *pro se* Defendant have lived for more than nineteen (19) years or currently lives at 5135 N Keating Ave, Chicago, Illinois 60630.

3. FACT #2: On or about August 31, 2021, *pro se* Defendant is a 34-year-old, a single Asian-American male of Filipino American descent.[2] *Pro Se* Defendant was born in Pampanga, Philippines and raised in Chicago, Cook County, Illinois 60630. *Pro Se* Defendant is an alumni of Chicago Public Schools, both middle school and high school. In 2001, *pro se* Defendant studied and completed middle school at Lyman A. Budlong Elementary School. In 2005, *pro se* Defendant studied and completed high school diploma at Roald Amundsen High School. In 2006, *pro se* Defendant enlisted and completed United States (U.S.) Army Basic Training and *pro se* Defendant's first

---

[1] *See* Exhibit A: Review *pro se* Defendant's petition for civil order of protection's BACKGROUND INFORMATION: Number 7: Paragraph 2 (dated 2015 – Present).
[2] *See* Jerico Matias Cruz v. City of Chicago Department of Police, No. 2019CH12268.

1

2021OP76706

military occupational specialty ("MOS"), Motor Transport Operator, at the U.S. Army Transportation School. In 2009, *pro se* Defendant completed Bachelors of Art ("BA") in Economics at the Northeastern Illinois University ("NEIU"); at the same year, *pro se* Defendant also completed *pro se* Defendant's second MOS, Psychological Operations Specialist, at the U.S. Army John F. Kennedy Special Warfare Center and School. In 2011, *pro se* Defendant fulfilled and completed all Master's degree requirements between Fall 2010 and Summer 2011 for Master of Science in Policy Economics at the University of Illinois at Urbana-Champaign ("UIUC").

4.  FACT #3: *pro se* Defendant has no history of criminal conviction/record for the past 19 years.[3] *Pro Se* Defendant served in the United States Army ("USA"), United States Army Reserve ("USAR") and Illinois Army National Guard ("ILARNG") between March 2006 and February 2017. As a service member of the U.S., *pro se* Defendant has no crime records and investigative files with USA between March 2006 and February 2017. *Pro Se* Defendant is not in the U.S. Federal Bureau of Investigation's ("FBI") most wanted watch list, and has no crime records and investigative files between 2001 and 2017. *Pro Se* Defendant has no crime records and investigative files with U.S. Drug Enforcement Administration ("DEA") between 2001 and 2017. *Pro Se* Defendant has no crime records and investigative files with U.S. Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF") between 2001 and 2017. *Pro Se* Defendant has no crime records and investigative files with U.S. Secret Service ("Secret Service") between 2001 and 2017. *Pro Se* Defendant has no crime records and investigative files with U.S. Marshals Service ("USMS") between 2001 and 2017. *Pro Se* Defendant has no crime records and investigative files with Illinois State Police ("ISP") between 2001 and 2017. *Pro Se* Defendant has no crime records and investigative files with Cook County Sheriff's Office ("CCSO") between 2001 and 2017. *Pro Se* Defendant has no arrest records and investigative files with CPD between 2001 and 2017.

5.  FACT #4: *pro se* Defendant was call upon to serve into Afghanistan between 2009 and 2010 upon receiving *pro se* Defendant's military order from 16th Psychological Operations Battalion Headquarters, Headquarters Company, also known as 16th POB HHC. *See* Jerico Matias Cruz v. City of Chicago Department of Police, No. 2019 CH 12268, regarding encounters with State and local law enforcement officials, *pro se* Defendant's police reports, moral character, Illinois driving records abstract, and specifically, *pro se* Defendant's military service discharge types.

6.  FACT #5: *pro se* Defendant never owns a personal handgun and/or a military-grade rifle for personal use even though *pro se* Defendant serves in the United States Army for more than a decade. However, *pro se* Defendant has a history of training and firing different military-grade weapon systems, while *pro se* Defendant is still serving in the United States Army. Firing military-issued handguns and rifles are mandatory training in the United States Army.

7.  FACT #6: up until this moment of filing this motion to vacate the emergency order of protection, *pro se* Defendant still does not own a personal handgun and/or *vis-a-vis*

---

[3] *See* Exhibits J & K: Review *pro se* Defendant's Federal Freedom of Information Act Responses and Illinois Freedom of Information Act Responses.

2

2021OP76706

military-grade rifle.

8. FACT #7: *pro se* Defendant does not have a history of possession of firearms under the provisions of Illinois *Firearm Owners Identification Card Act (FOID),* 430 ILCS 65/1 *et seq.*[4] and/or FOID Card from other 49 States.

9. FACT #8: *pro se* Defendant does not have a history of possession of firearms under the provisions of Illinois Firearm Concealed Carry Act, 430 ILCS 66/1 *et seq.*[5], and Illinois Illinois Firearms Restraining Order Act, 430 ILCS 67/1 *et seq.*

10. FACT #9: Plaintiff Erlinda Matias Cruz (biological mother) and *pro se* Defendant (biological son) live in the same physical address for more than twenty (20) years.

11. FACT #10: On or about September 21, 2016, three peace officers from 17th District dispatched to *pro se* Plaintiff's family's home from 9-11 call originated from *pro se* Defendant's family member. *Pro Se* Defendant initiated an Illinois Freedom of Information Act (FOIA), 5 ILCS 140/1 *et seq.,* about this incident by requesting a copy of Original Case Incident Report and Case Supplementary Report. City of Chicago Department of Police, also known as Chicago Police Department ("CPD") responded to *pro se* Defendant's IL FOIA request file no. *P053208*[6], states as follows: Your request has been reviewed by the undersigned. It has been determined that after searching our databases, using the information and parameters that you have provided, there are no records of said incident; therefore, there are no supporting documents such as video footage. Your request has generated no responsive records.

12. FACT #11: Three peace officers from 17th District CPD escorted *pro se* Defendant's sister's privately owned vehicle ("POV") all the way to Swedish Covenant Hospital Department of Emergency ("ED") for medical and psychiatric evaluation in accordance with *pro se* Defendant's medical history and records at the Swedish Covenant Hospital.

13. FACT #12: However, on or about September 14, 2020, *pro se* Defendant files a medical malpractice lawsuit, such as negligence, misdiagnosis, and excessive billing for a medical device that was never used during the stay of *pro se* Defendant at Swedish Covenant Hospital ED between September 21, 2016 and September 23, 2016.[7]

14. FACT #13: Swedish Covenant Hospital ED is the actual location of the alleged incident of *pro se* Defendant's medical malpractice lawsuit that has occurred between September 21, 2016 and September 23, 2016.

15. FACT #14: Lutheran Social Services of Illinois is affiliated to Swedish Covenant Hospital when *pro se* Defendant's damages for injuries from medical malpractice

---

[4] *See* Exhibit E: Review *pro se* Defendant's LEADS Response from CPD.

[5] *See* Exhibit E: Review *pro se* Defendant's LEADS Response from CPD.

[6] *See* Exhibit C: Review *pro se* Defendant's Illinois FOIA request; CPD's Response; and medical malpractice lawsuit, Cruz v. Swedish Covenant Hospital, *et al.*, No. 2020 L 009834.

[7] *See* Exhibit D: Review *pro se* Defendant's medical malpractice lawsuit, Cruz v. Swedish Covenant Hospital, *et al.*, No. 2020 L 009834.

3

2021OP76706

between September 21, 2016 and September 23, 2016; both organizations collaborate at Swedish Covenant Hospital ED for mental health assessment, also known as "Project Impact".

16. FACT #15: Ms. Artemis Khojasteh is the licensed medical doctor ("MD") or Doctor of Osteopathy ("DO") in-charge between September 21, 2016 and September 23, 2016 at Swedish Covenant Hospital ED.

17. FACT #16: Scarlett Maria Meyer is the licensed professional counselor ("LPC"), who works for Lutheran Social Services of Illinois between September 21, 2016 and September 23, 2016.

18. FACT #17: Ms. Artemis Khojasteh and Scarlett Maria Meyer petitioned and certified the involuntary admission for further psychiatric evaluation of *pro se* Defendant to Chicago Read Mental Health Center from Swedish Covenant Hospital ED on or about September 23, 2016.

19. FACT #18: Chicago Read Mental Health Center is the actual location of the alleged incident of *pro se* Defendant's medical malpractice lawsuit against the facility and its medical professionals, mental health providers, and mental health technicians that provided 5-day involuntary admission for psychiatric evaluation between September 23, 2016 and September 28, 2016.

20. FACT #19: On or about August 25, 2021, Plaintiff Erlinda Matias Cruz files a petition for emergency for civil order of protection; Honorable Judge Thomas Cushing granted Plaintiff Erlinda Matias Cruz's petition for emergency civil order of protection.

21. FACT #20: On or about August 31, 2021, Deputy Sheriffs Hand and Romo serve Plaintiff Erlinda Matias Cruz's emergency for civil order of protection in-person to *pro se* Defendant in the street of city of Chicago or in front of 5135 N Keating Ave, Chicago, Illinois 60630 or in front of Plaintiff Erlinda Matias Cruz and *pro se* Defendant's physical address for more than nineteen (19) years.

22. FACT #21: On or about August 31, 2021, *pro se* Defendant turn all house keys to two peace officers of 17th District CPD who respond to *pro se* Defendant's 9-11 call prior to entering the house; and then these two peace officers from 17th District provide *pro se* Defendant's house keys to Plaintiff Erlinda Matias Cruz and Plaintiff Erlinda Matias Cruz's husband, *pro se* Defendant's biological father.

23. FACT #22: On or about August 31, 2021, *pro se* Defendant calls 9-11 for police escort to enter the house to pick up necessary personal belongings; *pro se* Defendant grabs three T-shirts and a small to medium box. Two peace officers from earlier responders from 17th District CPD ask *pro se* Defendant about the place that *pro se* Defendant will stay for the meantime, while Plaintiff Erlinda Matias Cruz's emergency for civil order of protection is enforceable by Honorable Judge Thomas Cushing via court order. *Pro Se* Defendant answers, "I have friends but I do not need them to get involve with my personal problems. However, I have a place to go: Jesse Brown Veterans Affairs

4

2021OP76706

Medical Center ("JBVAMC")." These two peace officers kindly dropped me off to JBVAMC.

24. FACT #23: On or about September 2, 2021, *pro se* Defendant files a motion to expedite the hearing to dismiss Plaintiff Erlinda Matias Cruz's emergency for civil order of protection; Honorable Judge Geri Pinzur-Rosenberg grants *pro se* Defendant's motion to expedite the hearing to dismiss Plaintiff Erlinda Matias Cruz's emergency for civil order of protection on or about September 9, 2021 at 11:00 AM.

25. FACT #24: On or about September 3, 2021, *pro se* Defendant returns to *pro se* Defendant's black Honda SUV/car to pick up court documents from September 2, 2021; *pro se* Defendant needs to return to Domestic Relations Division/ Domestic Violence Division courthouse, which is currently located at 555 W Harrison St, Chicago, Illinois 60607 to specifically speak/talk to the Honorable Judge Pinzur-Rosenberg about the court order from September 2, 2021's motion hearing, such as Plaintiff Erlinda Matias Cruz's middle name is not properly spelled and court order's instructions are not properly enumerated and perhaps listed in *pro se* Defendant's court order for motion to expedite the hearing.

26. FACT #25: Upon returning to *pro se* Defendant's black Honda SUV/car, somebody calls 9-11 and two peace officers from 17th District CPD apprehended *pro se* Defendant, while *pro se* Defendant is inside *pro se* Defendant personal property[8]; that is, *pro se* Defendant's black Honda SUV/car. *Pro Se* Defendant cannot move *pro se* Defendant's black Honda SUV due to theft incident happens prior to the issuance of Plaintiff Erlinda Matias Cruz's emergency for civil order of protection and a pending litigation at the Circuit Court of Cook County First Municipal District Small Claims Court between *pro se* Defendant's black SUV/car versus the other party who damages *pro se* Defendant's driver's side rear corner and ongoing criminal investigation on *pro se* Defendant's black Honda SUV/car with CPD's original case incident report and R.D. No. JE335212-Illinois Uniform Crime Reporting (IUCR) – Theft-In-Car.[9] Plus, *pro se* Defendant cannot drive *pro se* Defendant due to violation of Illinois Vehicle Code for having one-tail light instead of two tail lights.

27. The legal question is, "Would you consider *pro se* Defendant's action a violation of civil order of protection if *pro se* Defendant's personal property is within the diameter/vicinity of Plaintiff Erlinda Matias Cruz's emergency for civil order of protection?" Another example of this legal question is, suppose Neighbor A lives next to Neighbor B, and the only distance between their dwellings is a meter, literally, since the space is limited in the urban areas, specifically in the city of Chicago. Neighbor A files a petition for emergency for civil order of protection against Neighbor B from recent verbal altercation between neighbors, and Neighbor B has to stay away from Neighbor A's real property based on the distance enumerated from the civil order of protection. Neighbor B does not want to leave Neighbor B's house. Facts: Neighbor B has a bundle of rights of Neighbor B's real property. Neighbor B does not enter Neighbor A's real

---

[8] *S*ee Exhibit G: Review pro se Defendant's Violation of Civil Order of Protection and CPD Body-Worn Cam Photos.
[9] *See* Jerico Matias Cruz v. Ferdinand B. Delizo *et al.*, No. 2021-M1-012505; Exhibit I: Review *pro se* Defendant's City of Chicago Civilian Office of Police Accountability's Complaint filed on or about September 22, 2021.

5

property. Did Neighbor B violate the emergency civil order of protection due to the distance between Neighbor A's real property and Neighbor B's real property?

28. In this case, does "Terry Stop" or Section 1.14 of Illinois Criminal Procedure apply to *pro se* Defendant's arrest by Ofc. Markham and Ofc. Christopher from 17th District CPD? FACT #26: *pro se* Defendant is inside *pro se* Defendant's black SUV/car. Did *pro se* Defendant violate Plaintiff Erlinda Matias Cruz's emergency for civil order of protection based on distance? *Pro Se* Defendant's CPD original case incident report, arrest report, or R.D. No. JE359954 – IUCR- Violation of Civil Order of Protection, states that *pro se* Defendant's possible violation is distance and *NOT* Battery.[10]

29. FACT #27: On or about September 3, 2021, *pro se* Defendant stays at 17th District CPD at Group Holding Room A and Ofc. Jones and Ofc. Lopez from 17th District transferred *pro se* Defendant to 16th District CPD for fingerprinting and photographing, and then 16th District CPD personnel run a search on their system if *pro se* Defendant has a pending of warrant of arrest, whether inside the vicinity of Cook County or outside the parameter of Cook County.

30. FACT #28: On or about September 4, 2021, *pro se* Defendant is transferred to Cook County Department of Correction ("CCDOC") or Cook County Jail from 16th District CPD for Domestic Violence's Bond Hearing. *Pro Se* Defendant's CCDOC's Inmate Number is 835557, or Booking Number 20210904013.[11] *Pro Se* Defendant stays at CCDOC's Division #5/Tier #1. Here are the name of CCDOC's correction officers and/or other officers/staffs last name: TRAUTSCH, WALLACE, SULLIVAN, METZGER, BERRY, BIRMINGHAM, ALLEN, ROBERSON, MENDOZA, AMBRIZ, WILLIAMS, WENDERSON, BEARD, CARDONE, GARCIA, CHURCHILL, STOCKDALE, MAXWELL, LACER/LAZER, and MOJICA.

31. FACT #29: On or about September 4, 2021, *pro se* Defendant receives a D-Bond Number I0910202173215, and Bail Bond of $2000.00 or $200.00 to bail out for *People v. Cruz*, 21DV7321501.[12]

32. FACT #30: On or about September 4, 2021, *pro se* Defendant tries to self-bond but the transaction between *pro se* Defendant's bank and CCDOC's cashier fail. *Pro Se* Defendant has to wait until Tuesday, September 7, 2021 for Cook County Department of Correction's operation to resume to normal operations. When CCDOC's normal operation resumes, SGT/Ofc. Berry, an African-American social worker and I went to CCDOC's office to call *pro se* Defendant's bank to verify why the transaction failed, while the funds are available on *pro se* Defendant's bank on or about September 4, 2021. *Pro Se* Plaintiff arrives on Saturday, September 4, 2021; on Sunday, September 5, 2021; and Labor Day, on Monday, September 6, 2021. In other words, *pro se* Defendant is detained or jailed at CCDOC for seven (7) days. *Pro Se* Defendant is photographed and fingerprinted at CCDOC. In addition, *Pro Se* Defendant has a medical evaluation, a

---

[10] *See* Exhibit I: Review *pro se* Defendant's City of Chicago Civilian Office of Police Accountability's Complaint filed on or about September 22, 2021 and *pro se* Defendant's CPD's R.D. No. JE359954.

[11] *See* Exhibit G: Review *pro se* Defendant's CCDOC's Inmate Number and Booking Number.

[12] *See* Exhibit G: Review *pro se* Defendant's D-Bond Number or Bail Bond Number is I0910202173215 of $2,000.00.

2021OP76706

mental health assessment, a human immunodeficiency virus ("HIV")/sexually transmitted diseases ("STDs") test, and urinalysis or drug test.

33. FACT #31: On or about September 10, 2021, *pro se* Defendant files a motion for bond rehearing or bond reduction with the help of Assistant Public Defender of Cook County Public Defenders' Office: Atty: Yvette Lopez. In addition, *pro se* Defendant has to report to pre-trial services of Cook County Social Services Department in particular with caseworker or Ofc. Adriana Guzman.[13]

34. FACT #32: On or about September 10, 2021, *pro se* Defendant is taken by City of Chicago Department of Fire's Paramedic from 2700 S. California Ave, Chicago, Illinois 60608 to JBVAMC ED for complaint of dehydration, migraine headache, and dizziness.

35. FACT #33: On or about September 10, 2021, JBVAMC ED provides *pro se* Defendant a saline solution to rehydrate and medically examine the cause of *pro se* Defendant's dehydration and migraine headache.

36. FACT #34: On or about September 12, 2021, *pro se* Defendant hires a towing company to move *pro se* Defendant's black Honda SUV/car far away from the distance required by Plaintiff Erlinda Matias Cruz's emergency for civil order of protection to prevent another arrest for violating the distance of emergency for civil order of protection.[14]

37. FACT #35: On or about September 12, 2021, *pro se* Defendant hires a company to help *pro se* Defendant to get a spare key for *pro se* Defendant's black Honda/SUV, so that *pro se* Defendant can use *pro se* Defendant's black SUV/car to get around the city of Chicago. Plus, *pro se* Defendant uses *pro se* Defendant's black SUV/car as a storage of personal belongings, including sensitive documents. That is the reason why, *pro se* Plaintiff needs a spare key to prevent theft from *pro se* Defendant's black SUV/car's personal property.

38. FACT #36: *pro se* Defendant fails to appear on hearing or court date for civil order of protection of the Circuit Court of Cook County, First District, Domestic Relations Division, Branch Room 202 or via Zoom Meeting ID: 985 2811 5317, located at 555 W Harrison St, Chicago, Illinois 60607 due to conflict of schedule and priorities not listed on this motion. On or about September 21, 2021, assigned Circuit Court judge's number 2268 signed or initialed the Default Plenary Civil Order of Protection.

39. FACT #37: On or about September 24, 2021, *pro se* Defendant is scheduled to appear for *People v. Cruz*, 21DV7321501 of the Circuit Court of Cook County, Illinois, First District, Domestic Violence Division, Branch 61 Room No. 401 via Zoom Meeting ID: 989 8635 3356, located at 555 W Harrison St, Chicago, Illinois 60607. APD, atty. Yvette and *pro se* Defendant appear at 9:00 AM. Plaintiff fails to appear during the court date, and so, Honorable Judge Jeanne Marie Wrenn dismisses the criminal case: misdemeanor.

---

[13] *See* Exhibit G: Review *pro se* Defendant's Order for Special Conditions of Bail.
[14] *See* Exhibit H: Review *pro se* Defendant's Towing Company's payment receipt of $65.00.

2021OP76706

40. FACT #38: On or about September 25, 2021, *pro se* Defendant has not returned to Plaintiff Erlinda Matias Cruz's residence. Neither *pro se* Defendant's black SUV/car is parked in front of Plaintiff Erlinda Matias Cruz nor *pro se* Defendant's black SUV/car returns/stops at 5135 N Keating Ave, Chicago, Illinois 60630.

## II. ARGUMENT

41. The purpose of this *pro se* Defendant's motion to modify/vacate Plaintiff Erlinda Matias Cruz's *emergency for civil order of protection*[15] pursuant to 735 ILCS 5/2-606, 735 ILCS 5/2-610(b), 735 ILCS 5/2-612, 750 ILCS 60/212(a), 750 ILCS 60/224(c), 750 ILCS 60/226, and Sections 6 and 11 of the Article I of Illinois Constitution, is to verify the statements, material facts, and prima facie evidence, whether it is said/written/stated, and not hearsay based on Plaintiff Erlinda Matias Cruz's petition for order of protection.

42. The mechanism/process of issuing an order of protection by the Honorable Court is subject to investigation under the rule of law. The mechanism/process of issuing an civil order of protection is also subject to abuse in the system where innocent individuals like *pro se* Defendant, who is living a normal life could end up in jail or prison, or homelessness because an elected judge from the Circuit Court of Cook County fails to verify/review the statements, whether they are hearsay, true or not, material facts, and/or prima facie evidence in accordance to Illinois Rules of Evidence.

43. Illinois Code of Civil Procedure Section 2-606 requires Plaintiff Erlinda Matias Cruz to sufficiently pleads with material facts and/or prima facie evidence with her petition. Plaintiff Erlinda Matias Cruz fails to provide material facts and/or prima facie evidence, such as affidavits from licensed medical professionals, as stated in Number 1: No Abuse of Plaintiff Erlinda Matias Cruz's emergency of civil order of protection, in Protections Requested by Petitioner: Part A. Personal Protection Number 1 of Plaintiff Erlinda Matias Cruz's petition for civil order of protection, and Plaintiff Erlinda Matias Cruz's plenary civil order of protection: Number 1, and attached exhibits from her petition like an actual police report of the alleged physical abuse and harassment, as stated in Number 1: No Abuse of Plaintiff Erlinda Matias Cruz's emergency of civil order of protection, in Protections Requested by Petitioner: Part A. Personal Protection Number 1 of Plaintiff Erlinda Matias Cruz's petition for civil order of protection, and Plaintiff Erlinda Matias Cruz's plenary civil order of protection: Number 1, in accordance with Illinois Rules of Evidence and Illinois Code of Civil Procedure Section 2-606, states as follows:

> "If a *claim or defense* is founded upon a written instrument, a
> copy thereof, or of so much of the same as is relevant, must be
> attached to the pleading as an *exhibit* or recited therein, unless
> the pleader attaches to his or her pleading an *affidavit* stating
> facts showing that the instrument is not accessible to him or her.
> In pleading any written instrument a copy thereof may be
> attached to the pleading as an *exhibit.* In either case the *exhibit*

---

[15] *See* Exhibits A & B: Review Plaintiff Erlinda Matias Cruz's emergency order of protection against *pro se* Defendant.

2021OP76706

constitutes a part of the pleading for all purposes..." 735 ILCS 5/2-606.

44. Illinois Code of Civil Procedure Sections 2-610(b) and 2-612 require Plaintiff Erlinda Matias Cruz to provide sufficient pleading and/or a specific pleading into Plaintiff Erlinda Matias Cruz's allegations. Plaintiff Erlinda Matias Cruz fails to specify in Plaintiff Erlinda Matias Cruz's pleading of the alleged material facts and/or prima facie evidence to logically argue with Plaintiff Erlinda Matias Cruz's statements, whether Plaintiff Erlinda Matias Cruz's statements are sufficient and specific. In other words, Plaintiff Erlinda Matias Cruz's pleading should be aligned with Plaintiff Erlinda Matias Cruz's statements, affidavits, and/or exhibits pursuant to Illinois Code of Civil Procedure Section 2-610(b), states as follows:

> "Every *allegation*, except *allegations of damages*, not explicitly denied is admitted, unless the party states in his or her pleading that he or she has no knowledge thereof *sufficient to form a belief*, and attaches an *affidavit of the truth of the statement of want of knowledge*, or unless the party has had no opportunity to deny...." 735 ILCS 5/2-610(b).

45. Illinois Domestic Violence Act of 1986 Section 212(a) is not one-size-fits-all expedited civil/criminal proceeding without knowing all the material facts and/or prima facie evidence in accordance with Illinois Rules of Evidence and Illinois Supreme Court Rules. This is the culprit and/or the loophole of issuance of expedited emergency for civil order of protection. The expediency of the proceeding/issuance of an emergency for civil order of protection is helpful for "real" victims of domestic violence. However, the expediency of the proceeding also creates a "new" victim of domestic violence, if the Honorable Court sees the other side of the equation or a coin, then an equal protection of the law should exist to protect the vulnerable in the civil/criminal proceedings of issuance of an emergency for civil order of protection. As a reasonable person and/or a practitioner of the law, the Honorable Court should firmly assess the expediency of Section 212(a) of the Illinois Domestic Violence Act of 1986, states as follows:

> "A petition for an *order of protection shall be treated as an expedited proceeding,* and *no court shall transfer or otherwise decline to decide all or part of such petition except as otherwise provided herein.* Nothing in this Section shall prevent the court from reserving issues when jurisdiction or notice requirements are not met...." 750 ILCS 60/212(a).

46. Illinois Domestic Violence Act of 1986 Section 224(c) states that the Honorable Court is allowed to modify Plaintiff Erlinda Matias Cruz's plenary civil order of protection in accordance to responsive and applicable Illinois laws, material facts, and/or prima facie evidence such that Plaintiff Erlinda Matias Cruz's plenary civil order of protection is subject to modification of its terms as it is previously entered. In this case, *pro se* Defendant's criminal misdemeanor case is dismissed. The enforcement of order of

9

2021OP76706

protection, whether in civil or criminal court shall not affect by (1) "the existence of a separate, correlative order entered under Section 112A-15 of Illinois Criminal Code" and by (2) "any finding or ordered entered in a conjoined criminal proceeding" pursuant to 725 ILCS 5/112A-23(e)(1) and (2). However, the material facts and/or prima facie evidence of either civil or criminal proceedings should dictate the matter via "right to occupancy" pursuant to 725 ILCS 5/112A-14(b)(2)(A) and "presumption or balance of hardships or remedies" pursuant to 725 ILCS 5/112A-14(b)(2)(B), 725 ILCS 5/112A-14(c)(1), 725 ILCS 5/112A-14(c)(2), 725 ILCS 5/112A-14(c)(4), and 725 ILCS 5/112A-14(d). This order of protection starts as a civil case and not criminal case. When cross-examining the material facts and/or prima facie evidence, whether civil order of protection is violated or not by *pro se* Defendant, Honorable Court should weigh or balance the hardships to both Plaintiff Erlinda Matias Cruz and *pro se* Defendant, whether the remedy that Plaintiff is seeking, will create more economic hardships or damages to *pro se* Plaintiff.

> *"After 30 days following entry of a plenary order of protection,*
> a court may modify that order only when changes in the
> applicable law or facts since that plenary order was entered
> warrant a modification of its terms." 750 ILCS 60/224(c).

47. Illinois Domestic Violence Act of 1986 Section 226 determines the flaws of arguments or assumptions or "untrue statements" of Plaintiff Erlinda Matias Cruz's emergency civil order of protection and now the Plaintiff Erlinda Matias Cruz's plenary civil order of protection. In Plaintiff Erlinda Matias Cruz's emergency civil order of protection states as follows: (1) No material facts, prima facie evidence, and/or affidavits to support Plaintiff Erlinda Matias Cruz's emergency civil order of protection and petition for civil order of protection, such as (a) CPD's police report about the *pro se* Defendant's physical abuse, harassment, interference with personal liberty, stalking, and possession of firearms, as stated in Paragraphs 1 and 12 of Plaintiff Erlinda Matias Cruz's emergency of civil order of protection and in Protections Requested by Petitioner: Part A. Personal Protection Number 1, in Protections Requested by Petitioner: Part D. Firearms: Number 1 of Plaintiff Erlinda Matias Cruz's petition for civil order of protection, and Plaintiff Erlinda Matias Cruz's plenary civil order of protection: Number 1, and (b) Medical Records and/or Reports about *pro se* Defendant's physical abuse and harassment from any private hospital, medical center, medical clinic, physician private clinic, State of Illinois publicly's funded hospital, medical center, medical clinic, and/or U.S. Government's publicly funded hospital medical center, and/or medical clinic, as stated in Number 1: No Abuse of Plaintiff Erlinda Matias Cruz's emergency of civil order of protection and in Protections Requested by Petitioner: Part A. Personal Protection Number 1 of Plaintiff Erlinda Matias Cruz's petition for civil order of protection; (2) No material facts, prima facie evidence, and/or affidavits to support Plaintiff Erlinda Matias Cruz's emergency civil order of protection and Plaintiff Erlinda Matias Cruz's petition for civil order of protection, such as (a) firearms possession pursuant to Illinois Firearm Owners Identification Card Act (FOID), 430 ILCS 65/1 *et seq.*, Illinois Firearm Concealed Carry Act, 430 ILCS 66/1 *et seq.*, and Illinois Illinois Firearms Restraining Order Act, 430 ILCS 67/1 *et seq.*, as stated in Number 12: Firearms of Plaintiff Erlinda Matias Cruz's emergency of civil order of protection and in

10

2021OP76706

Protections Requested by Petitioner: Part D. Firearms: Number 1 of Plaintiff Erlinda Matias Cruz's petition for civil order of protection, and (b) a history of possession or use of firearms pursuant to Illinois Firearm Owners Identification Card Act (FOID), 430 ILCS 65/1 *et seq.*, Illinois Firearm Concealed Carry Act, 430 ILCS 66/1 *et seq.*, and Illinois Illinois Firearms Restraining Order Act, 430 ILCS 67/1 *et seq.*, as stated in Number 12: Firearms of Plaintiff Erlinda Matias Cruz's emergency of civil order of protection and in Protections Requested by Petitioner: Part D. Firearms: Number 1 of Plaintiff Erlinda Matias Cruz's petition for civil order of protection.

> "*Allegations and denials, made without reasonable cause and found to be untrue, shall subject the party pleading them to the payment of reasonable expenses actually incurred by the other party by reason of the untrue pleading, together with a reasonable attorney's fee, to be summarily taxed by the court upon motion made within 30 days of the judgment or dismissal, as provided in Supreme Court Rule 137*. The court may direct that a copy of an order entered under this Section be provided to the State's Attorney so that he or she may determine whether to prosecute for perjury. This Section shall not apply to proceedings heard in Criminal Court or to criminal contempt of court proceedings, whether heard in Civil or Criminal Court."
> 750 ILCS 60/226; Ill. Sup. Ct. R. 137.

48. Sections 6 and 11 of the Article I of Illinois Constitution protects *pro se* Defendant's State constitutional rights such that "The people shall have the right to be secure in their persons, houses, papers, and other possessions against unreasonable searches, seizures, invasions of privacy.... No warrant shall issue without probable cause, supported by affidavit particularly describing the place to be searched and the persons or things to be seized." Plaintiff Erlinda Matias Cruz's plenary civil order of protection: Number 11 and also the arrest of *pro se* Defendant inside his black Honda SUV/car, violates *pro se* Defendant's constitutional rights pursuant to Section 6 of the Article I of Illinois Constitution. Further, Plaintiff Erlinda Matias Cruz's plenary civil order of protection as a remedy for failure of *pro se* Defendant to appear on or about September 21, 2021 at 9:00 AM is in accordance with responsive law pursuant to 750 ILCS 60/210(f), but the law also allows the Honorable Court to modify Plaintiff Erlinda Matias Cruz's plenary civil order of protection pursuant to 750 ILCS 60/224(c): Seven (7) days of pro se Defendant's detention or jail time at CCDOC without being convicted of a criminal offense is not only excessive, but a violation of *pro se* Defendant's State constitutional rights under Section 11 of the Article I of the Illinois Constitution: "All penalties shall be determined both according to the seriousness of the offense and with the objective of restoring the offender to useful citizenship."

WHEREFORE, *pro se* Defendant prays to the Honorable Court to grant *pro se* Defendant's motion to vacate Plaintiff Erlinda Matias Cruz's plenary civil order of protection with prejudice pursuant to 735 ILCS 5/2-606, 735 ILCS 5/2-610(b), 735 ILCS 5/2-612, 750 ILCS 60/212(a), 750 ILCS 60/224(c), 750 ILCS 60/226, and Sections 6 and 11 of the Article I of Illinois Constitution, and enter an order granting *pro se* Defendant to return to the house in less than fourteen (14) business/court days because *pro se*

11

2021OP76706

Defendant's bills need to be paid, mails and other documents that require immediate attention needs to be processed, or whichever is sooner of what a reasonable person would do to stop the abuse/unlawful/unconstitutional of this emergency order of protection. In addition, seven (7) days of detention/jail time/incarceration without being convicted for a non-violent violation/crime, no prior history of criminal conviction at the CCDOC is enough punishment for possible violation of Plaintiff Erlinda Matias Cruz's emergency civil order of protection for non-violent violation/crime. The only legal question is, did *pro se* Defendant violate the distance as specified in Plaintiff Erlinda Matias Cruz's emergency civil order of protection and/or plenary of civil order of protection while *pro se* Defendant is inside *pro se* Defendant's black SUV/car? As a reasonable person and/or a practitioner of the law, please remember the argument between Neighbor A and Neighbor B about the violation of order of protection: distance. Did Neighbor B violate the distance of Neighbor A's order of protection against Neighbor B? Is Neighbor B subject to a criminal arrest for violating the distance required from Neighbor A's order of protection?

Date: September 25, 2021          Respectfully Submitted by,

 /s/ Jerico Matias Cruz
Jerico Matias Cruz
5135 N Keating Ave
Chicago, Illinois 60630
theconsultantoo0oo@gmail.com or
j-cruz7@neiu.edu
(847) 906-3123
*Pro Se 99500*

Under penalties as provided by law pursuant to 735 ILCS 5/1-109 the above signed certifies that the statements set forth herein are true and correct.

12

FILED
9/27/2021 12:00 AM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2021OP76706
Calendar, 72

# Exhibit A: Petition for Order of Protection

- Petition for Order of Protection

**Domestic Violence Cover Sheet**　　　　　　　　　　　(Rev. 11/06/13) CCDV 0601

8/25/2021 3:07 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2021OP76706
Calendar, 72
14577509

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, DOMESTIC RELATIONS DIVISION

IN RE

Erlinda Matias Cruz

　　　　　　　　　　　　　　　　　　　**Petitioner**

and

Jerico . Cruz

　　　　　　　　　　　　　　　　　　　**Respondent**

No. _____

2021OP76706

Calendar _____

### DOMESTIC VIOLENCE COVER SHEET

A Domestic Violence Cover Sheet shall accompany the initial pleading in all actions filed in the Domestic Relations Division. The information contained herein is for administrative purposes only and shall not be introduced into evidence. Please check the box designating the category which best describes the action to be filed.

### GENERAL PROCEEDINGS

A　0007　☑ Petition for Independent Order of Protection

B　0012　☐ Petition for Stalking No Contact Order

C　0008　☐ Petition for Civil No Contact Order

D　0085　☐ Petition to Register Foreign Judgment

FILED
9/27/2021 12:00 AM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2021OP76706
Calendar, 72

　　　　0100　　0101　　　　　　　　　　　　　　　　　　0104　　0105

This action ☐ does/☑ does not involve a minor child or children. The parties ☐ have /☑ have not previously

　　　　　　0106　　0107

filed a divorce or ☐ have /☐ have not filed a parentage action between them. In the event the parties have

previously filed a prior action the action was filed on _____, _____ and assigned case

number _____ and initially assigned to Judge _____.

By: _____

☑ Atty. No.: 38871　　　☑ Pro Se 99500

Name: Matthew J. Medina

Atty. for: Petitioner

Address: 901 Illinois Ave.

City/State/Zip Code: St. Charles, IL 60174

Telephone: 630-973-0041

**Service via email from opposing party/counsel will be accepted at:**

_____

by consent pursuant to Ill. Sup. Court Rules 11 and 131.

**Pro Se Only:** ☐ I have read and agree to the terms of the *Clerk's Office Electronic Notice Policy* and choose to opt in to electronic notice from the Clerk's office for this case at this email address:

_____

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

This form is approved by the Illinois Supreme Court and is required to be accepted in all Illinois Circuit Courts.

| STATE OF ILLINOIS CIRCUIT COURT COOK COUNTY | PETITION FOR ORDER OF PROTECTION | 2021OP76706 Case Number |
|---|---|---|

**FILED DATE: 9/23/2021 12:00 AM 2021OP76706**

| **Instructions ▼** | |
|---|---|
| Directly above, enter the name of county where you will file the case. | **Petitioner:** Erlinda Matias Cruz |
| | *(First, middle, last name)* |
| Enter your name as Petitioner. | People to be Protected by this *Order (check all that apply):* |
| | ☒ Petitioner |
| Check the boxes for **ALL** people you want to include in the *Order*. | ☐ Petitioner's minor children with Respondent: |
| On the lines provided, enter the name for each person you are trying to protect. "Other household members" includes people living with you or working where you are staying. | ☐ Petitioner's minor children not related to Respondent: |
| | ☐ Dependent adult: |
| | ☐ High risk adult: |
| | ☐ Other household members: |
| Enter name of the person you are seeking protection from as Respondent. | **v.** |
| The Circuit Clerk will add a Case Number. | **Respondent** Jerico M. Cruz |
| | *(First, middle, last name)* |

**For Court Use Only**

☒ Independent
☐ Criminal
☐ Juvenile
☐ Other Civil Proceeding

FILED
8/25/2021 3:07 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2021OP76706
Calendar, 72

FILED
AUG 31 2021
CLERK IRIS Y. MARTINEZ
OF CIRCUIT COURT

| **NOTE:** | If you are completing this form for a minor child, dependent adult, or high risk adult, insert information needed below as if you were that person. In other words, do not use your information, except as directed at the bottom of page 10 where you will sign this form. |
|---|---|

| Check 1 if you want an *Order of Protection* right now. Check 2 if you want a court date to come back and ask for your *Order*. Respondent will get notice and a copy of this *Petition* before the hearing if you check 2. | **TYPE OF *ORDER OF PROTECTION* REQUESTED AGAINST RESPONDENT** |
|---|---|
| | ☒ 1. *Emergency Order of Protection* without giving advance written notice to Respondent because advance notice would cause more abuse. |
| | ☐ 2. *Order of Protection,* but not an emergency order. |
| In 1, enter the address where you want to receive Court notices. If you do not want Respondent to know where you live-enter a different address where you can get mail. | **BACKGROUND INFORMATION** |
| | 1. ☐ If Respondent should not know household address because it may cause more abuse. Use this address for Court notices: |

|  Street Address, Apt # | City | State | ZIP |
|---|---|---|---|
| Email | | | |

OR

☒ Respondent knows household address and it is:

| 5135 N. Keating Ave | Chicago | FL | 60630 |
|---|---|---|---|
| Street Address, Apt # | City | State | ZIP |

| By adding your email, you agree to receive court documents by email. | Email |
|---|---|

2021OP76706

Enter the Case Number given by the Circuit Clerk: _____

| | |
|---|---|
| **In 2, if you do not know Respondent's date of birth or Respondent's home or work address, write "do not know."** | **2. Respondent's Information**<br>Respondent's date of birth: **6-14-1987**<br>Respondent's home address: **5135 N. Keating Ave, IL 60630** Chicago<br><span style="font-size:small">Street Address, Apt #    City    State    ZIP</span><br>Respondent's work information:<br>**Not Known**<br><span style="font-size:small">Employer    Street Address    City    State    ZIP</span> |

FILED DATE: 9/23/2021 12:00 AM 2021OP76706

**In 3, check all the boxes that describe your relationship to Respondent.**

**3. Petitioner's Relationship to Respondent** *(check all that apply)*

- [ ] Boyfriend / Girlfriend (including ex) (BG)
- [ ] Spouse (SE)
- [ ] Ex-Spouse (XS)
- [ ] Have Children with Respondent (never married to Respondent) (CC)
- [ ] Sharing or Shared Home (CS)
- [ ] Child (CH)
- [x] Parent (PA)
- [ ] Brother or Sister (SB)
- [ ] Other Family Member (OF)
- [ ] Other – Petitioner not Related to Respondent (OT)
- [ ] In-law (IL)
- [ ] Personal Caregiver to Disabled Petitioner (PC)
- [ ] Petitioner with Disability (PD)
- [ ] Personal Assistant of Petitioner (PR)
- [ ] Grandchild (GC)
- [ ] Grandparent (GP)
- [ ] Step-Child (SC)
- [ ] Step-Brother or Step-Sister (SS)
- [ ] Prospective or Adoptive Child has Family or Household Relationship with Respondent
- [ ] Foster Child has Family or Household Relationship with Respondent
- [ ] Legally Appointed Guardian or Custodian of a Child who has a Family or Household Relationship with Respondent
- [ ] Step-Parent (SP)

**Answer Sections 4 and 5 the best you can. If you check 'yes' but do not know some of the information asked for, then write "do not know."**

**4.** Is there now, or has there ever been, another *Order of Protection* entered against Respondent involving Petitioner? [ ] Yes [ ] No [x] Do not know

**If yes, list information about the cases:**

| Names of People Involved | State & County | Year |
|---|---|---|
| | | |
| | | |

**In 4 or 5 if you need more room, check the box, fill out the *Additional Case Information* form and file it with this *Petition*.**

- [ ] I have listed additional case information on the *Additional Case Information* form.

**In 5, list all other types of court cases that you have been involved in with Respondent, such as divorce, custody, child support, paternity, parenting time, guardianship, adoption, and abuse and neglect cases.**

**5.** Is there now, or has there ever been, another court case with Respondent involving Petitioner? [ ] Yes [ ] No [x] Do not know If yes, list information about the cases:

| Type of Case | State & County | Year |
|---|---|---|
| | | |
| | | |

- [ ] I have listed additional case information on the *Additional Case Information* form.

**In 6, check all boxes that are true.**

**6.** This *Petition* may be filed in this county because *(check all that apply)*:

- [x] Petitioner resides here.
- [x] Respondent resides here.
- [x] The abuse happened here.
- [ ] Petitioner fled here to avoid abuse.

2021OP76706

In 7, start with what happened most recently. Enter the date and time and describe what happened.

Be as specific about dates and times as you can. You can include any past abuse and any criminal convictions that resulted.

If you don't remember exact dates of things that happened long ago, just enter the month and year.

**7.** An *Order of Protection* is needed because Respondent did these things:

Date: 8-22-21     Time: 10 AM     What happened: _____

I was at home doing my Exercise around 10 AM. I accidentally touched Respondent's eye glasses. Respondent became Enraged and Kicked me in my stomach and Swore at me and Verbally Absed me.

Date: 2015     Time: Present     What happened: _____

Respondent is my son. He is 34 years old. He has lived with me and my family at 5135 N. Keating Ave, Chicago for 20 years. Ever Since he returned from Deployment he has become increasingly dangerous, Erratic and abusive, first verbally, Now he has become physically abusive

Date: _____     Time: Present     What happened: _____

Based on my son's escalating abuse And his Erratic behavior brought on by PTSD I fear for my safety And the safety of my family

Date: _____     Time: _____     What happened: _____

OP-P 403.3                Page 3 of 11                (11/19)

Enter the Case Number given by the Circuit Clerk: 2021OP76706

FILED DATE: 9/23/2021 12:00 AM   2021OP76706

If you need more room, fill out the *Additional Incidents of Abuse* form or your own extra pages and file it with this *Petition.*

☐ I have attached the *Additional Incidents of Abuse* form or my own extra pages.

## PROTECTIONS REQUESTED BY PETITIONER

### Part A. PERSONAL PROTECTION

In A1, check box 1 and each box below for each type of abuse you want to prevent. If you are unsure what the words after the boxes mean, you can look at definitions on the last page of this form.

☒ 1.   No Abuse
Respondent be ordered not to threaten or commit the following acts of abuse towards Petitioner (*check all that apply*):

☒ Harassment ☐ Intimidation of a Dependent
☒ Physical Abuse ☐ Exploitation of a High Risk Adult with Disabilities
☒ Stalking ☐ Neglect of a High Risk Adult with Disabilities
☐ Willful Deprivation ☒ Interference with Personal Liberty

In A2, read the information in the box below and make sure that is what you want. If so, check box 2 and each box below that applies.

☒ 2.   No Contact with Petitioner (*see box below*)
Respondent be ordered to (*check all that apply*):
☒ Not have any communication with Petitioner.
☒ Stay away from Petitioner at all times.

**IMPORTANT:** If ordered to stay away from Petitioner, Respondent must not have ANY physical, non-physical, direct or indirect contact with Petitioner. If ordered to not communicate with Petitioner, communication includes oral communication, written communication, sign language, telephone and cell phone calls, faxes, texts, tweets, emails, posts, or communication by any other social media, and all other communication with Petitioner. This also includes contact or communication through others who may not know about the *Order of Protection.*

In A3, check if you want Respondent to stay away from places you need to go.

Check the boxes next to each kind of place you want Respondent to stay away from. List the correct address for each place.

**NOTE:** Respondent will see these addresses.

☒ 3.   Stay Away from Certain Places
Respondent be ordered not to be or stay at any of these places while Petitioner is there:
(*check all that apply*)

☐ Residence located at: 5135 N, Keating Ave Chicago IL 60630
_Street Address, Apt #_      _City_      _State_      _Zip_

☐ Places of employment of Petitioner, located at:

| Name | Street Address | City | State | Zip |
|---|---|---|---|---|
|  |  |  |  |  |
| _Name_ | _Street Address_ | _City_ | _State_ | _Zip_ |
|  |  |  |  |  |
| _Name_ | _Street Address_ | _City_ | _State_ | _Zip_ |

☐ Schools, kindergartens, or daycare centers of Petitioner, located at:

| Name | Street Address | City | State | Zip |
|---|---|---|---|---|
|  |  |  |  |  |
| _Name_ | _Street Address_ | _City_ | _State_ | _Zip_ |
|  |  |  |  |  |
| _Name_ | _Street Address_ | _City_ | _State_ | _Zip_ |

☐ Other locations:

| Name | Street Address | City | State | Zip |
|---|---|---|---|---|
|  |  |  |  |  |
| _Name_ | _Street Address_ | _City_ | _State_ | _Zip_ |
|  |  |  |  |  |
| _Name_ | _Street Address_ | _City_ | _State_ | _Zip_ |

2021OP76706

Enter the Case Number given by the Circuit Clerk: _____

| | |
|---|---|
| In B, check B1 if you want Respondent to stay away from your home or provide alternative housing. | **PART B. PROPERTY** |

**PART B. PROPERTY**

These remedies do not affect who owns the property, only who gets to use or occupy it.

☒ 1. Residence of Petitioner *(check only a, b, or c)*

   ☒ a. Exclusive Possession of Residence

Petitioner be granted exclusive possession of the residence and Respondent be ordered

not to be or stay at this residence located at:

5135 N. Keating Ave   Chicago   FL   60630

Street Address. Apt #          City        State    Zip

BECAUSE *(check one):*

   ☒ Petitioner has a right to occupy the residence and Respondent has no right; OR

   ☐ Petitioner and Respondent both have a right to occupy the residence but it would

     be harder on Petitioner to leave.

☐ b. Alternate Housing

   Respondent be ordered to provide a different place for Petitioner to live because the

   parties share a residence.

☐ c. No Entry or Presence Under Influence

   Respondent be ordered not to be or stay at Petitioner's residence while under the

   influence of drugs or alcohol. This would be a threat to the safety or well-being of

   Petitioner or Petitioner's children.

☐ 2. Possession of Personal Property *(check all that apply)*

   ☐ a. Petitioner be awarded possession of this property:

   _____

   _____

   _____

   ☐ b. Respondent be ordered to give Petitioner this property:

   _____

   _____

   _____

   BECAUSE *(check all that apply):*

   ☐ Petitioner, but not Respondent, owns the property.

   ☐ Petitioner and Respondent both own the property. Sharing it would put Petitioner

     at risk for abuse, or is not practical. Not having the property would be harder

     on Petitioner.

   ☐ The parties are married and a divorce case ☐ has ☐ has not been filed.

   ☒ c. Respondent be awarded possession of: ☒ clothing, ☒ medicine, AND/OR

   ☐ other personal property *(list):*

   _____

   ☒ d. Respondent be given the right to enter the residence once to retrieve their

   property, but only in the presence of law enforcement or another person.

☐ 3. Transfer of Personal Property

Property to be transferred at:

5135 N. Keating Ave   Chicago   FL   60630

Street Address, Apt #       City      State    ZIP

**Margin text:**

In B1a, check if you want Respondent to stay away from the place you are living at all times.

If you did not list your actual address on page 1, write "PROTECTED ADDRESS" instead.

Then check a reason why Respondent should not be allowed to be or stay at the place you are living.

In B1b, check if you live with Respondent and you want them to provide you with a different place to live.

In B1c, check if you want Respondent to be allowed at your place only when sober.

In B2, check if you want your things protected from Respondent. Check B2a, then list things you want to keep.

Check B2b if Respondent has some or all of the property you listed in B2a. List the things you want back. Check all boxes below that list which apply to your case.

In B2c, check if you have things that Respondent may need immediately. Then check the boxes that fit your case and list any other items.

In B2d, check if Respondent can enter the residence once to get their things.

Check B3 if you checked B2b or B2c. Enter the address where you want the transfer to happen.

2021OP76706

FILED DATE: 9/23/2021 12:00 AM 2021OP76706

Enter the Case Number given by the Circuit Clerk: _____

<table>
<tr><td>In B3, check who you want to be there when it happens and enter that person's name. It may be safer if the transfer is in the presence of a law enforcement officer.</td></tr>
<tr><td>Enter the date and time you want to transfer these things.</td></tr>
<tr><td>In B4, check if you checked B1 or B2 above. Use the blank lines to add anything you want protected.</td></tr>
<tr><td>Then, check all the boxes below the lines that apply to your case.</td></tr>
<tr><td>In B5, check to stop Respondent from using an elderly person's money or property for themselves.</td></tr>
<tr><td>In B6, check to protect your pets from Respondent.</td></tr>
<tr><td>In B7, check if you are on Respondent's cell phone plan and you want to separate your account. Enter the provider name and telephone numbers.</td></tr>
<tr><td>In C, if Respondent attends the same school as Petitioner, check this box and enter the school. Then check the box that applies to your case.</td></tr>
<tr><td>In D1, check if you want to ask for guns to be taken away and Respondent is a current intimate partner of Petitioner and represents a threat to the physical safety of Petitioner or Petitioner's child.</td></tr>
</table>

Property to be transferred in the presence of *(check one):*

☒ Law enforcement: ___*Chicago Police*___
*Name of law enforcement agency*

to be arranged with law enforcement.

☐ Another person: _____
*Name*

Transfer Date: ~~~~ *TBD* _____ Time: _____

☐ 4. **Restrictions on Property**

Respondent be ordered not to take, damage, or otherwise dispose of this property:

_____

_____

BECAUSE *(check all that apply):*

☐ Petitioner, but not Respondent, owns the property.

☐ Petitioner and Respondent both own the property. Not having the property would be harder on Petitioner.

☐ The parties are married and a divorce case ☐ has ☐ has not been filed.

☐ 5. **Restriction on Resources**

Respondent be ordered not to use financial or other resources of an aged Petitioner for the benefit of Respondent or any other person.

☐ 6. **Possession of Animals**

Petitioner be awarded possession of these animals:

_____
*Name and description of each animal*

☐ 7. **Telephone Services**

Order a wireless telephone provider to transfer to Petitioner the right to use and be responsible for the cost of phone numbers. Petitioner, or a minor child in Petitioner's custody, uses the telephone numbers.

Name of Provider: _____

Name of Account Holder: _____

Petitioner's Phone #: _____

Petitioner's Phone #: _____

Petitioner's Phone #: _____

## PART C. SCHOOL RESTRICTIONS

☐ 1. Respondent be ordered *(check one):*

☐ Not to attend Petitioner's school for as long as Petitioner is enrolled there;

☐ To accept a change of placement or program at Petitioner's school, as determined by the public school district or by a private or non-public school; OR

☐ Not to be present in these parts of Petitioner's school: _____

_____

_____, is an elementary, middle, or
*School Name*

high school attended by both Respondent and Petitioner for whom protection is sought.

## PART D. FIREARMS *(available ONLY after actual notice to Respondent)*

☒ 1. Respondent be ordered to turn over all firearms in their possession because they are a former or current intimate partner of the Petitioner and represents a threat to the physical safety of Petitioner or Petitioner's child.

Enter the Case Number given by the Circuit Clerk: _____

| | |
|---|---|
| Then check all boxes that fit your case. **NOTE:** A judge can only order guns to be taken away at a hearing where Respondent is present or has been given formal written notice. | In addition, Respondent *(check all that apply)*:<br>☐ Has a history of violence.<br>☒ Has a history of possession or use of firearms. *Armed forces*<br>☐ Carries a firearm on their person or in a vehicle.<br>Make and model of vehicle: _____<br>☐ May be a threat to the safety of the public or police officer.<br>☐ Is now or has been suicidal. |

**PART E. ECONOMIC REMEDIES** *(available ONLY after actual notice to Respondent)*

In E, check if you want to ask for temporary support, payment for money losses caused by abuse, or shelter reimbursement.

**NOTE:** A judge can only order economic remedies be awarded at a hearing where Respondent is present or has been given formal written notice.

☐ 1. Temporary Support *(check all that apply)*

Respondent be ordered to pay support as follows:

☐ Respondent pay temporary child support

☐ Respondent pay temporary maintenance

In E1, check if you want Respondent to give you money to help you or children you have together. If you have it, bring proof of income to the next court date.

☐ 2. Payment for Losses because of Abuse

☐ Respondent be ordered to pay Petitioner for losses caused by abuse, neglect, or exploitation, including:

☐ Medical expenses............................................................ $ _____

☐ Lost earnings................................................................... $ _____

☐ Repair or replace property damaged or taken.................. $ _____

☐ Moving and other travel expenses................................... $ _____

☐ Reasonable expenses for housing other than a domestic violence shelter..... $ _____

☐ Expenses for search and recovery of children................. $ _____

☐ Other: _____ $ _____

In E2, check all boxes that apply to your case. If you know, enter the amount of the cost in the blank. If you are not sure, you can estimate. Bring receipts and estimates of repairs to court if you have them.

In E3, check if you are in a domestic violence shelter and you want Respondent to pay for your stay there.

☐ 3. Shelter Reimbursement

Respondent be ordered to reimburse a shelter providing temporary housing or counseling to Petitioner....................................................................... $ _____

In F, check F1 if you want Respondent to get evaluation and treatment and all the boxes under it that apply to your case.

**NOTE:** A judge can only order counseling at a hearing where Respondent is present or has been given formal written notice.

**Part F. COUNSELING** *(available ONLY after actual notice to Respondent)*

☐ 1. Respondent be ordered to participate in the following *(check all that apply)*:

☐ Domestic violence intervention.

☐ An alcohol and substance abuse evaluation and to successfully complete all recommendations.

☐ A mental health evaluation and to successfully complete all recommendations.

☐ Other *(please specify)*:

_____

_____

_____

2021OP76706

Enter the Case Number given by the Circuit Clerk: _____

| Petitioner: | Fill out Part G only if you have children younger than 18 with Respondent. |
|---|---|

**Part G. REMEDIES INVOLVING CHILDREN OF BOTH PARTIES**

In **G1**, enter the names of all children under age 18 that you and Respondent have together.

☐ 1. Respondent and Petitioner are both the parents of these minor children:

| Child's Name *(first, middle, last)* | Age | State of Residence | Included as a Person to be Protected | |
|---|---|---|---|---|
| | | | ☐ Yes | ☐ No |
| | | | ☐ Yes | ☐ No |
| | | | ☐ Yes | ☐ No |
| | | | ☐ Yes | ☐ No |

Check the box after each child if you want to protect them from Respondent.

Check **G2** and check the box for the person who takes care of the children most of the time. If the primary caretaker of the children is someone other than you or Respondent, check the box for "Other person" and enter that person's name and address.

☐ 2. The primary caretaker of the minor children is *(check one)*:

☐ Petitioner

☐ Respondent

☐ Other person: _____
        *Name*

_____
*Street Address, Apt #*          *City*          *State*     *ZIP*

Check **G3** if you are protecting children you and Respondent have together. Check the boxes that apply to your case and fill in the information.

☐ 3 Care and Possession of Children

Petitioner requests the following *(check all that apply)*:

☐ Petitioner be granted physical care and possession of the minor children.

☐ Respondent be ordered to return the minor children to the physical care of Petitioner or other person.

☐ Respondent be ordered to not remove the minor children from the physical care of Petitioner or from a school or childcare provider. The name of school or childcare provider is: _____

If you do not want Respondent to know where the children go to school, do not list it. Instead, check the last box and fill out the *Confidential Name & Location of the School or Childcare Provider* form, and file it with the Circuit Clerk as "confidential."

☐ I have given the name and location of the school or childcare provider on the *Confidential Name & Location of the School or Childcare Provider* form.

☐ 4. Temporary Significant Decision-Making Responsibility *(formerly custody)* *(available ONLY after actual notice to Respondent) (check all that apply)*

Petitioner requests temporary significant decision-making responsibility for the minor children.

Check **G4**, if you want significant decision-making responsibility (formerly custody). Check the boxes that apply to your case.

☐ The children of the parties were born before or during the marriage, or within 300 days of termination of the marriage.

☐ The parties are NOT married and paternity HAS NOT been established.

☐ The parties are NOT married but paternity HAS been established by one or more of the following:

1. Both parties are listed as parents on an Illinois birth certificate

2. Both parties have signed a Voluntary Acknowledgment of Paternity

3. A court or administrative order

4. Other: _____

_____

**NOTE:** A judge can only order temporary significant decision-making at a hearing where Respondent is present or has been given formal written notice.

In **G5**, check box G5a, b, or c to let the court know if, how, and when Respondent should have parenting time.

☐ 5. Parenting time with Minor Children *(formerly visitation) (check a, b, or c)*

Petitioner requests that the court order parenting time as follows:

a. ☐ DENY OR ☐ RESTRICT for Respondent, because Respondent is likely to *(check all apply)*

Enter the Case Number given by the Circuit Clerk: _____

<table>
<tr><td>

In G5a, check to limit parenting time. "Deny" means Respondent can have no visits at all. "Restrict" means visits with some rules.

</td></tr>
</table>

☐ Abuse or endanger the children during parenting time.

☐ Use parenting time to abuse or harass Petitioner, Petitioner's family, or household members.

☐ Improperly hide or detain the children.

☐ Act in a way that is not in the best interest of the children.

*If you checked DENY in 5a, skip to G6.*

<table>
<tr><td>

If you checked "Deny" in G5a, skip to G6. In G5b, if you want Respondent to have parenting time, check G5b. If you know what the schedule should be, either attach it and check G5b1 or pick your parenting time schedule in G5b2. Enter when, where, and how you want parenting time to happen and fill in the blanks with specific times, days, and other information. Include a.m. or p.m.

</td></tr>
</table>

b. ☐ GRANT parenting time for Respondent *(check 1 or 2)*:

    ☐ 1. See attached parenting time schedule; OR

    ☐ 2. The following parenting time schedule *(check all that apply)*:

    ☐ Every _____ from _____ to _____
              *Week days*                *Time*      *Time*

    ☐ Each weekend OR ☐ Every other weekend as follows: *(include a.m. or p.m.)*

      ☐ from Friday at _____ to Saturday at _____

      ☐ from Friday at _____ to Sunday at _____

      ☐ from Saturday at _____ to Sunday at _____

      ☐ from Saturday at _____ to Saturday at _____

      ☐ from Sunday at _____ to Sunday at _____

    ☐ Parenting time is to begin on: _____
                             *Date*

    ☐ Holidays from: _____ to _____
               *Time*             *Time*

    On each of these holidays:

    _____

    _____

    _____

<table>
<tr><td>

State who will be responsible for the transportation for parenting time.

</td></tr>
<tr><td>

Enter the name or address of the place where pickup and return will take place.

</td></tr>
<tr><td>

Enter the address of the place where the parenting time will take place.

</td></tr>
</table>

☐ The person responsible for transportation of the children for parenting time is:

_____

☐ Pickup for parenting time to take place at:

_____
*Street Address*             *City*           *State*

☐ Return from parenting time to take place at:

_____
*Street Address*             *City*           *State*

☐ Parenting time will take place at:

_____
*Street Address*             *City*           *State*

<table>
<tr><td>

If you want someone to supervise parenting time, enter that person's name on the line. The *Affidavit of Parenting Time Supervisor* form must be completed and signed by the supervisor.

</td></tr>
</table>

☐ Parenting time will be supervised by: _____,
                                 *Name of Supervisor*

who has filed or will file an *Affidavit of Parenting Time Supervisor* form with the court accepting responsibility and acknowledging accountability.

☐ Parenting time will be supervised at an official supervised visitation center *(if available)*.

☐ Respondent to return the children to Petitioner or the person designated by Petitioner immediately at the end of parenting time.

<table>
<tr><td>

In G5c, check if you do not want parenting time decided now.

</td></tr>
</table>

c. ☐ RESERVE parenting time until a later hearing *(this means the Court will not make ANY decisions on parenting time at this time)*.

<table>
<tr><td>

In G6, check if you are afraid Respondent will hide your children or take them out of state.

</td></tr>
</table>

☐ 6. No Concealment or Removal of Children
    Respondent be ordered not to hide the children or remove them from Illinois.

Enter the Case Number given by the Circuit Clerk: _____

FILED DATE: 9/23/2021 12:00 AM    2021OP76706

| | |
|---|---|
| In **G7**, check if Respondent has your children and you want them to be with you. | **7.** **Appear with Children** *(check all that apply)*<br>Respondent be ordered to appear in court with the children<br>☐ To prevent abuse, neglect, removal or concealment of the children.<br>☐ To return the children to Petitioner.<br>☐ To permit a court-ordered interview or examination of the children or Respondent. |

☐ 7. **Appear with Children** *(check all that apply)*

Respondent be ordered to appear in court with the children

☐ To prevent abuse, neglect, removal or concealment of the children.

☐ To return the children to Petitioner.

☐ To permit a court-ordered interview or examination of the children or Respondent.

In **G8**, check if you do not want Respondent to get your children's school records or other records. These records could provide Respondent with your protected address. Check all boxes that apply to your case.

☐ 8. **Children's Records**

Respondent not be allowed to access, inspect, or obtain school records, healthcare records, or any other records of the children BECAUSE *(check all that apply)*:

☐ Petitioner is requesting that Respondent not be allowed to have contact with the minor children.

☐ The actual address of Petitioner is not included in this *Petition* due to the risk of further abuse.

☐ It is necessary to prevent abuse or wrongful removal or concealment of the children.

Check **1** if there are other things you want Respondent to do or to stop doing. List those things on the lines.

Explain the reasons on the lines after "Because."

**MISCELLANEOUS REMEDIES**

☐ 1. Respondent be ordered to:

_____

_____

_____

_____

_____

_____

BECAUSE:

_____

_____

_____

_____

_____

_____

_____

Under the Code of Civil Procedure, 735 ILCS 5/1-109, making a statement on this form that you know to be false is perjury, a Class 3 Felony.

After you finish this form, sign and print your name as Petitioner.

If you are completing this form on a computer, sign your name by typing it. If you are completing it by hand, sign and print your name.

I certify that everything in the *Petition for Order of Protection* is true and correct. I understand that making a false statement on this form is perjury and has penalties provided by law under 735 ILCS 5/1-109.

/s/ _____    *by mail*    MATT MEDINA Atty

**Petitioner Signature**

Erlinda Matias Cruz

**Petitioner Name**

If prepared by someone other than Petitioner, that person should enter their name, address, and phone.

Prepared by: MATT MEDINA

Street Address: 901 IL AVE

City, State, ZIP: St. Charles IL 60174

Phone Number: 630 973-0041

2021OP76706

Enter the Case Number given by the Circuit Clerk:_____

## DEFINITION OF TERMS USED IN THIS *PETITION*

These definitions are incorporated in and made a part of the *Petition* to which they are attached.

1. **Abuse:** "Abuse" means physical abuse, harassment, intimidation of a dependent, interference with personal liberty or willful deprivation but does not include reasonable direction of a minor child by a parent or person *in loco parentis*.

2. **Adult with Disabilities:** "Adult with Disabilities" means an elder adult with disabilities or a high-risk adult with disabilities. A person may be an adult with disabilities for purposes of this Act even though he or she has never been adjudicated an incompetent adult. However, no court proceeding may be initiated or continued on behalf of an adult with disabilities over that adult's objection, unless such proceeding is approved by his or her legal guardian, if any.

3. **Elder Adult with Disabilities:** "Elder adult with disabilities" means an adult prevented by advanced age from taking appropriate action to protect himself or herself from abuse by a family or household member.

4. **Exploitation:** "Exploitation" means the illegal, including tortious, use of a high-risk adult with disabilities or of the assets or resources of a high-risk adult with disabilities. Exploitation includes, but is not limited to, the misappropriation of assets or resources of a high-risk adult with disabilities by undue influence, by breach of a fiduciary relationship, by fraud, deception, or extortion, or the use of such assets or resources in a manner contrary to law.

5. **Family or Household Members:** Include spouses, former spouses, parents, children, stepchildren and other persons related by blood or by present or prior marriage, persons who share or formerly shared a common dwelling, persons who have or allegedly have a child in common, persons who share or allegedly share a blood relationship through a child, persons who have or have had a dating or engagement relationship, persons with disabilities and their personal assistants, and caregivers as defined in Section 12-4.4a of the Criminal Code of 2012. For purposes of this paragraph, neither a casual acquaintanceship nor ordinary fraternization between two individuals in business or social contexts shall be deemed to constitute a dating relationship. In the case of a high-risk adult with disabilities, "family or household members" includes any person who has the responsibility for a high-risk adult as a result of a family relationship or who has assumed responsibility for all or a portion of the care of a high-risk adult with disabilities voluntarily, or by express or implied contract, or by court order.

6. **Harassment:** "Harassment" means knowing conduct which is not necessary to accomplish a purpose that is reasonable under the circumstances, would cause a reasonable person emotional distress, and does cause emotional distress to Petitioner. Unless the presumption is rebutted by a preponderance of the evidence, the following types of conduct shall be presumed to cause emotional distress:
   a   creating a disturbance at Petitioner's place of employment or school; or
   b   repeatedly telephoning Petitioner's place of employment, home or residence; or
   c   repeatedly following Petitioner about in a public place or places; or
   d   repeatedly keeping Petitioner under surveillance by remaining present outside his or her home, school, place of employment, vehicle or other place occupied by Petitioner or by peering in Petitioner's windows; or
   e   improperly concealing a minor child from Petitioner, repeatedly threatening to improperly remove a minor child of Petitioner's from the jurisdiction or from the physical care of Petitioner, repeatedly threatening to conceal a minor child from Petitioner, or making a single such threat following an actual or attempted improper removal or concealment, unless Respondent was fleeing an incident or pattern of domestic violence; or
   f   threatening physical force, confinement or restraint on one or more occasions.

7. **High-risk Adult with Disabilities:** "High-risk adult with disabilities" means a person aged 18 or over whose physical or mental disability impairs his or her ability to seek or obtain protection from abuse, neglect, or exploitation.

8. **Interference with Personal Liberty:** "Interference with personal liberty" means committing or threatening physical abuse, harassment, intimidation or willful deprivation so as to compel another to engage in conduct from which she or he has a right to abstain or to refrain from conduct in which she or he has a right to engage.

9. **Intimidation of a Dependent:** "Intimidation of a dependent" means subjecting a person who is dependent because of age, health or disability to participation in or the witnessing of: physical force against another or physical confinement or restraint of another which constitutes physical abuse as defined in this Act, regardless of whether the abused person is a family or household member.

10. **Neglect:** "Neglect" means the failure to exercise that degree of care toward a high-risk adult with disabilities which a reasonable person would exercise under the circumstances and includes but is not limited to:
    a   the failure to take reasonable steps to protect a high-risk adult with disabilities from acts of abuse; or
    b   the repeated, careless imposition of unreasonable confinement; or
    c   the failure to provide food, shelter, clothing, and personal hygiene to a high-risk adult with disabilities who requires such assistance; or
    d   the failure to provide medical and rehabilitative care for the physical and mental health needs of a high-risk adult with disabilities; or
    e   the failure to protect a high-risk adult with disabilities from health and safety hazards.
    Nothing in this definition shall be construed to impose a requirement that assistance be provided to a high-risk adult with disabilities over his or her objection in the absence of a court order, nor to create any new affirmative duty to provide support to a high-risk adult with disabilities.

11. **Petitioner:** "Petitioner" may mean not only any named petitioner for the order of protection and any named victim of abuse on whose behalf the petition is brought, but also any other person protected by this Act.

12. **Physical Abuse:** "Physical abuse" includes sexual abuse and means any of the following:
    a   knowing or reckless use of physical force, confinement or restraint; or
    b   knowing, repeated and unnecessary sleep deprivation; or
    c   knowing or reckless conduct which creates an immediate risk of physical harm.

13. **Stalking:** "Stalking" means knowingly and without lawful justification, on at least two (2) separate occasions, following another person or placing the person under surveillance or any combination thereof and:
    a   at any time transmitting a threat of immediate or future bodily harm, sexual assault, confinement or restraint and the threat is directed towards that person or a family member of that person; or
    b   placing that person in reasonable apprehension of immediate or future bodily harm, sexual assault, confinement or restraint; or
    c   placing that person in reasonable apprehension that a family member will receive immediate or future bodily harm, sexual assault, confinement, or restraint.

14. **Willful Deprivation:** "Willful deprivation" means willfully denying a person who because of age, health or disability requires medication, medical care, shelter, food, therapeutic device, or other physical assistance, and thereby exposing that person to the risk of physical, mental or emotional harm, except with regard to medical care or treatment when the dependent person has expressed an intent to forego such medical care or treatment. This paragraph does not create any new affirmative duty to provide support to dependent persons.

This form is approved by the Illinois Supreme Court and is required to be accepted in all Illinois Circuit Courts.

| STATE OF ILLINOIS, CIRCUIT COURT _____ COUNTY | SUMMONS (Protective Orders) | For Court Use FILED 8/25/2021 3:07 PM IRIS Y. MARTINEZ CIRCUIT CLERK COOK COUNTY, IL 2021OP76706 Calendar, 72 14577509 |
|---|---|---|

**Instructions**

Enter above the county name where the case was filed.

Enter your name as Petitioner.

**Petitioner** *(First, middle, last name)*
Enlinda Matias Cruz

Enter the name of the person you are suing as Respondent.

v.

Enter the Case Number given by the Circuit Clerk.

**Respondent** *(First, middle, last name)*
Jerico M. Cruz

2021OP76706

**Case Number**

---

In 1, enter the name of the person you are seeking protection from and their contact information.

**1. Name and address of person to be served**
Name *(First, Middle, Last):* Jerico M. Cruz
Street Address, Apt #: 5135 N. Keating Ave, Chicago IL 60630
City, State, ZIP: _____
Telephone: _____

In 2, check the box that describes the type of case you started against the Respondent.

**2. Petitioner has filed against you for the following**
☒ Order of Protection      ☐ Stalking No Contact Order
☐ Civil No Contact Order   ☐ Other

**Respondent:**

- You are required to file an answer or otherwise appear within 7 days of service of this *Summons*.
- If you fail to appear on the hearing date or on any subsequent hearing date agreed to by the parties or set by the court, a 2-year plenary *(final)* order of protection may be entered by default for any of the remedies sought in the petition.

In 3, if you do not know the court date, ask the Circuit Clerk. Always include the address of the court building and room where the Respondent must appear.

**3. Instructions for person receiving this form** *(Respondent)*
☒ Appear in court on the date in the attached *Order.*
☐ Appear in court on this date: _____
Courthouse Address: _____
City, State, ZIP: _____

In 4, check the first box and enter your contact information. If you do not want the Respondent to know that information, check the second box and give a different address where you can receive legal documents.

**4. Contact information for Petitioner**
☒ This is Petitioner's information and address; OR
☐ The Petitioner's address is protected. The address below is a place where notices can be sent.
Name *(First, Middle, Last):* Enlinda Matias Cruz
Street Address, Apt #: 5135 N. Keating Ave.
City, State, ZIP: Chicago IL 60630
Telephone or email: 630 589-7197

By adding your email, you agree to receive court documents by email.

**STOP!**
The Circuit Clerk will fill in this section.

Date Issued: ~~8/25/2021 3:07 PM IRIS Y. MARTINEZ~~

Clerk of the Court: _____

*Seal of Court*

**Petitioner:**   To serve this *Summons*, ask the Sheriff to deliver it to Respondent. Ask the Circuit Clerk how to give the *Summons* to the Sheriff.

SU-502.2                                            Page 1 of 3                                            (10/19)

Enter the Case Number given by the Circuit Clerk:_____

| STATE OF ILLINOIS, CIRCUIT COURT _____ COUNTY | AFFIDAVIT OF SERVICE (Protective Orders) | For Court Use FILED 8/25/2021 3:07 PM IRIS Y. MARTINEZ CIRCUIT CLERK COOK COUNTY, IL 2021OP76706 Calendar, 72 14577509 |

| Instructions | | |
|---|---|---|
| Enter above the county name where the case was filed. | **Enlinda Matias Cruz** _Petitioner (First, middle, last name)_ | |
| Enter your name as Petitioner. | | |
| Enter the name of the person you are suing as Respondent. | v. | 2021OP76706 |
| Enter the Case Number given by the Circuit Clerk. | **Jerico M. Cruz** _Respondent (First, middle, last name)_ | **Case Number** |

| STOP! The person who served the *Summons* (e.g., law enforcement or special process server) will fill in the rest of the form. |
|---|

**AFFIDAVIT OF SERVICE**

1. **Respondent information**

   Male: ☐   Female: ☐   Approx. Age: _____   Hair Color: _____

   Height: _____   Weight: _____   Race: _____

   Address: _____

   City, State, ZIP: _____

2. I certify that I served the *Summons*, *Petition*, and/or any *Order* issued in this case by

   a. ☐ leaving a copy with Respondent personally

   _____
   *First, Middle, Last*

   on this date: _____ at this time: _____ ☐ a.m. ☐ p.m.

   at this address: _____

      **OR**

   b. ☐ By leaving a copy of the *Petition* at the usual place of abode of the Respondent with a person of the Respondent's family or a person residing there, of the age of 13 years or upwards, informing that person of the contents of the *Summons* and also by sending a copy of the *Summons* in a sealed envelope with postage fully prepaid, addressed to the Respondent at the Respondent's place of abode.

3. By:

   a. ☐ law enforcement:

   _____ , Sheriff of _____ County
   *Sheriff's Name*                              *Name of County*

   by _____ , Deputy
   *Deputy's Name Who Served*

      **OR**

SU-502.2                                    Page 2 of 3                                    (10/19)

FILED DATE: 9/23/2021 12:00 AM   2021OP76706

2021OP76706

Enter the Case Number given by the Circuit Clerk:_____

**b.** ☐ private process server

_____        _____
Your Signature                                          Street Address

_____        _____
Print Your Name                                        City, State, ZIP

                                                                _____
                                                                Telephone

**Notary Public** *(for private process servers or out-of-state service only)*

State of Illinois

County _____

Signed and sworn to before me on _____ by _____
                                                        Date                        Name

_____        _____
Seal                                                   Signature of Notary

**3.** ☐ **Respondent was not served**

Respondent was not served because: _____

_____

_____

_____

_____

Service Attempts

| Date | Time (a.m./p.m.) | STAR # |
|------|------------------|--------|
|      |                  |        |
|      |                  |        |
|      |                  |        |
|      |                  |        |

FILED
9/27/2021 12:00 AM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2021OP76706

14963177

# Exhibit B: Emergency Order of Protection

- Emergency for Order of Protection

This form is approved by the Illinois Supreme Court and is required to be accepted in all Illinois Circuit Courts.

| STATE OF ILLINOIS, CIRCUIT COURT<br>___COOK___ COUNTY | EMERGENCY ORDER OF PROTECTION | 2021OP76706 |
|---|---|---|
| | Civil Proceeding ☒ Emergency<br>Criminal Proceeding ☐ Ex parte | Case Number |

**Instructions ◄**

Directly above, enter the county where you filed this case.

Enter your name as Petitioner.

Check the boxes for ALL people you want to include in the *Order*.

On the lines provided, enter the name for each person you are trying to protect. "Other household members" includes people living with you or working where you are staying.

Enter name of the person you are seeking protection from as Respondent.

Enter the Case Number given by the Circuit Clerk.

Petitioner: **Enlivda Matias Cruz**
(First, middle, last name)

People to be Protected by this *Order* (check all that apply):
- ☒ Petitioner
- ☐ Petitioner's minor children with Respondent:
  _____
  _____
- ☐ Petitioner's minor children not related to Respondent:
  _____
  _____
- ☐ Dependent adult: _____
- ☐ High risk adult: _____
- ☐ Other household members: _____
  _____

*Judge Thomas M. Cushing*
*AUG 31 2021*
*Circuit Court -2258*

v.

Respondent: **Jenico M. Cruz**
(First, middle, last name)

**For Court Use Only**
- ☒ Independent
- ☐ Juvenile
- ☐ Other Civil Proceeding
- ☐ Criminal
- ☐ This *Order* has been granted Pursuant to the Code of Criminal Procedure 725 ILCS 5/112A

FILED
9/27/2021 12:00 AM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2021OP76706
Calendar, 72

**NOTE:** If you are completing this form for a minor child, a dependent adult, or a high risk adult, insert information needed below as if you were that person. In other words, do not use your information.

1. Petitioner's ☒ address OR ☐ alternative address for notice:
   __5135 N. Keating Ave.__ __Chicago__ __IL__ __60630__
   Street Address, Apt # — City — State — Zip

   _____ Email

2. Respondent's date of birth (if known): __6-14-87__ Sex: __M__ Race __W__

3. Respondent's address (if known):
   __5135 N. Keating Ave.__ __Chicago__ __IL__ __60630__
   Street Address, Apt # — City — State — Zip

   _____ Respondent's Employer — _____ Respondent's work hours

   _____ Respondent's Employer-Street Address — City — State — Zip

**THE COURT ORDERS THAT:**

☒ Respondent shall not abuse or threaten to abuse Petitioner *(see R01, page 2)*

☒ Respondent shall stay away from Petitioner *(see R03, page 2)*

**FOR ADDITIONAL ORDERS, READ THIS ENTIRE FORM**

OP-E 404.2 — Page 1 of 11 — (10/19)

8-31-21

**2021OP76706**

Enter the Case Number given by the Circuit Clerk: _____

☒ This Order was issued ~~Date~~ 9-21-21 at 3:45 pm
_Date_     _Time_

☐ This Order will end on: ~~4-4-21~~ 9-21-21 at 5 PM
_Date_     _Time_

**NEXT HEARING:** There will be a hearing on: ~~4-4-21~~ 9-21-21 at 9AM
_Date_     _Time_

at _555 W. Harrison St. Chicago IL_ in _202_
Address of Courthouse             Courtroom

| **Respondent:** | A plenary *(final)* order of protection may be entered if Respondent does not come to this hearing. |

After reviewing the *Petition* and hearing the evidence and testimony of Petitioner, the Court makes findings
☒ Are stated on page 8 and 9 of this *Order*; OR
☒ Were made orally and videotaped or recorded by a court reporter and are incorporated into this *Order*.

**THE COURT ORDERS THAT ALL SECTIONS SELECTED BELOW BE OBEYED:**

☒ **1.** **No Abuse** *(see page 4 of Petition)*        (R01) (Police Enforced)
Respondent shall not threaten or commit the following acts of abuse toward Petitioner *(check all that apply)*:
    ☒ Harassment            ☐ Exploitation of a High Risk Adult with Disabilities
    ☒ ~~Interference~~ with Personal Liberty    ☐ Intimidation of a Dependent
    ☒ Physical Abuse             ☐ Willful Deprivation
    ☒ ~~Stalking~~                  ☐ Neglect of a High Risk Adult with Disabilities

☒ **2.** **Possession of Residence** *(see page 5 of Petition)*      (R02) (Police Enforced)
    ☒ Exclusive possession of residence is granted to Petitioner.
       ☒ Respondent must stay at least _300_ feet away from the residence located at:
       _5135 N. Keating Ave, Chicago IL 6063~~2~~_
       Street Address, Apt #—O    City      State      Zip
       OR
       ☒ Respondent must stay away from the undisclosed residence of Petitioner BECAUSE *(check one)*:
          ☒ Petitioner has a right to live there and Respondent has no right; OR
          ☐ Petitioner and Respondent both have the right to live there, but it would be harder on Petitioner
       to leave the residence after considering the factors set forth in 750 ILCS 60/214(b)(2)(B).

☒ **3.** **Stay Away from Petitioner and Certain Places** *(see page 4 of Petition)*      (R03)
    ☒ Respondent shall not have any communication with Petitioner and shall stay away from all Petitioner at times.
    ☐ Respondent shall stay at least _____ feet away from Petitioner at all times.

| **Respondent:** | If any protection in Section 3 is granted Respondent must not have ANY physical, non-physical, direct or indirect contact with Petitioner. This also includes contact through others who may not know about the *Order of Protection*. It also forbids oral communication, written communication, sign language, telephone and cell phone calls, faxes, texts, tweets, emails, posts, or communication by any other social media, and all other communication with Petitioner. |

    ☐ Respondent shall not be at or stay at any of these places while Petitioner is there:
       ☐ Residence located at:
          Street Address, Apt #      City      State      Zip

FILED DATE: 9/23/2021 12:00 AM 2021OP76706

2021OP76706

Enter the Case Number given by the Circuit Clerk: _____

☐ Places of employment of Petitioner, located at:

| Name | Street Address | City | State | Zip |
|---|---|---|---|---|

| Name | Street Address | City | State | Zip |
|---|---|---|---|---|

☐ Schools, kindergartens, or daycare centers of Petitioner, located at:

| Name | Street Address | City | State | Zip |
|---|---|---|---|---|

| Name | Street Address | City | State | Zip |
|---|---|---|---|---|

☐ Other locations:

| Name | Street Address | City | State | Zip |
|---|---|---|---|---|

| Name | Street Address | City | State | Zip |
|---|---|---|---|---|

☒ Respondent shall have the right to enter the residence listed in Section 2 _once_ to retrieve the property listed below (see Section 8 of this Order), but only in the presence of:

☒ law enforcement OR ☐ another person: _____
Name of Person

☐ School Restrictions (see page 6 of Petition)

_____ is an elementary, middle, or high school
Name of School

attended by both Respondent and Petitioner, a person protected by this _Order._

After considering the factors in 750 ILCS 60/214(b)(3)(B):

☐ Respondent shall not attend this school for as long as Petitioner is enrolled there;

☐ Respondent shall accept a change of placement or program at this school as determined by the public school district or by this private or non-public school; OR

☐ Respondent shall follow these restrictions on movement within the school: _____
_____

☐ Requirements for Parents and Guardians
Respondent is a minor. To ensure that Respondent follows this _Order,_ _____
Name of Parent or Guardian

shall do the following: _____
_____

☐ **4.** **Care and Possession of Children** (see page 8 of Petition)  (R05) (Police Enforced)

| Law Enforcement: | The provisions of this section are Police-Enforced IF Respondent is ordered, (see page 2, R03) to stay away from the minor children listed as "protected" as checked below. |
|---|---|

☐ Respondent and Petitioner are the parents of the following minor children:

| Child's Name (first, middle, last) | Age | State of Residence | Included as Protected Party? | |
|---|---|---|---|---|
| | | | ☐ Yes | ☐ No |
| | | | ☐ Yes | ☐ No |
| | | | ☐ Yes | ☐ No |
| | | | ☐ Yes | ☐ No |

☐ The primary caretaker of the minor children is: ☐ Petitioner ☐ Respondent ☐ Other person:

| Name | Street Address | City | State | Zip |
|---|---|---|---|---|

OP-E 404.2 Page 3 of 11 (10/19)

Enter the Case Number given by the Circuit Clerk: **2021OP76706**

☐ Petitioner is granted the physical care and possession of the minor children that Petitioner and Respondent have together, AND:

    ☐ Respondent shall, personally or through a law enforcement agency as authorized by the court, return the minor children to the physical care of:

        ☐ Petitioner ☐ other person: _____
                            *Name of Other Person*

    ☐ Respondent shall return the children to: _____
                                        *Street Address, Apt #    City    State    Zip*

        ☐ on ☐ by: _____ at _____ in the presence of:
                    *Date*             *Time*

    _____
    *Name of Person or Name of Law Enforcement Agency*

☐ Respondent shall not remove the minor children from the physical care of Petitioner or from a school, babysitter, daycare provider, or any person caring for the children.

☐ Within 24 hours of this *Order* being entered, the Circuit Clerk shall send written notice of the *Order* to the following school, daycare, or health care providers:

| Name | Street Address | City | State | Zip |
|---|---|---|---|---|
| Name | Street Address | City | State | Zip |

    ☐ For the safety of Petitioner, the name and location of the school or daycare is listed on the *Confidential Name & Location of the School or Daycare form.*

☐ **5.** **Respondent's Parenting Time** *(formerly visitation)* **with the Minor Children**     (R07) (Court Enforced)
*(see page 8 – 9 of Petition)*

☐ Paternity has not been established; OR

☐ Paternity has been established:

    ☐ The children of the parties were born before or during the marriage, or within 300 days of termination of the marriage.

    ☐ The parties are NOT married but there HAS been a legal determination of parentage through one or more of the following:

        1. Both parties are listed as parents on an Illinois birth certificate.
        2. Both parties have signed a Voluntary Acknowledgment of Parentage.
        3. A judicial or administrative decision.
        4. Other: _____

    AND

☐ Parenting time is RESERVED until a later hearing *(The Court will not make ANY decision on parenting time at this time).*

☐ Parenting time is ☐ DENIED until further order, OR ☐ RESTRICTED because Respondent is likely to
    ☐ Abuse or endanger the children during parenting time.
    ☐ Use parenting time to abuse or harass Petitioner, Petitioner's family, or household members.
    ☐ Improperly hide or detain the children.
    ☐ Act in a way that is not in the best interest of the children.

☐ Parenting time is GRANTED as follows *(include a.m. or p.m.):*
    ☐ Every _____ from _____ to _____
              *Days*          *Time*         *Time*
    ☐ Each weekend ☐ Alternating weekends as follows:
        ☐ from Friday at _____ to Saturday at _____
        ☐ from Friday at _____ to Sunday at _____

2021OP76706

Enter the Case Number given by the Circuit Clerk: _____

☐ from Saturday at _____ to Sunday at _____
☐ from Saturday at _____ to Saturday at _____
☐ from Sunday at _____ to Sunday at _____
☐ Other: _____

_____

☐ In order to protect Petitioner from further abuse, Respondent shall not go to Petitioner's residence to the minor children for parenting time.

☐ Date of first parenting time shall be on: _____ at _____
                                                    Date                Time

Pickup and return for parenting time shall take place at (list name and address):

☐ Police department: _____

| | Name | Street Address | City | State | Zip |
|---|---|---|---|---|---|

☐ Sheriff's department: _____

| | Name | Street Address | City | State | Zip |
|---|---|---|---|---|---|

☐ Safe exchange center: _____

| | Name | Street Address | City | State | Zip |
|---|---|---|---|---|---|

☐ Other location: _____

| | Name | Street Address | City | State | Zip |
|---|---|---|---|---|---|

☐ Responsibility for transportation of the children for parenting time shall be as follows:

_____

☐ Parenting time shall take place at: _____

| Street Address | City | State | Zip |
|---|---|---|---|

☐ Parenting time shall be supervised by: _____
                                          Name of Person or Agency

who has filed an affidavit with the court accepting responsibility and acknowledging accountability.

☐ At the end of parenting time, Respondent shall immediately return the children to Petitioner or the following person designated by Petitioner: _____
                                          Name of Designated Person

who has filed an *Affidavit of Parenting Time Supervisor* with the court accepting responsibility and acknowledging accountability.

| Respondent: | Petitioner may by law deny you access to the minor children if, when you arrive for parenting time, you are under the influence of drugs or alcohol and constitute a threat to the safety and well-being of Petitioner or the minor children of Petitioner or you are behaving in a violent or abusive manner (750 ILCS 60/214(b)(7)). |
|---|---|

☐ **6. No Concealment or Removal of Children** *(see page 9 of Petition)* **(R08) (Police Enforced)**
Respondent shall not hide the minor children within the State or remove the children from Illinois.

☐ **7. Appear with Children** *(see page 10 of Petition)* **(R09) (Court Enforced)**
Respondent shall appear ☐ alone ☐ with minor children at: _____
                                          Address of Courthouse

_____ in Courtroom _____ on _____ at _____
                                                        Date                Time

to *(check all that apply)*:
☐ Prevent abuse, neglect, removal or concealment of the children.
☐ Return the children to the custody or care of Petitioner.
☐ Permit a court-ordered interview or examination of the children or Respondent.

Enter the Case Number given by the Circuit Clerk: **2021OP76706**

☐ **8. Possession of Personal Property** (see page 5 of Petition)    (R10) (Court Enforced)
(does not affect ownership of property)

☐ Petitioner is awarded possession of the following personal property: _____

_____

☐ Respondent shall return  ☐ all of the property  ☐ the following property: _____
to _____
Name of Person

The Court finds as follows:
☐ Petitioner, but not Respondent, owns the property.
☐ Petitioner and Respondent both own the property. Sharing it would put Petitioner at risk for abuse, or is not practical. Not having the property would be harder on Petitioner.
☐ Petitioner claims the property as marital property, and a divorce case has been filed.
☐ Respondent is awarded possession of the following personal property:  ☐ clothing  ☐ medicine.
☐ Other personal property as follows: _____

☐ Personal property shall be transferred at: _____
Street Address          City       State    Zip
on _____ at _____
Date            Time
☐ Personal property shall be transferred only in the presence of:
☐ Law enforcement: _____ ; OR
Name of Law Enforcement Agency
Date to be obtained from Law Enforcement by:  ☐ Petitioner  ☐ Respondent
☐ Another person: _____
Name

☐ **9. Restrictions on Property** (see page 6 of Petition)    (R11) (Court Enforced)
☐ Respondent shall not take, transfer, encumber, conceal, damage, or otherwise dispose of any real or personal property, except as explicitly authorized by the Court, BECAUSE (check all that apply):
☐ Petitioner, but not Respondent, owns the property.
☐ Petitioner and Respondent both own the property. Not having the property would be harder on Petitioner.
☐ Petitioner claims the property as marital property, and a divorce case has been filed.
☐ Restrictions on Resources; Aged Protected Person
Respondent is prohibited from improperly using financial or other resources of an aged Petitioner for the advantage of Respondent or any other person.

☐ **10. Possession of Animals** (see page 6 of Petition)    (R11.5) (Court Enforced)
Petitioner shall have the care, custody, and control over the following animals: _____

_____
Respondent shall stay away from the animals and Respondent is forbidden from taking, transferring, concealing, harming, or otherwise disposing of the animals.

☐ **11. No Entry or Presence Under Influence** (see page 5 of Petition)    (R14) (Court Enforced)
Even though Respondent is not required by this Order to stay away from the residence of Petitioner at all times; Respondent is not allowed to enter or remain in that residence while under the influence of drugs or alcohol and threatening the safety or well-being of Petitioner or Petitioner's children.

☒ **12. Firearms** (see page 6 of Petition)    (R14.5) (Court Enforced)
☐ Respondent has received actual notice to appear in court and has had an opportunity to participate.
☒ This Order restrains Respondent from abusing, stalking, or threatening their intimate partner or children

OP-E 404.2    Page 6 of 11    (10/19)

2021OP76706

Enter the Case Number given by the Circuit Clerk: _____

of the intimate partner, or engaging in other conduct that would place an intimate partner in reasonable fear of bodily injury to themselves or their children; AND the Court finds that:

☐ Respondent represents a credible threat to the physical safety of Respondent's intimate partner or their children; OR

☐ This *Order* prohibits the use, attempted use, or threatened use of physical force against Respondent's intimate partner or their children that could reasonably be expected to cause bodily injury.

| **Respondent:** | Respondent is automatically prohibited from possessing a firearm while this *Order* is in effect, under Federal Law 18 USC 922(g)(8). |

Therefore:

☑ Respondent shall surrender all firearms in their possession to this law enforcement agency, which shall take possession of them: ___Chicago Police___
*Name of Law Enforcement Agency*

☒ Respondent shall immediately turn over any FOID card in their possession to this law enforcement agency, which shall take possession of it: ___Chicago Police___
*Name of Law Enforcement Agency*

☐ Respondent's conceal and carry license is suspended during the duration of this *Order*. Respondent must turn over the license to the court at the time this *Order* is entered or to this law enforcement agency, which shall take possession of it: _____
*Name of Law Enforcement Agency*

When this *Order* ends, Respondent's firearms and FOID card shall be returned to Respondent upon request if the FOID card is not expired and there is no other order restricting Respondent's possession of those firearms.

☐ **13. Children's Records** *(see page 10 of Petition)*                    (R15) (Court Enforced)
Respondent is not allowed to access, inspect, or obtain school records or any other records of the minor children in the care of Petitioner because *(check all that apply)*:

☐ This *Order of Protection* prohibits Respondent from having contact with the minor children.
☐ The actual address of Petitioner is not included due to the risk of further abuse.
☐ It is necessary to prevent abuse or wrongful removal or concealment of the minor children.

☐ **14. Miscellaneous Remedies** *(see page 10 of Petition)*                    (R17) (Court Enforced)
☐ Respondent is further ordered as follows: _____
_____
_____

☐ **15. Telephone Services** *(see page 6 of Petition)*                    (R18) (Court Enforced)
☐ Petitioner uses the following telephone numbers for which a wireless telephone provider provides service Respondent and Petitioner:
Name of Provider: _____
Name of Account: _____
Respondent's Billing Phone #: _____
Petitioner Phone #: _____
Petitioner Phone #: _____
☐ After considering the evidence and pursuant to 725 ILCS 5/112A-14(b)(18) the wireless telephone service provider shall terminate Respondent's use of Petitioner's phone number, transfer to Petitioner the right to use these phone numbers, and transfer to Petitioner all financial responsibility associated with future use of these phone numbers.

2021OP76706

Enter the Case Number given by the Circuit Clerk: _____

| Petitioner: | STOP! Only the Judge or Circuit Clerk shall enter anything below this point. |

☐ **RULINGS PURSUANT TO** 750 ILCS 60/221(a)(2) and (b)(2)

☐ The relief requested in Paragraphs: ☐ 2 ☐ 3 ☐ 10 ☐ 11 ☐ 16 ☐ Other _____
in the *Petition* is DENIED because the balance of hardships does not support the granting of the remedy; the granting of the remedy will result in hardship to Respondent that would substantially outweigh the hardship to Petitioner from the denial of the remedy; OR because: _____
_____

☐ The relief requested in Paragraphs: _____
in the *Petition* is RESERVED.

The findings indicated below are hereby incorporated into this *Order*.

ENTERED: _____ 2258 AUG 31 2021 _____
Judge                                                                    Date

*Judge Thomas M. Cushing*
*Circuit Court 2258*

I hereby certify that this is a true and correct copy of the original order on file with the Court.
Clerk of the Circuit Court of ___Cook___ County, Illinois  5-34-21
                                                                                                        Date
_____ Matt Medina Ardc # 6237673
Seal (and signature, as locally required)

Copies given to: ☒ Petitioner ☒ Respondent via Sheriff ☒ LEADS ☐ Sheriff ☐ State's Attorney
To be completed by the judge:
☒ There is reason to believe Respondent is *(check all that apply)*: ☒ armed ☒ dangerous ☐ suicidal

**FINDINGS:**
**After reviewing the *Petition* and hearing the evidence and testimony of Petitioner, the Court finds that:**

1. The people protected by this *Order* are:
   ☐ Petitioner
   ☐ Minor children listed in caption of this *Order*
   ☐ Other Protected Persons listed on page 1 of this *Order*

2. The Petitioner has the following relationship to Respondent:

| | | |
|---|---|---|
| ☐ Boyfriend / Girlfriend (including ex) (BG) | ☐ Spouse (SE) | ☐ Ex-Spouse (XS) |
| ☐ Has Children with Respondent (never married to Respondent) (CC) | ☐ Sharing or Shared Home (CS) | ☐ Child (CH) |
| ☐ Parent (PA) | ☐ Brother or Sister (SB) | ☐ Other Family Member (OF) |
| ☐ Other – Petitioner not Related to Respondent (OT) | ☐ In-law (IL) | ☐ Personal Caregiver to Disabled Petitioner (PC) |
| ☐ Petitioner with Disability (PD) | ☐ Personal Assistant of Petitioner (PR) | ☐ Grandchild (GC) |
| ☐ Grandparent (GP) | ☐ Step-Child (SC) | ☐ Step-Brother or Step-Sister |
| ☐ Prospective or Adoptive Child has Family or Household Relationship with Respondent | ☐ Foster Child has Family or Household Relationship with Respondent | ☐ Legally Appointed Guardian or Custodian of a Child who has a Family or Household Relationship with |
| ☐ Step-Parent (SP) | | |

3. ☐ Petitioner is present in person in court. ☐ Represented by: _____
                                                                                    Name of Lawyer

4. ☐ Respondent is not present in court.
   ☐ Respondent is present in person in court. ☐ Represented by: _____
                                                                                                Name of Lawyer

5. ☐ Respondent has received actual notice of Petitioner's request for an *Order of Protection*.

OP-E 404.2                                    Page 8 of 11                                    (10/19)

2021OP76706

Enter the Case Number given by the Circuit Clerk: _____

☐ Respondent has not received notice of Petitioner's request for an *Order of Protection*.

6. ☐ If Respondent has not received notice, then good cause exists to grant the remedies requested because:

    ☐ a. If Respondent were given prior or greater notice, it is likely that the harm that the remedies in this *Order* are intended to prevent would occur (R01, R03, R05, R08, R09, R11, R14, R15, and R17).

    ☐ b. If Respondent were given prior or greater notice, the immediate danger of further abuse outweighs the hardships to Respondent of an *Order* granting exclusive possession of the residence (R02).

    ☐ c. If Respondent were given prior or greater notice, it is likely that personal property would be disposed of improperly, or Petitioner has an immediate and pressing need for possession of that property.

7. In granting the remedies in this *Order*, the Court has considered all relevant factors, including: the nature, frequency, severity, pattern, and consequences of Respondent's past abuse, neglect, or exploitation of Petitioner or any family/household member, including Respondent's concealment of their location in order to evade service of process notice, and the likelihood of danger of future abuse, neglect, or exploitation to Petitioner or any member of Petitioner's or Respondent's family or household; and the danger that any minor children will be abused, neglected, or improperly removed from the jurisdiction, improperly concealed within the State, or improperly separated from the children's primary caretaker. The Court finds that:

- The Court has jurisdiction over Petitioner, Respondent, minor children and other Protected Persons.
- Venue is proper.
- Respondent has abused Petitioner and/or the children identified as protected persons in Section 4 on page 3 the Protected Persons listed on Page 1 of this *Order*.
- The actions of Respondent will likely cause irreparable harm or continued abuse unless they are prohibited.
- It is necessary to grant the requested relief in this *Order* to protect Petitioner or other abused persons.

8. Other Relevant Factors and Findings (*check all that apply*):

☐ An *Order of Protection* has previously been entered in this case or in another case in which any party, or a child of any party has been named as either Respondent or Petitioner.

☐ An abused person is unable to bring this *Petition* on their own behalf due to age, health, disability, or inaccessibility.

☐ The *Petition* has been filed on behalf of a high-risk adult with disabilities who has been abused, neglected, or exploited by a family or household member.

9. ☐ The Court is entering this *Order* based on the following prima facie evidence:

☐ an information, complaint, indictment or delinquency petition, charging a crime of domestic violence or charging an attempt to commit a crime of domestic violence; OR

☐ an adjudication of delinquency, a finding of guilt based upon a plea, or a finding of guilt after a trial for a crime of domestic battery; OR

☐ any disposition order issued under Section 5-710 of the Juvenile Court Act of 1987, the imposition of supervision, conditional discharge, probation, periodic imprisonment, parole, aftercare release, or mandatory supervised release for a crime of domestic violence or an attempt to commit a crime of domestic violence, or imprisonment in conjunction with a bond forfeiture warrant; OR

☐ the entry of a protective order in a separate civil case brought by Petitioner against Respondent.

## IMPORTANT INFORMATION ABOUT THIS *ORDER OF PROTECTION*

**TO BOTH PARTIES:** This *Order* CANNOT BE CHANGED OR VACATED unless you have a hearing. To have a hearing, Petitioner or Respondent must do the following:

1. File a written motion with the Circuit Clerk that lists the reasons why you want to change or vacate this *Order*.
2. Get a time for the hearing from the Circuit Clerk; AND
3. Provide the other party with a copy of your motion and notify the other party in writing of the time and place of the hearing.

2021OP76706

Enter the Case Number given by the Circuit Clerk: _____

**TO RESPONDENT:** The Court has granted this *Order*. If you do not obey this *Order*, you could be arrested and charged with a crime.

- Petitioner cannot give you legal permission to change this *Order*. Only the Court can change this *Order*. If you have contact with Petitioner that is prohibited by this *Order*, you may be arrested.
- If you and Petitioner want to have contact with each other again, you must ask the Court to modify or dismiss this *Order of Protection*.
- Unless the Court changes or dismisses this *Order*, you can be arrested for violating this *Order of Protection*.

You have notice that Petitioner has asked for an *Emergency Order of Protection*. You a must appear in court on the date in this order if you want to try to prevent the entry of a *Plenary Order*. If you do not, a two-year *Order of Protection* may be issued against you. You may ask the Court to re-open an *Emergency Order*. To do this you must file a motion stating that (1) you did not receive prior notice, and (2) you have a valid defense to the *Order*, or that the *Order*, or any of its remedies, was not authorized under the law.

Any knowing violation of an *Order of Protection* forbidding physical abuse, neglect, exploitation, harassment, intimidation, interference with personal liberty, willful deprivation, or entering or remaining present at specified places when any *Protected Persons* are present, or granting exclusive possession of the residence or household or granting a stay away order is a Class A misdemeanor. Grants of exclusive possession of the residence or household shall constitute notice forbidding trespass to land. Any knowing violation of an order awarding parental responsibility (formerly custody) or care of a child or prohibiting removal or concealment of a child may be a Class 4 felony. Any willful violation of any order is contempt of court. Any violation may result in fine or imprisonment.

**TO PETITIONER:** You cannot change the terms of this *Order* by your words or actions.

- If the Court has ordered no contact or given you sole possession of the residence, only the Court can allow the Respondent to contact you or return to the residence.
- If you want to have contact with the Respondent again, you MUST ask the Court, in a written motion to change or vacate this *Order of Protection*.
- If you wish to ask the court for a *Plenary Order of Protection* which could be in force for up to two years, you MUST APPEAR in court on the date set for a hearing, which is listed on page 1 of this *Order*.

**TO PARENTS OR GUARDIANS OF MINOR RESPONDENTS:** The Court may hold you in contempt of court if a minor respondent in your care violates this *Order* and you have helped, encouraged, or directed the minor to do so.

**NOTICE ABOUT ENFORCEMENT:**

This *Order of Protection* is enforceable, even without registration, in all 50 states, the District of Columbia, tribal lands, and the U.S. Territories pursuant to the Violence Against Women Act (18 U.S.C. §2265), provided notice of this *Order of Protection* has been provided to the Respondent. Violating this *Order of Protection* may subject the Respondent to state and/or federal charges and punishment; 18 U.S.C. §§ 2261-2262. This *Order* is directed to the Respondent. Except under accountability circumstances, which should be assessed by the State's Attorney, Petitioner cannot be guilty of violation of an *Order of Protection*.

### DEFINITION OF TERMS USED IN THIS *ORDER*

These definitions are incorporated in and made a part of the *Order* to which they are attached.

1. **Abuse:** "Abuse" means physical abuse, harassment, intimidation of a dependent, interference with personal liberty, or willful deprivation but does not reasonable direction of a minor child by a parent or person *in loco parentis*.
2. **Adult with Disabilities:** "Adult with Disabilities" means an elder adult with disabilities or a high-risk adult with disabilities. A person may be an adult with disabilities for purposes of this Act even though he or she has never been adjudicated an incompetent adult. However, no court proceeding may be initiated or continued on behalf of an adult with disabilities over that adult's objection, unless such proceeding is approved by his or her legal guardian, if any.
3. **Elder Adult with Disabilities:** "Elder adult with disabilities" means an adult prevented by advanced age from taking appropriate action to protect himself or herself from abuse by a family or household member.
4. **Exploitation:** "Exploitation" means the illegal, including tortious, use of a high-risk adult with disabilities or of the assets or resources of a high-risk adult disabilities. Exploitation includes, but is not limited to, the misappropriation of assets or resources of a high-risk adult with disabilities by undue influence, by breach of a fiduciary relationship, by fraud, deception, or extortion, or the use of such assets or resources in a manner contrary to law.
5. **Family or Household Members:** Include spouses, former spouses, parents, children, stepchildren and other persons related by blood or by present or marriage, persons who share or formerly shared a common dwelling, persons who have or allegedly have a child in common, persons who share or

# Exhibit C:
# 2020 L 009835

FILED
9/27/2021 12:00 AM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2021OP76706

14963177

- 2020 L 009835

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, LAW DIVISION**

FILED
9/14/2021 3:56 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2020L009835

14816420

|  |  |  |
|---|---|---|
| JERICO MATIAS CRUZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case no.: <u>2020 L 009835</u> |
| v. | ) | Amount Claimed: <u>$100,000.00</u> |
| | ) | |
| CHICAGO READ MENTAL | ) | Judge James P. Flannery |
| HEALTH CENTER, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**<u>NOTICE OF MOTION</u>**

**PLEASE TAKE NOTICE** that on October 1, 2021 at 10:30 A.M., or as soon thereafter as counsel may be heard, I shall appear before Honorable Judge James P. Flannery, or whomever may be sitting in his stead, for Room 2005, and then and there present the attached ***PRO SE* PLAINTIFF'S MOTION TO VACATE THE DISMISSAL AND REINSTATE THE ORIGINAL CASE *INSTANTER*** a copy of which is attached and served upon you.

Date: September 14, 2021          Respectfully Submitted by,
                                  /s/ Jerico Matias Cruz
                                   Jerico Matias Cruz
                                  5135 N Keating Ave
                                  Chicago, Illinois 60630
                                  theconsultantoo0oo@gmail.com or
                                  j-cruz7@neiu.edu
                                  (847) 906-3123
                                  *Pro Se* 99500

FILED
9/27/2021 12:00 AM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2021OP76706
Calendar, 72

2021OP76706

## PROOF OF SERVICE

Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters there in stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that he verily believes the same to be true.

A copy of the *pro se* Plaintiff's Motion and this Notice of Motion were served on the above-named parties by email or Defendants' last known address on *pro se* Plaintiff's original complaint filed on September 14, 2020. On or about September 14, 2021, *pro se* Plaintiff serves this Notice upon you.

/s/ Jerico Matias Cruz

2021OP76706

**LIST OF DEFENDANTS' ADDRESS(ES)**

1. Chicago Read Mental Health Center
   4200 N Oak Park Ave
   Chicago, Illinois 60634

2021OP76706

FILED
9/14/2021 3:56 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2020L009835

14816420

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, LAW DIVISION**

|  |  |  |
|---|---|---|
| JERICO MATIAS CRUZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case no.: 2020 L 009835 |
| v. | ) | Amount Claimed: $100,000.00 |
| | ) | |
| CHICAGO READ MENTAL | ) | Judge James P. Flannery |
| HEALTH CENTER, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

### *PRO SE* PLAINTIFF'S MOTION TO VACATE THE DISMISSAL AND REINSTATE THE ORIGINAL CASE *INSTANTER*

NOW COMES *Pro Se* Plaintiff, Jerico Matias Cruz ("Cruz"), moves this court for *pro se* Plaintiff's motion to vacate the dismissal and reinstate the original case *instanter* pursuant to 735 ILCS 5/13-217, and in support thereof, states as follows:

### I.   BACKGROUND

1.  This is *pro se* Plaintiff's motion to vacate the dismissal and reinstate the original case *instanter* pursuant to 735 ILCS 5/13-217.

2.  On or about September 14, 2020, *pro se* Plaintiff files a civil lawsuit for *medical malpractice*[1] against Chicago Read Mental Health Center, which is currently located at 4200 N Oak Park Ave, Chicago, Illinois 60634.

3.  In 2020, Honorable Judge James P. Flannery dismissed case no. 2020 L 009834 for insufficient facts of the claim, but *pro se* Plaintiff states the cause of action for medical malpractice, such as negligence and misdiagnosis during the stay of *pro se* Plaintiff at Chicago Read Mental Health Center between September 23, 2016 and September 28, 2016.

4.  Defendant Chicago Read Mental Health Center is the actual location of the alleged incident of *pro se* Plaintiff's medical malpractice against the facility and its medical professionals, mental health providers, and mental health technicians that provided 5-day involuntary psychiatric evaluation between September 21, 2016 and September 23, 2016.

---

[1] *See* Exhibit A: Review *pro se* Plaintiff's original complaint.

1

2021OP76706

5. Swedish Covenant Hospital and Lutheran Social Services Illinois petitioned and certified the involuntary admission for further psychiatric evaluation of *pro se* Plaintiff to Defendant Chicago Read Mental Health Center from Swedish Covenant Hospital Department of Emergency ("ED") on or about September 23, 2016.[2]

6. On or about September 21, 2016, three peace officers from 17th District dispatched to *pro se* Plaintiff's family's home from 9-11 call originated from *pro se* Plaintiff's family member. *Pro Se* Plaintiff initiated an Illinois Freedom of Information Act (FOIA), 5 ILCS 140/1 *et seq.,* about this incident by requesting a copy of Original Case Incident Report and Case Supplementary Report. City of Chicago Department of Police, also known as Chicago Police Department ("CPD") responded to *pro se* Plaintiff's IL FOIA request file no. P053208, states as follows: Your request has been reviewed by the undersigned. It has been determined that after searching our databases, using the information and parameters that you have provided, there are no records of said incident; therefore, there are no supporting documents such as video footage. Your request has generated no responsive records.[3]

## II. ARGUMENT

7. The purpose of this *pro se* Plaintiff's motion to vacate the dismissal and reinstate the original case *instanter* pursuant to 735 ILCS 5/13-217 is to reinstate *pro se* Plaintiff's original case to pre-trial hearing and to allow *pro se* Plaintiff to present a complete presentment of material facts and prima facie evidence before the Court.

8. Illinois Code of Civil Procedure Section 13-217 allows *pro se* Plaintiff to file motion to vacate and reinstate the original case *instanter,* states as follows:

> "[...]If judgment is entered against plaintiff, or the action is dismissed by a United States District Court for lack of jurisdiction, or the action is dismissed by a United States District Court for improper venue, then, whether or not the time limitation for bringing such action expires during the pendency of such action, the plaintiff, his or her heirs, executors or administrators may commence a new action within one year or within the remaining period of limitation, whichever is greater, after such judgment is reversed or entered against the plaintiff...." 735 ILCS 5/13-217.

WHEREFORE, *pro se* Plaintiff prays to the Honorable Court to grant *pro se* Plaintiff's motion to vacate the dismissal and reinstate the original case *instanter* pursuant to 735 ILCS 5/13-217 and enter an order granting *pro se* Plaintiff to reinstate the case within fourteen (14) business/court days and to continue filing.

---

[2] *See* Exhibit B: Review *pro se* Plaintiff's motion to vacate dismissal and reinstate the original case *instanter* dated on September 14, 2021, notice of motion, and exhibits, which include *pro se* Plaintiff's original complaint.

[3] See Exhibit C: Review *pro se* Plaintiff's motion, notice of motion, and exhibits dated on April 15, 2021, which includes IL FOIA request file no. P053208; and *see* Jerico Matias Cruz v. Chicago Police Department, 2019 CH 12255, for further information about the incident on *pro se* Plaintiff's family' home incident on or about September 21, 2016.

2021OP76706

Date: September 14, 2021          Respectfully Submitted,

                                   _/s/ Jerico Matias Cruz
                                  Jerico Matias Cruz
                                  5135 N Keating Ave
                                  Chicago, Illinois 60630
                                  theconsultantoo0oo@gmail.com or
                                  j-cruz7@neiu.edu
                                  (847) 906-3123
                                  *Pro Se 99500*

Under penalties as provided by law pursuant to 735 ILCS 5/1-109 the above signed certifies that the statements set forth herein are true and correct.

3

FILED
9/14/2021 3:56 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2020L009835

14816420

# Exhibit A: Pro Se Plaintiff's Complaint

- *Pro Se* Plaintiff's Complaint

FILED
9/27/2021 12:00 AM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2021OP76706
Calendar, 72

**Civil Action Cover Sheet - Case Initiation**      **(05/27/16) CCL 0520·**

FILED
9/14/2021 3:56 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2020L009835

14816420

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

*JERICO MATIAS CRUZ*

v.

*CHICAGO-READ MENTAL HEALTH CENTER, ET AL.*

No.   **2020L009835**

### CIVIL ACTION COVER SHEET - CASE INITIATION

A Civil Action Cover Sheet - Case Initiation shall be filed with the complaint in all civil actions. The information contained herein is for administrative purposes only and cannot be introduced into evidence. Please check the box in front of the appropriate case type which best characterizes your action. Only one (1) case type may be checked with this cover sheet.

Jury Demand ☑ Yes ☐ No

| | | |
|---|---|---|
| | | FILED |
| | | 9/14/2020 4:07 PM |
| | | DOROTHY BROWN |
| | | CIRCUIT CLERK |
| | | COOK COUNTY, IL |
| | | 10441114 |

**(FILE STAMP)**

#### PERSONAL INJURY/WRONGFUL DEATH
CASE TYPES:
- ☐ 027 Motor Vehicle
- ☑ 040 Medical Malpractice
- ☐ 047 Asbestos
- ☐ 048 Dram Shop
- ☐ 049 Product Liability
- ☐ 051 Construction Injuries (including Structural Work Act, Road Construction Injuries Act and negligence)
- ☐ 052 Railroad/FELA
- ☐ 053 Pediatric Lead Exposure
- ☐ 061 Other Personal Injury/Wrongful Death
- ☑ 063 Intentional Tort
- ☐ 064 Miscellaneous Statutory Action (Please Specify Below**)
- ☐ 065 Premises Liability
- ☐ 078 Fen-phen/Redux Litigation
- ☐ 199 Silicone Implant

#### TAX & MISCELLANEOUS REMEDIES
CASE TYPES:
- ☐ 007 Confessions of Judgment
- ☐ 008 Replevin
- ☐ 009 Tax
- ☐ 015 Condemnation
- ☐ 017 Detinue
- ☐ 029 Unemployment Compensation
- ☐ 031 Foreign Transcript
- ☐ 036 Administrative Review Action
- ☐ 085 Petition to Register Foreign Judgment
- ☐ 099 All Other Extraordinary Remedies

#### COMMERCIAL LITIGATION
CASE TYPES:
- ☐ 002 Breach of Contract
- ☐ 070 Professional Malpractice (other than legal or medical)
- ☐ 071 Fraud (other than legal or medical)
- ☐ 072 Consumer Fraud
- ☐ 073 Breach of Warranty
- ☐ 074 Statutory Action (Please specify below.**)
- ☐ 075 Other Commercial Litigation (Please specify below.**)
- ☐ 076 Retaliatory Discharge

#### OTHER ACTIONS
CASE TYPES:
- ☐ 062 Property Damage
- ☐ 066 Legal Malpractice
- ☐ 077 Libel/Slander
- ☐ 079 Petition for Qualified Orders
- ☐ 084 Petition to Issue Subpoena
- ☐ 100 Petition for Discovery

** _____

_____

Primary Email: _____

Secondary Email: _____

By: _____ *JERICO MATIAS CRUZ* Tertiary Email: _____
     (Attorney)      (Pro Se)   G9500

**Pro Se Only:** ☑ I have read and agree to the terms of the *Clerk's Office Electronic Notice Policy* and choose to opt in to electronic notice form the Clerk's Office for this case at this email address: *J-Cruz7@neiu.edu*

## DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
Page 1 of 1

Complaint-Verified (This form replaces CCMD-8A)

(2/25/05) CCI

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

JERICO MATIAS CRUZ
_____
Plaintiff(s)

v.

CHICAGO-READ MENTAL HEALTH
CENTER, ET AL.
_____
Defendant(s)

No. _____

Contract _____

Amount Claimed $ _100,000.00_

Return Date _____

## COMPLAINT

The Plaintiff(s) claim(s) as follows:

JERICO MATIAS CRUZ ("PLAINTIFF") IS FILING A CIVIL LAWSUIT AGAINST CHICAGO-READ MENTAL HEALTH CENTER, ET AL. ("DEFENDANT") FOR MEDICAL MALPRACTICE AND INTENTIONAL TORT CLAIM. DEFENDANT FAILED TO ADEQUATE PROVIDE QUALITY CARE OF SERVICE TO PLAINTIFF. DEFENDAN FALSIFIED PLAINTIFF'S MEDICAL RECORDS. DEFENDANT FAILED TO PROPERLY DIAGNOSE PLAINTIFF'S MEDICAL CONDITION. WHEREFORE, PLAINTIFF CLAIMS $100,000.0 FOR COMPENSATORY DAMAGES, PUNITIVE DAMAGES AND OR OTHER JUST RELIEF.

I, _JERICO MATIAS CRUZ_, certify that I am the _____
(Name)

plaintiff in the above entitled action. The allegations in this complaint are true.

(Name of Attorney if applicable)

Atty. No.: _____

Pro Se 99500

Atty. (or Pro Se Plaintiff):

Name: _JERICO MATIAS CRUZ_

Address: _5135 N KEATING AVE_

City/State/Zip: _CHICAGO, IL 60630_

Telephone: _847-906-3123_

Dated: _SEPTEMBER 14_, _2020_

_____
Signature

☑ Under penalties as provided by law pursuant to 735 ILCS 5/1. the abovesigned certifies that the statements set forth herein are true and correct.

DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Copy Distribution - White: 1. ORIGINAL - COURT FILE  Canary: 2. COPY  Pink: 3. COPY  Gold: 4. COPY

| | |
|---|---|
| 2120 - Served | 2121 - Served |
| 2220 - Not Served | 2221 - Not Served |
| 2320 - Served By Mail | 2321 - Served By Mail |
| 2420 - Served By Publication | 2421 - Served By Publication |
| SUMMONS | ALIAS - SUMMONS |

2021OP76706

(2/28/11) CCG N001

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, _____ *LAW* _____ DIVISION

No. __2020L009835__

*JERICO MATIAS CRUZ*
_____
(Name all parties)

v.

*CHICAGO-READ MENTAL HEALTH CENTER, ET AL.*

*CHICAGO READ MENTAL HEALTH CENTER 4200 N OAK PARK AVE CHICAGO, IL 60634*

☑ SUMMONS  ☐ ALIAS SUMMONS

**To each Defendant:**

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

☑ Richard J. Daley Center, 50 W. Washington, Room _____, Chicago, Illinois 60602

| | | |
|---|---|---|
| ☐ District 2 - Skokie 5600 Old Orchard Rd. Skokie, IL 60077 | ☐ District 3 - Rolling Meadows 2121 Euclid Rolling Meadows, IL 60008 | ☐ District 4 - Maywood 1500 Maybrook Ave. Maywood, IL 60153 |
| ☐ District 5 - Bridgeview 10220 S. 76th Ave. Bridgeview, IL 60455 | ☐ District 6 - Markham 16501 S. Kedzie Pkwy. Markham, IL 60428 | ☐ Child Support 28 North Clark St., Room 200 Chicago, Illinois 60602 |

You must file within 30 days after service of this Summons, not counting the day of service.
**IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.**

**To the officer:**

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than 30 days after its date.

Atty. No.: *99500*

Name: *JERICO MATIAS CRUZ*

Atty. for: _____

Address: *5135 N KEATING AVE*

City/State/Zip: *CHICAGO, IL 60630*

Telephone: *847-906-3123*

Service by Facsimile Transmission will be accepted at: _____

WITNESS, _____, _____

9/14/2020 4:07 PM DOROTHY BROWN
_____
Clerk of Court

Date of service: _____, _____
(To be inserted by officer on copy left with defendant or other person)

_____
(Area Code)  (Facsimile Telephone Number)

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

Copy Distribution - White: 1. ORIGINAL - COURT FILE  Canary: 2. COPY  Pink: 3. COPY  Gold: 4. COPY

2021OP76706

# Exhibit B:
# 2020 L 009834

FILED
9/14/2021 3:56 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2020L009835

14816420

· Motion, Notice of Motion & Exhibits – 2020 L 009834

2021OP76706

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, LAW DIVISION**

FILED
9/14/2021 2:50 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2020L009834

14816520

|  |  |  |
|---|---|---|
| JERICO MATIAS CRUZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case no.: 2020 L 009834 |
| v. | ) | Amount Claimed: <u>$100,000.00</u> |
| | ) | |
| SWEDISH COVENANT HOSPITAL, | ) | Judge James P. Flannery |
| LUTHERAN SOCIAL SERVICES | ) | |
| OF ILLINOIS, | ) | |
| ARTEMIS KHOJASTEH, | ) | |
| SCARLETT MARIA MEYER, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**NOTICE OF MOTION**

**PLEASE TAKE NOTICE** that on October 1, 2021 at 10:30 A.M., or as soon thereafter as counsel may be heard, I shall appear before Honorable Judge James P. Flannery, or whomever may be sitting in his stead, for Room 2005, and then and there present the attached *PRO SE* **PLAINTIFF'S MOTION TO VACATE THE DISMISSAL AND REINSTATE THE ORIGINAL CASE *INSTANTER*** a copy of which is attached and served upon you.

Date: September 14, 2021

Respectfully Submitted by,
/s/ Jerico Matias Cruz
Jerico Matias Cruz
5135 N Keating Ave
Chicago, Illinois 60630
theconsultantoo0oo@gmail.com or
j-cruz7@neiu.edu
(847) 906-3123
*Pro Se* 99500

2021OP76706

## **PROOF OF SERVICE**

Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters there in stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that he verily believes the same to be true.

A copy of the *pro se* Plaintiff's Motion and this Notice of Motion were served on the above-named parties by email or Defendants' last known address on *pro se* Plaintiff's original complaint filed on September 14, 2020. On or about September 14, 2021, *pro se* Plaintiff serves this Notice upon you.

/s/ Jerico Matias Cruz

2021OP76706

## LIST OF DEFENDANTS' ADDRESS(ES)

1. Swedish Covenant Hospital
   5140 N California Ave
   Chicago, Illinois 60625

2. Lutheran Social Services of Illinois
   5140 N California Ave
   Chicago, Illinois 60625

3. Artemis Khojasteh, MD
   5145 N California Ave
   Chicago, Illinois 60625

4. Scarlett Maria Meyer, LPC
   1161 Fortune Blvd, Ste 200
   Shiloh, Illinois 62269

2021OP76706

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, LAW DIVISION**

FILED
9/14/2021 2:49 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2020L009834

14811586

|  |  |
|---|---|
| JERICO MATIAS CRUZ,       ) | |
|     ) | |
| Plaintiff,     ) | |
|     ) | Case no.: <u>2020 L 009834</u> |
| v.     ) | Amount Claimed: <u>$100,000.00</u> |
|     ) | |
| SWEDISH COVENANT HOSPITAL,     ) | Judge James P. Flannery |
| LUTHERAN SOCIAL SERVICES     ) | |
| OF ILLINOIS,     ) | |
| ARTEMIS KHOJASTEH,     ) | |
| SCARLETT MARIA MEYER,     ) | |
|     ) | |
| Defendants.     ) | |
|     ) | |

## *PRO SE* PLAINTIFF'S MOTION TO VACATE THE DISMISSAL AND REINSTATE THE ORIGINAL CASE *INSTANTER*

NOW COMES *Pro Se* Plaintiff, Jerico Matias Cruz ("Cruz"), moves this court for *pro se* Plaintiff's motion to vacate the dismissal and reinstate the original case *instanter* pursuant to 735 ILCS 5/13-217, and in support thereof, states as follows:

### I. BACKGROUND

1. This is *pro se* Plaintiff's motion to vacate the dismissal and reinstate the original case *instanter* pursuant to 735 ILCS 5/13-217.

2. On or about September 14, 2020, *pro se* Plaintiff files a civil lawsuit for *medical malpractice*[1] against (1) Defendant Swedish Covenant Hospital, which is currently located at 5140 N California Ave, Chicago, Illinois 60625, (2) Defendant Lutheran Social Services of Illinois, which is currently located at 5140 N California Ave, Chicago, Illinois 60625, (3) Defendant Artemis Khojasteh, MD, who is located at 5145 N California Ave, Chicago, Illinois 60625, and (4) Scarlett Maria Meyer, who is located at 1161 Fortune Blvd, Ste 200, Shiloh, Illinois 62269.

3. In 2020, Honorable Judge James P. Flannery dismissed case no. 2020 L 009834 for insufficient facts of the claim, but *pro se* Plaintiff states the cause of action for medical malpractice, such as negligence, misdiagnosis, and excessive billing for a medical device that was never used during the stay of *pro se* Plaintiff at Swedish Covenant Hospital Department of Emergency ("ED") between September 21, 2016 and September 23, 2016.

---

[1] *See* Exhibit A: Review *pro se* Plaintiff's original complaint.

1

2021OP76706

4. Defendant Swedish Covenant Hospital ED is the actual location of the alleged incident of *pro se* Plaintiff's medical malpractice that has occurred between September 21, 2016 and September 23, 2016.

5. Defendant Lutheran Social Services of Illinois is affiliated to Defendant Swedish Covenant Hospital when *pro se* Plaintiff's damages of injuries of medical malpractice between September 21, 2016 and September 23, 2016; both organizations collaborate at Defendant Swedish Covenant Hospital ED for mental health assessment, also known as "Project Impact".

6. Defendant Artemis Khojasteh is the licensed medical doctor ("MD") or Doctor of Osteopathy ("DO") in-charge between September 21, 2016 and September 23, 2016 at Defendant Swedish Covenant Hospital ED.

7. Defendant Scarlett Maria Meyer is the licensed professional counselor ("LPC"), who works for Defendant Lutheran Social Services of Illinois between September 21, 2016 and September 23, 2016.

## II. ARGUMENT

8. The purpose of this *pro se* Plaintiff's motion to vacate the dismissal and reinstate the original case *instanter* pursuant to 735 ILCS 5/13-217 is to reinstate *pro se* Plaintiff's original case to pre-trial hearing and to allow *pro se* Plaintiff to present a complete presentment of material facts and prima facie evidence before the Court.

9. Illinois Code of Civil Procedure Section 13-217 allows *pro se* Plaintiff to file motion to vacate and reinstate the original case *instanter,* states as follows:

> "[...]If judgment is entered against plaintiff, or the action is
> dismissed by a United States District Court for lack of jurisdiction,
> or the action is dismissed by a United States District Court for
> improper venue, then, whether or not the time limitation for
> bringing such action expires during the pendency of such action,
> the plaintiff, his or her heirs, executors or administrators may
> commence a new action within one year or within the remaining
> period of limitation, whichever is greater, after such judgment is
> reversed or entered against the plaintiff...." 735 ILCS 5/13-217.

WHEREFORE, *pro se* Plaintiff prays to the Honorable Court to grant *pro se* Plaintiff's motion to vacate the dismissal and reinstate the original case *instanter* pursuant to 735 ILCS 5/13-217 and enter an order granting *pro se* Plaintiff to reinstate the case within fourteen (14) business/court days and to continue filing.

Date: September 14, 2021          Respectfully Submitted,

_/s/ Jerico Matias Cruz

2

2021OP76706

Jerico Matias Cruz
5135 N Keating Ave
Chicago, Illinois 60630
theconsultantoo0oo@gmail.com or
j-cruz7@neiu.edu
(847) 906-3123
*Pro Se 99500*

Under penalties as provided by law pursuant to 735 ILCS 5/1-109 the above signed certifies that the statements set forth herein are true and correct.

3

2021OP76706

FILED
9/14/2021 2:49 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2020L009834

14811586

# Exhibit A:
# Pro Se Plaintiff's Complaint

- *Pro Se* Plaintiff's Complaint

2021OP76706

**Civil Action Cover Sheet - Case Initiation** -    (05/27/16) CCL 0520

FILED
9/14/2021 2:49 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2020L009834

14811586

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, LAW DIVISION

JERICO MATIAS CRUZ

v.

SWEDISH COVENANT HOSPITAL, ET AL,
LUTHERAN SOCIAL SERVICES OF ILLINOIS, ET AL.,
ARTEMIS KHOJASTEH, M.D,
SCARLETT MARIA MEYER, LCPC

No.    2020L009834

### CIVIL ACTION COVER SHEET - CASE INITIATION

A Civil Action Cover Sheet - Case Initiation shall be filed with the complaint in all civil actions. The information contained herein is for administrative purposes only and cannot be introduced into evidence. Please check the box in front of the appropriate case type which best characterizes your action. Only one (1) case type may be checked with this cover sheet.

Jury Demand   ☐ Yes   ☐ No

FILED

9/14/2020 3:57 PM

DOROTHY BROWN

CIRCUIT CLERK

COOK COUNTY, IL

10440131

**(FILE STAMP)**

### PERSONAL INJURY/WRONGFUL DEATH
CASE TYPES:

☐ 027 Motor Vehicle
☑ 040 Medical Malpractice
☐ 047 Asbestos
☐ 048 Dram Shop
☐ 049 Product Liability
☐ 051 Construction Injuries
   (including Structural Work Act, Road
   Construction Injuries Act and negligence)
☐ 052 Railroad/FELA
☐ 053 Pediatric Lead Exposure
☐ 061 Other Personal Injury/Wrongful Death
☐ 063 Intentional Tort
☐ 064 Miscellaneous Statutory Action
   (Please Specify Below**)
☐ 065 Premises Liability
☐ 078 Fen-phen/Redux Litigation
☐ 199 Silicone Implant

### TAX & MISCELLANEOUS REMEDIES
CASE TYPES:

☐ 007 Confessions of Judgment
☐ 008 Replevin
☐ 009 Tax
☐ 015 Condemnation
☐ 017 Detinue
☐ 029 Unemployment Compensation
☐ 031 Foreign Transcript
☐ 036 Administrative Review Action
☐ 085 Petition to Register Foreign Judgment
☐ 099 All Other Extraordinary Remedies

### COMMERCIAL LITIGATION
CASE TYPES:

☐ 002 Breach of Contract
☐ 070 Professional Malpractice
   (other than legal or medical)
☐ 071 Fraud (other than legal or medical)
☐ 072 Consumer Fraud
☐ 073 Breach of Warranty
☐ 074 Statutory Action
   (Please specify below.**)
☐ 075 Other Commercial Litigation
   (Please specify below.**)
☐ 076 Retaliatory Discharge

### OTHER ACTIONS
CASE TYPES:

☐ 062 Property Damage
☐ 066 Legal Malpractice
☐ 077 Libel/Slander
☐ 079 Petition for Qualified Orders
☐ 084 Petition to Issue Subpoena
☐ 100 Petition for Discovery

** _____

_____

Primary Email: _____

Secondary Email: _____

Tertiary Email: _____

By: _____ JERICO MATIAS CRUZ

(Attorney)          (Pro Se) 99500

**Pro Se Only:** ☑ I have read and agree to the terms of the *Clerk's Office Electronic Notice Policy* and choose to opt in to electronic notice form the Clerk's Office for this case at this email address: ___J-CRUZ7@NEIU.EDU___

## DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Page 1 of 1

2021OP76706

Complaint-Verified (This form replaces CCMD-8A)

(2/25/05) CC

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

JERICO MATIAS CRUZ

**Plaintiff(s)**

v.

SWEDISH COVENANT HOSPITAL, ET AL.,
LUTHERAN SOCIAL SERVICES, ETAL.,
ARTEMIS KHOJASTEH, MD,
SCARLETT MARIA MEYER, LPC

**Defendant(s)**

No. 2020L009834

Contract _____

Amount Claimed $ 100,000.00

Return Date _____

FILED
9/14/2020 3:57 PM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL

## COMPLAINT

The Plaintiff(s) claim(s) as follows:

JERICO MATIAS CRUZ ("PLAINTIFF") IS FILING A CIVIL LAWSUI AGAINST SWEDISH COVENANT HOSPITAL ("DEFENDANT 1"), ET AL., LUTHERAN SOCIAL SERVICES, ET AL., ARTEMIS KHOJASTEH, MD ("DEFENDANT 2"), ("DEFENDANT 3"), AND SCARLETT MARIA MEYER, LPC ("DEFENDANT 4") FOR MEDICAL MALPRACTICE AND INTENTIONAL TORT CLAIM. DEFENDANT 1, DEFENDANT 2, DEFENDANT 3, AND DEFENDANT 4 FAILED TO ADEQUATELY PROVIDE QUALITY CARE OF SERVICE TO PLAINTIFF DEFENDANT 3 AND DEFENDANT FALSIFIED PLAINTIFF'S MEDICAL RECORDS, DEFENDANT 3 4 AND DEFENDANT 4 FAILED TO PROPERLY DIAGNOSE PLAINTIFF'S MEDICAL CONDITION. WHEREFORE, PLAINTIFF CLAIM $100,000.00 FOR COMPENSATORY DAMAGES, PUNITIVE DAMAGES, AND / OTHER JUST RELIEF.

I, JERICO MATIAS CRUZ, certify that I am the _____

(Name)

plaintiff in the above entitled action. The allegations in this complaint are true.

(Name of Attorney if applicable)

Atty. No.: _____

Pro Se 99500

Atty. (or Pro Se Plaintiff):

Name: JERICO MATIAS CRUZ

Address: 5135 N KEATING AVE

City/State/Zip: CHICAGO, IL 60630

Telephone: 847-966-3123

Dated: SEPTEMBER 14, 2020

_____
Signature

☑ Under penalties as provided by law pursuant to 735 ILCS 5/1- the abovesigned certifies that the statements set forth herein are true and correct.

DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Copy Distribution - White: 1. ORIGINAL - COURT FILE Canary: 2. COPY Pink: 3. COPY

| 2120 - Served | 2121 - Served | |
|---|---|---|
| 2220 - Not Served | 2221 - Not Served | 2021OP76706 |
| 2320 - Served By Mail | 2321 - Served By Mail | |
| 2420 - Served By Publication | 2421 - Served By Publication | |
| SUMMONS | ALIAS - SUMMONS | (2/28/11) CCG N001 |

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, _____ DIVISION

No. 2020L009834

JERICO MATIAS CRUZ
(Name all parties)

v.

SWEDISH COVENANT HOSPITAL, ET AL.,
LUTHERAN SOCIAL SERVICES OF ILLINOIS, et al,
ARTEMES KHOJASTEH, MP,
SCARLETT MARIA MEYER

LUTHERAN SOCIAL SERVICES
OF ILLINOIS
5215 N. CALIFORNIA AVE
CHICAGO IL 60625

☑ SUMMONS ☐ ALIAS SUMMONS

**To each Defendant:**

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

☐ Richard J. Daley Center, 50 W. Washington, Room _____, Chicago, Illinois 60602

☐ District 2 - Skokie
5600 Old Orchard Rd.
Skokie, IL 60077

☐ District 3 - Rolling Meadows
2121 Euclid
Rolling Meadows, IL 60008

☐ District 4 - Maywood
1500 Maybrook Ave.
Maywood, IL 60153

☐ District 5 - Bridgeview
10220 S. 76th Ave.
Bridgeview, IL 60455

☐ District 6 - Markham
16501 S. Kedzie Pkwy.
Markham, IL 60428

☐ Child Support
28 North Clark St., Room 200
Chicago, Illinois 60602

You must file within 30 days after service of this Summons, not counting the day of service.
**IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.**

**To the officer:**

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than 30 days after its date.

Atty. No.: 99560

Name: JERICO MATIAS CRUZ

Atty. for: _____

Address: 5135 N KEATING AVE

City/State/Zip: CHICAGO, IL 60630

Telephone: 847-906-3183

Service by Facsimile Transmission will be accepted at: _____

WITNESS, _____, _____

9/14/2020 3:57 PM DOROTHY BROWN

Clerk of Court

Date of service: _____, _____
(To be inserted by officer on copy left with defendant or other person)

(Area Code)   (Facsimile Telephone Number)

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

Copy Distribution - White: 1. ORIGINAL - COURT FILE  Canary: 2. COPY  Pink: 3. COPY  Gold: 4. COPY

| 2120 - Served | 2121 - Served | 2021OP76706 |
| 2220 - Not Served | 2221 - Not Served | |
| 2320 - Served By Mail | 2321 - Served By Mail | |
| 2420 - Served By Publication | 2421 - Served By Publication | |
| SUMMONS | ALIAS - SUMMONS | (2/28/11) CCG N001 |

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, _____ DIVISION

No. _____

*JERICO MATIAS CRUZ*

(Name all parties)

v.

*SWEDISH COVENANT HOSPITAL, ET AL.,*
*LUTHERAN SOCIAL SERVICES OF ILLINOIS, ET AL.*
*ARTEMES KHOJASTEH, MD,*
*SCARLETT MARIA MEYER, LCPC*

*SWEDISH COVENANT HOSPITAL*
*ATTN: LEGAL DEPARTMENT*
*5140 N. CALIFORNIA AVE*
*CHICAGO, IL 60625*

☑ SUMMONS  ☐ ALIAS SUMMONS

**To each Defendant:**

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

☐ Richard J. Daley Center, 50 W. Washington, Room _____, Chicago, Illinois 60602

☐ **District 2 - Skokie**
5600 Old Orchard Rd.
Skokie, IL 60077

☐ **District 3 - Rolling Meadows**
2121 Euclid
Rolling Meadows, IL 60008

☐ **District 4 - Maywood**
1500 Maybrook Ave.
Maywood, IL 60153

☐ **District 5 - Bridgeview**
10220 S. 76th Ave.
Bridgeview, IL 60455

☐ **District 6 - Markham**
16501 S. Kedzie Pkwy.
Markham, IL 60428

☐ **Child Support**
28 North Clark St., Room 200
Chicago, Illinois 60602

You must file within 30 days after service of this Summons, not counting the day of service.
IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.

**To the officer:**

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than 30 days after its date.

Atty. No.: *99500*

Name: *JERICO MATIAS CRUZ*

Atty. for: _____

Address: *5135 N KEATING AVE*

City/State/Zip: *CHICAGO, IL 60630*

Telephone: *847-906-3103*

Service by Facsimile Transmission will be accepted at: _____

WITNESS, _____, _____

_____
Clerk of Court

Date of service: _____, _____
(To be inserted by officer on copy left with defendant or other person)

_____
(Area Code)  (Facsimile Telephone Number)

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

Copy Distribution - White: 1. ORIGINAL - COURT FILE  Canary: 2. COPY  Pink: 3. COPY  Gold: 4. COPY

| | | |
|---|---|---|
| 2120 - Served | 2121 - Served | 2021OP76706 |
| 2220 - Not Served | 2221 - Not Served | |
| 2320 - Served By Mail | 2321 - Served By Mail | |
| 2420 - Served By Publication | 2421 - Served By Publication | |
| SUMMONS | ALIAS - SUMMONS | (2/28/11) CCG N001 |

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, _____ DIVISION

No. _____

JERICO MATIAS CRUZ
(Name all parties)

v.

SWEDISH COVENANT HOSPITAL, ET AL,
LUTHERAN SOCIAL SERVICES OF ILLINOIS, ET AL,
ARTEMIS KHOJASTEH, MD,
SCARLETT MARIA MEYER, LCPC

ARTEMES KHOJASTEH, MD
SWEDESH COVENANT HOSPITAL
ATTN: DEPARTMENT OF EMERGENC
MEDECINE/DR. ARTEMES
KHOJASTEH, MD.
5145 N. CALIFORNIA AV
CHICAGO, IL 60625

☑ SUMMONS  ☐ ALIAS SUMMONS

**To each Defendant:**

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

☑ Richard J. Daley Center, 50 W. Washington, Room _____, Chicago, Illinois 60602

| | | |
|---|---|---|
| ☐ District 2 - Skokie | ☐ District 3 - Rolling Meadows | ☐ District 4 - Maywood |
| 5600 Old Orchard Rd. | 2121 Euclid | 1500 Maybrook Ave. |
| Skokie, IL 60077 | Rolling Meadows, IL 60008 | Maywood, IL 60153 |
| ☐ District 5 - Bridgeview | ☐ District 6 - Markham | ☐ Child Support |
| 10220 S. 76th Ave. | 16501 S. Kedzie Pkwy. | 28 North Clark St., Room 200 |
| Bridgeview, IL 60455 | Markham, IL 60428 | Chicago, Illinois 60602 |

You must file within 30 days after service of this Summons, not counting the day of service.
**IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.**

**To the officer:**

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than 30 days after its date.

Atty. No.: 99500

Name: JERICO MATIAS CRUZ

Atty. for: _____

Address: 5135 N KEATING AVE

City/State/Zip: CHICAGO, IL 60630

Telephone: 847-906-3123

Service by Facsimile Transmission will be accepted at: _____

WITNESS, _____, _____

_____
Clerk of Court

Date of service: _____, _____
(To be inserted by officer on copy left with defendant or other person)

(Area Code) (Facsimile Telephone Number)

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

Copy Distribution - White: 1. ORIGINAL - COURT FILE  Canary: 2. COPY  Pink: 3. COPY  Gold: 4. COPY

| 2120 - Served | 2121 - Served | |
|---|---|---|
| 2220 - Not Served | 2221 - Not Served | |
| 2320 - Served By Mail | 2321 - Served By Mail | 2021OP76706 |
| 2420 - Served By Publication | 2421 - Served By Publication | |
| SUMMONS | ALIAS - SUMMONS | (2/28/11) CCG N001 |

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, _____LAW_____ DIVISION

No. _____

JERICO MATIAS CRUZ
_____
(Name all parties)

v.

SWEDISH COVENANT HOSPITAL, ET AL,
LUTHERAN SOCIAL SERVICES OF ILLINOIS, ETC.,
ARTEMIS KHOJASTEH, MD,
SCARLETT MARIA MEYER, LCPC

SCARLETT MARIA MEYER
1161 FORTUNE BLVD, STE 2a
SHILOH, IL 62269

☑ SUMMONS ☐ ALIAS SUMMONS

**To each Defendant:**

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

☑ **Richard J. Daley Center, 50 W. Washington, Room** _____ **, Chicago, Illinois 60602**

| | | | |
|---|---|---|---|
| ☐ **District 2 - Skokie**<br>5600 Old Orchard Rd.<br>Skokie, IL 60077 | ☐ **District 3 - Rolling Meadows**<br>2121 Euclid<br>Rolling Meadows, IL 60008 | | ☐ **District 4 - Maywood**<br>1500 Maybrook Ave.<br>Maywood, IL 60153 |
| ☐ **District 5 - Bridgeview**<br>10220 S. 76th Ave.<br>Bridgeview, IL 60455 | ☐ **District 6 - Markham**<br>16501 S. Kedzie Pkwy.<br>Markham, IL 60428 | | ☐ **Child Support**<br>28 North Clark St., Room 200<br>Chicago, Illinois 60602 |

You must file within 30 days after service of this Summons, not counting the day of service.
**IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.**

**To the officer:**

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than 30 days after its date.

Atty. No.: 99500

Name: JERICO MATIAS CRUZ

Atty. for: _____

Address: 5135 N KEATING AVE

City/State/Zip: CHICAGO, IL 60630

Telephone: 847-906-3123

Service by Facsimile Transmission will be accepted at: _____

WITNESS, _____, _____

_____
**Clerk of Court**

Date of service: _____, _____
(To be inserted by officer on copy left with defendant or other person)

(Area Code)  (Facsimile Telephone Number)

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

Copy Distribution - White: 1. ORIGINAL - COURT FILE  Canary: 2. COPY  Pink: 3. COPY  Gold: 4. COPY

2021OP76706

# Exhibit C:
# 2019 CH 12255

FILED
9/14/2021 3:56 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2020L009835

14816420

- Motion, Notice of Motion & Exhibits - 2019 CH 12255

Return Date: No return date scheduled
Hearing Date: No hearing scheduled
Courtroom Number: No hearing scheduled
Location: No hearing scheduled

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, CHANCERY DIVISION**

FILED
9/16/2021 3:56 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2019CH12255

12965526

Jerico Matias Cruz,                    )
                                       )
              Plaintiff,               )
                                       )
       v.                              )        **Case no.: 2019 CH 12255**
                                       )
City of Chicago Department of Police,  )
                                       )
              Defendant.               )
                                       )

**NOTICE OF MOTION**

To:    City of Chicago
       Department of Police
       Attn: Office of Legal Affairs
       3510 S Michigan Ave
       Chicago, Illinois 60653

   **PLEASE TAKE NOTICE** that on May 14, 2021 at 10:00 A.M., or as soon thereafter as counsel may be heard, I shall appear before Judge Celia Gamrath, or whomever may be sitting in her stead, for Room 2508, and then and there present the attached **Motion to Amend Plaintiff's Original Complaint Pursuant to 735 ILCS 5/2-604.2** a copy of which is attached and served upon you.

                              Respectfully Submitted,

                              /s/ Jerico Matias Cruz
                              Jerico Matias Cruz
                              5135 N Keating Ave
                              Chicago, Illinois 60630
                              (847) 906-3123
                              j-cruz7@neiu.edu
                              *Pro Se* 99500

2021OP76706

## CERTIFICATE OF SERVICE

Under Penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters there in stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that he verily believes the same to be true.

A copy of the Motion and this Notice was served on the above-named parties by mail on April 15, 2021.

/s/ Jerico Matias Cruz

2021OP76706

Return Date: No return date scheduled
Hearing Date: No hearing scheduled
Courtroom Number: No hearing scheduled
Location: No hearing scheduled

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, CHANCERY DIVISION**

FILED
4/15/2021 12:06 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2019CH12255

12967595

|  |  |
|---|---|
| JERICO MATIAS CRUZ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| CITY OF CHICAGO | ) |
| DEPARTMENT OF POLICE | ) |
| | ) |
| Defendant. | ) |
| | ) |

Case no.: 2019 CH 12255

## MOTION TO AMEND PLAINTIFF'S
## ORIGINAL COMPLAINT PURSUANT TO 735 ILCS 5/2-604.2

1.  Plaintiff, Jerico Matias Cruz, moves this Court to amend Plaintiff's original complaint pursuant to 735 ILCS 5/2-604.2.

### BACKGROUND

2.  On or about December 22, 2019, Plaintiff filed an administrative review lawsuit against Defendant, City of Chicago Department of Police, also known as Chicago Police Department. Plaintiff informally filed a complaint and not properly stated the relief, or remedy on Plaintiff's original complaint[1].

### LEGAL STANDARD

3.  Illinois circuit courts operate under Illinois State Constitution, Illinois Compiled Statutes and Illinois Supreme Court Rules. Civil proceedings enacted upon the codified rules of Illinois Civil procedure. Illinois circuit courts adjudicate prima facie evidence and material facts in accordance with Plaintiff's pleading. Defendants shall be held accountable to answer Plaintiff's pleading after an issuance of summon within 30 days. Any responsive statutes or laws should be applied when Illinois circuit court cross-examined prima facie evidence and material facts by following Illinois Rules of Evidence and Illinois Supreme Court Rules during civil proceedings.

4.  Pursuant to Illinois Code of Civil Procedure, 735 ILCS 5/2-101 *et seq.*, Plaintiff's complaint follows the codified rules of Illinois Code of Civil Procedure when adjudicating Illinois circuit courts' chancery cases. Illinois circuit courts are fact-pleading state courts. In *La Salle Nat. Trust, N.A., v. Village of Mettawa and Lawson v. City of Chicago*, Plaintiff sets out the ultimate facts which support his causes of action and legal conclusions supported by allegations of specific fact are sufficient.[2] Plaintiff's complaint is filed on proper venue; Plaintiff's complaint is lawfully dealth with

---

1 *See* Exhibit A: Plaintiff's original complaint.
2 *See LaSalle Nat. Trust, N.A., v. Village of Mettawa*, 249 Ill. App. 3d 550, 557 (2d Dist. 1993). *Lawson v. City of Chicago,*

1

2021OP76706

subject matter jurisdiction and personal jurisdiction; and Plaintiff's complaint is constructed simply and conservatively guided by Illinois Code of Civil Procedure. In *Mt. Zion St. Bank v. Consolidated Communications*, Plaintiff's complaint is pleaded with facts and cannot be aided by any principle of liberal construction.[3] Plaintiff's complaint enumerates a list of material facts that have been recorded and requested under Illinois Freedom of Information Act (FOIA), 5 ILCS 140/1 *et seq.*; material facts and prima facie evidence from Plaintiff's exhibits; and other material facts and prima facie evidence related to Plaintiff's chancery case.

## ARGUMENT

5.     Plaintiff informally filed a complaint against Defendant without properly stating the relief or remedy. Plaintiff seeks to amend the original complaint and to include the proper relief or remedy pursuant to Section 2-604.2(b) and (d) of the Illinois Code of Civil Procedure, 735 ILCS 5/1-101 *et seq.*.

**(A) Request for remedy from the Court not included in the original complaint pursuant to Section 2-604.2(b)**

> A *party* may *request remedies* from the *court* in the alternative. A request for a *remedy* from the court that is not supported by allegations in the *complaint* or counterclaim may be objected to by *motions* or in the answering pleading.

**(B) In case of default, the defaulted party must received a notice pursuant to Section 2-604.2(d**)

> In the case of *default*, if a *remedy* is sought in the pleading, whether by *amendment*, counterclaim, or otherwise, that is beyond what the defaulted party as provided by Illinois Supreme Court Rule 105.

## CONCLUSION

Illinois circuit courts have the power to amend Plaintiff's original complaint pursuant to Section 2-604.2b and d of the Illinois Code of Civil Procedure, 735 ILCS 5/1-101 *et seq.*.

WHEREFORE, Plaintiff is praying for the Honorable Court to grant the following relief(s) for the motion to amend Plaintiff's original complaint, as follows:

(1) To amend the original complaint with proper relief or remedy; and
(2) Order Plaintiff to formally amend and include sufficient relief or remedy.

I, Jerico Matias Cruz, certify that I am the Plaintiff in the above entitled action. The allegations in this complaint are true.

---

278 Ill. App. 3d at 634.
3 *See Mt. Zion St. Bank v. Consolidated Communications*, 169 Ill. 2d 110, 118-19 (1995).

Dated: April 15, 2021

2021OP76706

FILED DATE: 4/15/2021 2:35 PM 2021OP76706

Respectfully Submitted,

 _/s/ Jerico Matias Cruz
Jerico Matias Cruz
5135 N Keating Ave
Chicago, Illinois 60630
j-cruz7@neiu.edu
(847) 906-3123
*Pro Se 99500*

Under penalties as provided by law pursuant to 735 ILCS 5/1-109 the above signed certifies that the statements set forth herein are true and correct.

3

Return Date: No return date scheduled
Hearing Date: No hearing scheduled
Courtroom Number: No hearing scheduled
Location: No hearing scheduled

2021OP76706

FILED
4/15/2021 12:06 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2019CH12255

12967595

# Exhibit A: Original Complaint

- Cover Sheet
- Original Complaint
- Summon

2021OP76706

# Cover Sheet

Chancery Division Civil Cover Sheet - General Chancery Section      (Rev. 6/15/09) CCCH 0623

Return Date: No return date scheduled
Hearing Date:
Courtroom Number: 2508
Location: District 1 Court
   Cook County, IL

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, CHANCERY DIVISION**

FILED
10/22/2019 3:42 PM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2019CH12255
7059254

JEREO MATIAS CRUZ
                      **Plaintiff**
     v.

CHICAGO POLICE DEPARTMENT
                   **Defendant**

No.   2019CH12255

## CHANCERY DIVISION CIVIL COVER SHEET
### GENERAL CHANCERY SECTION

A Chancery Division Civil Cover Sheet - General Chancery Section shall be filed with the initial complaint in all actions filed in the General Chancery Section of Chancery Division. The information contained herein is for administrative purposes only. Please check the line in front of the appropriate category which best characterizes your action being filed.

0005 ✓   Administrative Review
0001   Class Action
0002   Declaratory Judgment
0004   Injunction

0007   General Chancery
0010   Accounting              0019   Partition
0011   Arbitration             0020   Quiet Title
0012   Certiorari              0021   Quo Warranto
0013   Dissolution of Corporation    0022   Redemption Rights
0014   Dissolution of Partnership    0023   Reformation of a Contract
0015   Equitable Lien         0024   Rescission of a Contract
0016   Interpleader          0025   Specific Performance
0017   Mandamus           0026   Trust Construction
0018   Ne Exeat                 Other (specify)

By: _____
               Attorney            Pro Se

Atty. No.: 99500
Name: JEREO MATIAS CRUZ
Atty. for: _____
Address: 5135 N KEATING AVE
City/State/Zip: CHICAGO, IL 60630
Telephone: 847-906-3123

DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

2021OP76706

# Original Complaint

Complaint-Verified (This form replaces CCMD-8A)                                           (2/25/05) CCM N008

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

JERICO MATIAS CRUZ

                                        Plaintiff(s)

v.

CHICAGO POLICE DEPARTMENT

                                        Defendant(s)

No. _____ 2019CH12255 _____

Contract _____

Amount Claimed $ _____

Return Date _____

FILED
10/22/2019 3:42 PM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2019CH12255

### COMPLAINT

The Plaintiff(s) claim(s) as follows:

Plaintiff is seeking for administrative review or judicial review for the following Freedom of Information Act (FOIA) requests that have been misrepresented with material fact, such as police reports, by SGT Jankowski, et al at 17th District Chicago Police of the Chicago Police Department:

a) P053208; and
b) P468308

I, JERICO MATIAS CRUZ , certify that I am the _____
                (Name)                                          (Name of Attorney if applicable)
plaintiff in the above entitled action. The allegations in this complaint are true.

Atty. No.: 99500          (Pro Se 99500)          Dated: October 22 , 2019

Atty. (or Pro Se Plaintiff):

Name: JERICO MATIAS CRUZ

Address: 5135 N KEATING AVE

City/State/Zip: CHICAGO, IL 60630

Telephone: 847- 906-3123

Signature

☑ Under penalties as provided by law pursuant to 735 ILCS 5/1-109 the abovesigned certifies that the statements set forth herein are true and correct.

DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Copy Distribution - White: 1. ORIGINAL - COURT FILE Canary: 2. COPY Pink: 3. COPY Gold: 4. COPY

2021OP76706



FILED DATE: 10/22/2019 3:42 PM 2019CH12255

| **Rahm Emanuel**<br>Mayor | **Department of Police** · **City Of Chicago**<br>3510 South Michigan Avenue · Chicago, Illinois 60653 | **Eddie T. Johnson**<br>Superintendent of Police |
|---|---|---|

October 20, 2016

**VIA MAIL**
Jerico M. Cruz
5135 N. Keating Ave.
Chicago, IL 60630

Re: **NOTICE OF RESPONSE TO FOIA REQUEST**
    **REQUEST DATE:**    **October 17, 2016**
    **FOIA FILE NO:**    **P053208**

Dear Mr.Cruz:

The Chicago Police Department (CPD) is in receipt of your Freedom of Information Act (FOIA) request stating:

*"Please provide a copy of the video cam of the police officers who responded at 5135 N. Keating Ave. Chicago, IL 60630 between Sept. 21-22, 2016."*

Your request has been reviewed by the undersigned. It has been determined that after searching our databases, using the information and parameters that you have provided, there are no records of said incident; therefore, there are no supporting documents such as video footage. Your request has generated **no responsive records**.

If I can be of further assistance, you may contact me at (312) 745-5308, or by mail at the following address:

> Chicago Police Department
> Attn: Freedom of Information Officer
> Office of Legal Affairs, Unit 114
> 3510 S. Michigan Ave.
> Chicago, IL 60653

You have a right of review by the Illinois Attorney General's Public Access Counselor (PAC). You can file a request for review by writing to:

> Public Access Counselor
> Office of the Attorney General
> 500 S. 2nd Street
> Springfield, Illinois 62706
> Phone: 312-814-5526 or 1-877-299-FOIA (1-877-299-3642)
> Fax: 217-782-1396        E-mail: publicaccess@atg.state.il.us

*If you choose to file a Request for Review with the PAC, you must do so within 60 calendar days of the date of a denial letter. 5 ILCS 140-9.5(a). When filing a Request for Review, you must include a copy of the original FOIA request and a denial letter. You may also seek judicial review of a denial under 5 ILCS 140/11 by filing a lawsuit in the State Circuit Court.*

Sincerely,

*K. Washington*

K. Washington, FOIA Officer
Freedom of Information Division
Chicago Police Department, Legal Affairs

---

Emergency and TTY: 911 · Non Emergency and TTY: (within City limits) 311 · Non-Emergency and TTY: (outside City limits) (312) 746-6000
E-mail: clearpath@chicagopolice.org · Website: www.chicagopolice.org

2021OP76706

FILED DATE: 10/22/2019 3:42 PM    2019CH12255



**Rahm Emanuel**
Mayor

**Department of Police · City of Chicago**
3510 S. Michigan Avenue · Chicago, Illinois 60653

**Eddie.T. Johnson**
Superintendent of Police

January 11, 2019

Jerico Cruz
5135 N. Keating Ave.
Chicago, IL 60630

RE:     **NOTICE OF RESPONSE TO FOIA REQUEST**
        **FOIA FILE NO.:      P468308**

Dear Jerico Cruz:

The Chicago Police Department (CPD) is in receipt of your Freedom of Information Act (FOIA) request, received January 4, 2019 for the following:

> "Please provide the following information of the following R.D. # HY192746 – both original case incidence [sic] report and post-recovery report
>
> Please provide a copy of the video cam and police reports of the police officers who responded at 5135 N. Keating Ave. Chicago, IL 60630 between September 21 and 22, 2016.
>
> Please provide the information of the following R.D. # HK437093 – both original case incidence [sic] report and post-recovery report.
>
> Please provide the information of the following R.D. # JA555909 – both original case incidence [sic] report and post-recovery report.
>
> Please provide the information of the following R.D. # JA371551 – both original case incidence [sic] report and post-recovery report.
>
> Please provide the information of the following R.D. # JB447605 – both original case incidence [sic] report and post-recovery report."

CPD reviewed your request and is providing you with the responsive records to your request. Your request for "original case incidence report" was interpreted as seeking Original Case Incident Reports. Your request for "post-recover report" was interpreted as seeking Supplementary Reports.

Please be advised that certain information has been redacted from the enclosed responsive records pursuant to 5 ILCS 140/7(1)(b), 5 ILCS 140/7(1)(c), and 5 ILCS 140/7 (1)(d). Details of the redactions are set forth below.

2021OP76706

FILED DATE: 10/22/2019 3:42 PM  2019CH12255

Section 7(1)(b) exempts from disclosure "[p]rivate information, unless disclosure is required by another provision of this Act, a State or federal law or a court order." 5 ILCS 140/7(1)(b). The FOIA, in 5 ILCS 140/2(c-5), defines "private information" as follows:

> "'Private information' means unique identifiers, including a person's social security number, driver's license number, employee identification number, biometric identifiers, personal financial information, passwords or other access codes, medical records, home or personal telephone numbers, and personal email addresses. Private information also includes home address and personal license plates, except as otherwise provided by law or when compiled without possibility of attribution to any person."

Therefore, personal addresses, signatures, and employee user codes/numbers are exempt and were properly redacted pursuant to Section 7(1)(b).

In addition, third party names and identifying information of persons referenced incidentally in reports such as suspects who were not arrested or charged were also redacted as these individuals have a strong interest in keeping their identity private which outweighs any public interest in this information; therefore, this information is exempt and protected from disclosure pursuant to 5 ILCS 140/7(1)(c) of FOIA. Section 7(1) (c) exempts from inspection and copying the following:

> "[P]ersonal information contained within public records, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy... 'Unwarranted invasion of personal privacy' means the disclosure of information is that highly personal or objectionable to reasonable person and in which the subject's right to privacy outweighs any legitimate public interest in obtaining the information." *Id.*

Names and identifying information of persons who provided information to law enforcement personnel have also been redacted pursuant to 5 ILCS 140/7 (1)(d)(iv), which protects information that would:

> (iv)　　unavoidably disclose the identity of a confidential source, confidential information furnished only by the confidential source, or persons who file complaints with or provide information to administrative, investigative, law enforcement, or penal agencies; except that the identities of witnesses to traffic accidents, traffic accident reports, and rescue reports shall be provided by agencies

It was determined that CPD has no responsive records to your request for "video cam" relating to "police officers who responded at 5135 N. Keating Ave. Chicago, IL 60630 between September 21 and 22, 2016." Please be advised, the 017th District was not equipped with body-worn cameras until November 27, 2017. Therefore, CPD has no responsive records to your request for "video cam" as it is stated.

If I can be of further assistance, please contact me at the following address:

> Chicago Police Department
> Attention: Freedom of Information

2021OP76706

Office of Legal Affairs, Unit 114
3510 S. Michigan Avenue
Chicago, IL 60653
foia@chicagopolice.org

You have a right of review by the Illinois Attorney General's Public Access Counselor, who can be contacted at 500 S. Second St., Springfield, IL 62706. You may also seek judicial review under 5 ILCS 140/11.

Sincerely,

A. Marlan
Freedom of Information Act Officer
Chicago Police Department
Office of Legal Affairs, Unit 114
3510 S. Michigan Ave.
Chicago, IL 60653

# Summon

2021OP76706

| | |
|---|---|
| 2120 - Served | 2121 - Served |
| 2220 - Not Served | 2221 - Not Served |
| 2320 - Served By Mail | 2321 - Served By Mail |
| 2420 - Served By Publication | 2421 - Served By Publication |
| SUMMONS | ALIAS - SUMMONS |

(2/28/11) CCG N001

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

COUNTY DEPARTMENT, _Municipal 1_ DIVISION

No. _2019CH12255_

JERICO MATIAS CRUZ

(Name all parties)

v.

CHICAGO POLICE DEPARTMENT

FILED
10/22/2019 3:42 PM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
2019CH12255
7059254

## ☑ SUMMONS ☐ ALIAS SUMMONS

To each Defendant: CHICAGO POLICE DEPARTMENT
3510 S. MICHIGAN AVE, CHICAGO, IL 60653 ATTN: LEGAL/FOIA

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

☑ Richard J. Daley Center, 50 W. Washington, Room _____, Chicago, Illinois 60602

☐ District 2 - Skokie
5600 Old Orchard Rd.
Skokie, IL 60077

☐ District 3 - Rolling Meadows
2121 Euclid
Rolling Meadows, IL 60008

☐ District 4 - Maywood
1500 Maybrook Ave.
Maywood, IL 60153

☐ District 5 - Bridgeview
10220 S. 76th Ave.
Bridgeview, IL 60455

☐ District 6 - Markham
16501 S. Kedzie Pkwy.
Markham, IL 60428

☐ Child Support
28 North Clark St., Room 200
Chicago, Illinois 60602

You must file within 30 days after service of this Summons, not counting the day of service.
IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.

To the officer:

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than 30 days after its date.

Atty. No.: _99500_

Name: _JERICO MATIAS CRUZ_

Atty. for: _____

Address: _5135 N KEATING AVE_

City/State/Zip: _CHICAGO, IL 60630_

Telephone: _847-906-3123_

Service by Facsimile Transmission will be accepted at: _____

WITNESS, _____, _____

10/22/2019 3:42 PM DOROTHY BROWN

_____
Clerk of Court

Date of service: _____, _____
(To be inserted by officer on copy left with defendant or other person)

(Area Code)   (Facsimile Telephone Number)



**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

Copy Distribution - White: 1. ORIGINAL - COURT FILE Canary: 2. COPY Pink: 3. COPY Gold: 4. COPY

Return Date: No return date scheduled
Hearing Date: No hearing scheduled
Location: <<CourtRoomNumber>>
Judge: Calendar, 72

# Exhibit D:
# 2020 L 009834

FILED
9/27/2021 12:00 AM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2021OP76706
Calendar, 72
14963177

- 2020 L 009834

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, LAW DIVISION**

FILED
9/14/2021 2:49 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2020L009834

14811586

|  |  |  |
|---|---|---|
| JERICO MATIAS CRUZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case no.: <u>2020 L 009834</u> |
| v. | ) | Amount Claimed: <u>$100,000.00</u> |
| | ) | |
| SWEDISH COVENANT HOSPITAL, | ) | Judge James P. Flannery |
| LUTHERAN SOCIAL SERVICES | ) | |
| OF ILLINOIS, | ) | |
| ARTEMIS KHOJASTEH, | ) | |
| SCARLETT MARIA MEYER, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**<u>NOTICE OF MOTION</u>**

**PLEASE TAKE NOTICE** that on October 1, 2021 at 10:30 A.M., or as soon thereafter as counsel may be heard, I shall appear before Honorable Judge James P. Flannery, or whomever may be sitting in his stead, for Room 2005, and then and there present the attached ***PRO SE* PLAINTIFF'S MOTION TO VACATE THE DISMISSAL AND REINSTATE THE ORIGINAL CASE *INSTANTER*** a copy of which is attached and served upon you.

Date: September 14, 2021

Respectfully Submitted by,
/s/ Jerico Matias Cruz
Jerico Matias Cruz
5135 N Keating Ave
Chicago, Illinois 60630
theconsultantoo0oo@gmail.com or
j-cruz7@neiu.edu
(847) 906-3123
*Pro Se* 99500

FILED
9/27/2021 12:00 AM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2021OP76706
Calendar, 72

2021OP76706

## **PROOF OF SERVICE**

Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters there in stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that he verily believes the same to be true.

A copy of the *pro se* Plaintiff's Motion and this Notice of Motion were served on the above-named parties by email or Defendants' last known address on *pro se* Plaintiff's original complaint filed on September 14, 2020. On or about September 14, 2021, *pro se* Plaintiff serves this Notice upon you.

/s/ Jerico Matias Cruz

2021OP76706

## LIST OF DEFENDANTS' ADDRESS(ES)

1. Swedish Covenant Hospital
   5140 N California Ave
   Chicago, Illinois 60625

2. Lutheran Social Services of Illinois
   5140 N California Ave
   Chicago, Illinois 60625

3. Artemis Khojasteh, MD
   5145 N California Ave
   Chicago, Illinois 60625

4. Scarlett Maria Meyer, LPC
   1161 Fortune Blvd, Ste 200
   Shiloh, Illinois 62269

2021OP76706

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, LAW DIVISION**

FILED
9/14/2021 2:49 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2020L009834

14811586

|  |  |  |
|---|---|---|
| JERICO MATIAS CRUZ, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case no.: 2020 L 009834 |
| v. | ) | Amount Claimed: $100,000.00 |
| | ) | |
| SWEDISH COVENANT HOSPITAL, | ) | Judge James P. Flannery |
| LUTHERAN SOCIAL SERVICES | ) | |
| OF ILLINOIS, | ) | |
| ARTEMIS KHOJASTEH, | ) | |
| SCARLETT MARIA MEYER, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## *PRO SE* PLAINTIFF'S MOTION TO VACATE THE DISMISSAL AND REINSTATE THE ORIGINAL CASE *INSTANTER*

NOW COMES *Pro Se* Plaintiff, Jerico Matias Cruz ("Cruz"), moves this court for *pro se* Plaintiff's motion to vacate the dismissal and reinstate the original case *instanter* pursuant to 735 ILCS 5/13-217, and in support thereof, states as follows:

### I. BACKGROUND

1. This is *pro se* Plaintiff's motion to vacate the dismissal and reinstate the original case *instanter* pursuant to 735 ILCS 5/13-217.

2. On or about September 14, 2020, *pro se* Plaintiff files a civil lawsuit for *medical malpractice*[1] against (1) Defendant Swedish Covenant Hospital, which is currently located at 5140 N California Ave, Chicago, Illinois 60625, (2) Defendant Lutheran Social Services of Illinois, which is currently located at 5140 N California Ave, Chicago, Illinois 60625, (3) Defendant Artemis Khojasteh, MD, who is located at 5145 N California Ave, Chicago, Illinois 60625, and (4) Scarlett Maria Meyer, who is located at 1161 Fortune Blvd, Ste 200, Shiloh, Illinois 62269.

3. In 2020, Honorable Judge James P. Flannery dismissed case no. 2020 L 009834 for insufficient facts of the claim, but *pro se* Plaintiff states the cause of action for medical malpractice, such as negligence, misdiagnosis, and excessive billing for a medical device that was never used during the stay of *pro se* Plaintiff at Swedish Covenant Hospital Department of Emergency ("ED") between September 21, 2016 and September 23, 2016.

---

[1] *See* Exhibit A: Review *pro se* Plaintiff's original complaint.

1

2021OP76706

4. Defendant Swedish Covenant Hospital ED is the actual location of the alleged incident of *pro se* Plaintiff's medical malpractice that has occurred between September 21, 2016 and September 23, 2016.

5. Defendant Lutheran Social Services of Illinois is affiliated to Defendant Swedish Covenant Hospital when *pro se* Plaintiff's damages of injuries of medical malpractice between September 21, 2016 and September 23, 2016; both organizations collaborate at Defendant Swedish Covenant Hospital ED for mental health assessment, also known as "Project Impact".

6. Defendant Artemis Khojasteh is the licensed medical doctor ("MD") or Doctor of Osteopathy ("DO") in-charge between September 21, 2016 and September 23, 2016 at Defendant Swedish Covenant Hospital ED.

7. Defendant Scarlett Maria Meyer is the licensed professional counselor ("LPC"), who works for Defendant Lutheran Social Services of Illinois between September 21, 2016 and September 23, 2016.

## II. ARGUMENT

8. The purpose of this *pro se* Plaintiff's motion to vacate the dismissal and reinstate the original case *instanter* pursuant to 735 ILCS 5/13-217 is to reinstate *pro se* Plaintiff's original case to pre-trial hearing and to allow *pro se* Plaintiff to present a complete presentment of material facts and prima facie evidence before the Court.

9. Illinois Code of Civil Procedure Section 13-217 allows *pro se* Plaintiff to file motion to vacate and reinstate the original case *instanter,* states as follows:

> "[...]If judgment is entered against plaintiff, or the action is dismissed by a United States District Court for lack of jurisdiction, or the action is dismissed by a United States District Court for improper venue, then, whether or not the time limitation for bringing such action expires during the pendency of such action, the plaintiff, his or her heirs, executors or administrators may commence a new action within one year or within the remaining period of limitation, whichever is greater, after such judgment is reversed or entered against the plaintiff...." 735 ILCS 5/13-217.

WHEREFORE, *pro se* Plaintiff prays to the Honorable Court to grant *pro se* Plaintiff's motion to vacate the dismissal and reinstate the original case *instanter* pursuant to 735 ILCS 5/13-217 and enter an order granting *pro se* Plaintiff to reinstate the case within fourteen (14) business/court days and to continue filing.

Date: September 14, 2021          Respectfully Submitted,

 /s/ Jerico Matias Cruz

2

2021OP76706

Jerico Matias Cruz
5135 N Keating Ave
Chicago, Illinois 60630
theconsultantoo0oo@gmail.com or
j-cruz7@neiu.edu
(847) 906-3123
*Pro Se 99500*

Under penalties as provided by law pursuant to 735 ILCS 5/1-109 the above signed certifies that the statements set forth herein are true and correct.

3

2021OP76706

FILED
9/14/2021 2:49 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2020L009834

14811586

# Exhibit A: Pro Se Plaintiff's Complaint

- *Pro Se* Plaintiff's Complaint

2021OP76706

**Civil Action Cover Sheet - Case Initiation** -    (05/27/16) CCL 0520

FILED
9/14/2021 2:49 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2020L009834

14811586

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, LAW DIVISION**

JERICO MATIAS CRUZ

v.

SWEDISH COVENANT HOSPITAL, ET AL,
LUTHERAN SOCIAL SERVICES OF ILLINOIS, ET AL.,
ARTEMIS KHO JASTEH, MD,
SCARLETT MARIA MEYER, LCPC

No. _____2020L009834_____

**CIVIL ACTION COVER SHEET - CASE INITIATION**

A Civil Action Cover Sheet - Case Initiation shall be filed with the complaint in all civil actions. The information contained herein is for administrative purposes only and cannot be introduced into evidence. Please check the box in front of the appropriate case type which best characterizes your action. Only one (1) case type may be checked with this cover sheet.

Jury Demand  ☐ Yes  ☐ No

FILED
9/14/2020 3:57 PM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL
10440131

**(FILE STAMP)**

**PERSONAL INJURY/WRONGFUL DEATH**

CASE TYPES:
- ☐ 027  Motor Vehicle
- ☒ 040  Medical Malpractice
- ☐ 047  Asbestos
- ☐ 048  Dram Shop
- ☐ 049  Product Liability
- ☐ 051  Construction Injuries
  (including Structural Work Act, Road Construction Injuries Act and negligence)
- ☐ 052  Railroad/FELA
- ☐ 053  Pediatric Lead Exposure
- ☐ 061  Other Personal Injury/Wrongful Death
- ☐ 063  Intentional Tort
- ☐ 064  Miscellaneous Statutory Action
  (Please Specify Below**)
- ☐ 065  Premises Liability
- ☐ 078  Fen-phen/Redux Litigation
- ☐ 199  Silicone Implant

**TAX & MISCELLANEOUS REMEDIES**

CASE TYPES:
- ☐ 007  Confessions of Judgment
- ☐ 008  Replevin
- ☐ 009  Tax
- ☐ 015  Condemnation
- ☐ 017  Detinue
- ☐ 029  Unemployment Compensation
- ☐ 031  Foreign Transcript
- ☐ 036  Administrative Review Action
- ☐ 085  Petition to Register Foreign Judgment
- ☐ 099  All Other Extraordinary Remedies

**COMMERCIAL LITIGATION**

CASE TYPES:
- ☐ 002  Breach of Contract
- ☐ 070  Professional Malpractice
  (other than legal or medical)
- ☐ 071  Fraud (other than legal or medical)
- ☐ 072  Consumer Fraud
- ☐ 073  Breach of Warranty
- ☐ 074  Statutory Action
  (Please specify below.**)
- ☐ 075  Other Commercial Litigation
  (Please specify below.**)
- ☐ 076  Retaliatory Discharge

**OTHER ACTIONS**

CASE TYPES:
- ☐ 062  Property Damage
- ☐ 066  Legal Malpractice
- ☐ 077  Libel/Slander
- ☐ 079  Petition for Qualified Orders
- ☐ 084  Petition to Issue Subpoena
- ☐ 100  Petition for Discovery

** _____

_____

Primary Email: _____

Secondary Email: _____

Tertiary Email: _____

By: _____ JERICO MATIAS CRUZ _____
    (Attorney)              (Pro Se) 99500

**Pro Se Only:** ☒ I have read and agree to the terms of the *Clerk's Office Electronic Notice Policy* and choose to opt in to electronic notice form the Clerk's Office for this case at this email address: ___ J-CRUZ7@NEIU.EDU ___

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

Page 1 of 1

**Complaint-Verified** (This form replaces CCMD-8A)

(2/25/05) CC

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

JERICO MATIAS CRUZ

**Plaintiff(s)**

v.

SWEDISH COVENANT HOSPITAL, ET AL.,
LUTHERAN SOCIAL SERVICES, ET AL.,
ARTEMIS KHOJASTEH, MD,
SCARLETT MARIA MEYER, LPC

**Defendant(s)**

No. _____ 2020L009834

Contract _____

Amount Claimed $ 100,000.00

Return Date _____

FILED
9/14/2020 3:57 PM
DOROTHY BROWN
CIRCUIT CLERK
COOK COUNTY, IL

### COMPLAINT

The Plaintiff(s) claim(s) as follows:

JERICO MATIAS CRUZ ("PLAINTIFF") IS FILING A CIVIL LAWSUIT AGAINST SWEDISH COVENANT HOSPITAL, ET AL. ("DEFENDANT 1"), LUTHERAN SOCIAL SERVICES, ET AL. ("DEFENDANT 2"), ARTEMIS KHOJASTEH, MD ("DEFENDANT 3"), AND SCARLETT MARIA MEYER, LPC ("DEFENDANT 4") FOR MEDICAL MALPRACTICE AND INTENTIONAL TORT CLAIM. DEFENDANT 1, DEFENDANT 2, DEFENDANT 3, AND DEFENDANT 4 FAILED TO ADEQUATELY PROVIDE QUALITY CARE OF SERVICE TO PLAINTIFF. DEFENDANT 3 AND DEFENDANT 4 FALSIFIED PLAINTIFF'S MEDICAL RECORDS, DEFENDANT 3 AND DEFENDANT 4 FAILED TO PROPERLY DIAGNOSE PLAINTIFF'S MEDICAL CONDITION. WHEREFORE, PLAINTIFF CLAIMS $100,000.00 FOR COMPENSATORY DAMAGES, PUNITIVE DAMAGES, AND/OR OTHER JUST RELIEF.

I, __JERICO MATIAS CRUZ__, certify that I am the _____
(Name)

plaintiff in the above entitled action. The allegations in this complaint are true.
(Name of Attorney if applicable)

Atty. No.: _____

Pro Se 99500

Dated: SEPTEMBER 14, 2020

Atty. (or Pro Se Plaintiff):

Name: JERICO MATIAS CRUZ

Address: 5135 N KEATING AVE

City/State/Zip: CHICAGO, IL 60630

Telephone: 847-966-3123

_____
Signature

☑ Under penalties as provided by law pursuant to 735 ILCS 5/1- the abovesigned certifies that the statements set forth herein are true and correct.

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

Copy Distribution - White: 1. ORIGINAL - COURT FILE Canary: 2. COPY Pink: 3. COPY ...

| | | |
|---|---|---|
| 2120 - Served | 2121 - Served | |
| 2220 - Not Served | 2221 - Not Served | 2021OP76706 |
| 2320 - Served By Mail | 2321 - Served By Mail | |
| 2420 - Served By Publication | 2421 - Served By Publication | |
| SUMMONS | ALIAS - SUMMONS | (2/28/11) CCG N001 |

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, _____ DIVISION

*JERICO MATIAS CRUZ*
_____
(Name all parties)

v.

*SWEDISH COVENANT HOSPITAL, ET AL.,*
*LUTHERAN SOCIAL SERVICES OF ILLINOIS, et al.,*
*ARTEMES KHOJASTEH, MD,*
*SCARLETT MARIA MEYER*

No. **2020L009834**

*LUTHERAN SOCIAL SERVICES OF ILLINOIS*
*5215 N. CALIFORNIA AVE*
*CHICAGO IL 60625*

☑ **SUMMONS**   ☐ **ALIAS SUMMONS**

**To each Defendant:**

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

☐ **Richard J. Daley Center, 50 W. Washington, Room _____, Chicago, Illinois 60602**

☐ **District 2 - Skokie**
5600 Old Orchard Rd.
Skokie, IL 60077

☐ **District 3 - Rolling Meadows**
2121 Euclid
Rolling Meadows, IL 60008

☐ **District 4 - Maywood**
1500 Maybrook Ave.
Maywood, IL 60153

☐ **District 5 - Bridgeview**
10220 S. 76th Ave.
Bridgeview, IL 60455

☐ **District 6 - Markham**
16501 S. Kedzie Pkwy.
Markham, IL 60428

☐ **Child Support**
28 North Clark St., Room 200
Chicago, Illinois 60602

You must file within 30 days after service of this Summons, not counting the day of service.
**IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.**

**To the officer:**

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than 30 days after its date.

Atty. No.: _99560_

Name: _JERICO MATIAS CRUZ_

Atty. for: _____

Address: _5135 N KEATING AVE_

City/State/Zip: _CHICAGO, IL 60630_

Telephone: _847-906-3183_

Service by Facsimile Transmission will be accepted at: _____

WITNESS, _____, _____

9/14/2020 3:57 PM DOROTHY BROWN

_____
Clerk of Court

Date of service: _____, _____
(To be inserted by officer on copy left with defendant or other person)

(Area Code)   (Facsimile Telephone Number)

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

Copy Distribution - White: 1. ORIGINAL - COURT FILE  Canary: 2. COPY  Pink: 3. COPY  Gold: 4. COPY

| | |
|---|---|
| 2120 - Served | 2121 - Served |
| 2220 - Not Served | 2221 - Not Served |
| 2320 - Served By Mail | 2321 - Served By Mail |
| 2420 - Served By Publication | 2421 - Served By Publication |
| SUMMONS | ALIAS - SUMMONS |

2021OP76706

(2/28/11) CCG N001

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT, _____ DIVISION

No. _____

JERICO MATIAS CRUZ
_____
(Name all parties)

v.

SWEDISH COVENANT HOSPITAL, ET AL.,
LUTHERAN SOCIAL SERVICES OF ILLINOIS, ET AL.
ARTEMES KHOJASTEH, MD,
SCARLETT MARIA MEYER, LCPC

SWEDISH COVENANT HOSPITAL
ATTN: LEGAL DEPARTMENT
5140 N. CALIFORNIA AVE
CHICAGO, IL 60625

☒ SUMMONS ☐ ALIAS SUMMONS

**To each Defendant:**

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

☐ Richard J. Daley Center, 50 W. Washington, Room _____, Chicago, Illinois 60602

☐ District 2 - Skokie
5600 Old Orchard Rd.
Skokie, IL 60077

☐ District 3 - Rolling Meadows
2121 Euclid
Rolling Meadows, IL 60008

☐ District 4 - Maywood
1500 Maybrook Ave.
Maywood, IL 60153

☐ District 5 - Bridgeview
10220 S. 76th Ave.
Bridgeview, IL 60455

☐ District 6 - Markham
16501 S. Kedzie Pkwy.
Markham, IL 60428

☐ Child Support
28 North Clark St., Room 200
Chicago, Illinois 60602

You must file within 30 days after service of this Summons, not counting the day of service.
IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.

**To the officer:**

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than 30 days after its date.

Atty. No.: 99500

Name: JERICO MATIAS CRUZ

Atty. for: _____

Address: 5135 N KEATING AVE

City/State/Zip: CHICAGO, IL 60630

Telephone: 847-906-3123

Service by Facsimile Transmission will be accepted at: _____

WITNESS, _____, _____

_____
Clerk of Court

Date of service: _____, _____
(To be inserted by officer on copy left with defendant or other person)

(Area Code) (Facsimile Telephone Number)

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

Copy Distribution - White: 1. ORIGINAL - COURT FILE Canary: 2. COPY Pink: 3. COPY Gold: 4. COPY

| | |
|---|---|
| **2120 - Served** | **2121 - Served** |
| 2220 - Not Served | 2221 - Not Served |
| 2320 - Served By Mail | 2321 - Served By Mail |
| 2420 - Served By Publication | 2421 - Served By Publication |
| **SUMMONS** | **ALIAS - SUMMONS** |

2021OP76706

(2/28/11) CCG N001

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, _____ DIVISION

No. _____

*JERICO MATIAS CRUZ*
(Name all parties)

v.

*SWEDISH COVENANT HOSPITAL, ET AL, LUTHERAN SOCIAL SERVICES OF ILLINOIS ET AL, ARTEMIS KHOJASTEH, MD, SCARLETT MARIA MEXER, LCPC*

*ARTEMIS KHOJASTEH, MD SWEDISH COVENANT HOSPITAL ATTN: DEPARTMENT OF EMERGENC MEDICINE / DR. ARTEMIS KHOJASTEH, MD. 5145 N. CALIFORNIA AV CHICAGO, IL 60625*

☑ **SUMMONS**  ☐ **ALIAS SUMMONS**

**To each Defendant:**

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

☑ Richard J. Daley Center, 50 W. Washington, Room _____, Chicago, Illinois 60602

| | | |
|---|---|---|
| ☐ **District 2 - Skokie** | ☐ **District 3 - Rolling Meadows** | ☐ **District 4 - Maywood** |
| 5600 Old Orchard Rd. | 2121 Euclid | 1500 Maybrook Ave. |
| Skokie, IL 60077 | Rolling Meadows, IL 60008 | Maywood, IL 60153 |
| ☐ **District 5 - Bridgeview** | ☐ **District 6 - Markham** | ☐ **Child Support** |
| 10220 S. 76th Ave. | 16501 S. Kedzie Pkwy. | 28 North Clark St., Room 200 |
| Bridgeview, IL 60455 | Markham, IL 60428 | Chicago, Illinois 60602 |

You must file within 30 days after service of this Summons, not counting the day of service.
**IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.**

**To the officer:**

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than 30 days after its date.

Atty. No.: *99500*

Name: *JERICO MATIAS CRUZ*

Atty. for: _____

Address: *5135 N KEATING AVE*

City/State/Zip: *CHICAGO, IL 60630*

Telephone: *847-986-3123*

Service by Facsimile Transmission will be accepted at: _____

WITNESS, _____, _____

_____
Clerk of Court

Date of service: _____, _____
(To be inserted by officer on copy left with defendant or other person)

_____
(Area Code)   (Facsimile Telephone Number)

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

Copy Distribution - White: 1. ORIGINAL - COURT FILE  Canary: 2. COPY  Pink: 3. COPY  Gold: 4. COPY

| | | |
|---|---|---|
| 2120 - Served | 2121 - Served | |
| 2220 - Not Served | 2221 - Not Served | |
| 2320 - Served By Mail | 2321 - Served By Mail | 2021OP76706 |
| 2420 - Served By Publication | 2421 - Served By Publication | |
| SUMMONS | ALIAS - SUMMONS | (2/28/11) CCG N001 |

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
### COUNTY DEPARTMENT, _____*LAW*_____ DIVISION

No.: _____

JERICO MATIAS CRUZ
_____
(Name all parties)

v.

SWEDISH COVENANT HOSPITAL, ET AL,
LUTHERAN SOCIAL SERVICES OF ILLINOIS, ET AL,
ARTEMIS KHOJASTEH, MD,
SCARLETT MARIA MEYER, LCPC

SCARLETT MARIA MEYER
1161 FORTUNE BLVD, STE 2a
SHILOH, IL 62269

☑ SUMMONS ☐ ALIAS SUMMONS

**To each Defendant:**

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

☑ Richard J. Daley Center, 50 W. Washington, Room _____, Chicago, Illinois 60602

☐ District 2 - Skokie
5600 Old Orchard Rd.
Skokie, IL 60077

☐ District 3 - Rolling Meadows
2121 Euclid
Rolling Meadows, IL 60008

☐ District 4 - Maywood
1500 Maybrook Ave.
Maywood, IL 60153

☐ District 5 - Bridgeview
10220 S. 76th Ave.
Bridgeview, IL 60455

☐ District 6 - Markham
16501 S. Kedzie Pkwy.
Markham, IL 60428

☐ Child Support
28 North Clark St., Room 200
Chicago, Illinois 60602

You must file within 30 days after service of this Summons, not counting the day of service.
**IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.**

**To the officer:**

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than 30 days after its date.

Atty. No.: 99500

Name: JERICO MATIAS CRUZ

Atty. for: _____

Address: 5135 N KEATING AVE

City/State/Zip: CHICAGO, IL 60630

Telephone: 847-906-3123

Service by Facsimile Transmission will be accepted at: _____

WITNESS, _____, _____

_____
Clerk of Court

Date of service: _____, _____
(To be inserted by officer on copy left with defendant or other person)

_____
(Area Code) (Facsimile Telephone Number)

**DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**

Copy Distribution - White: 1. ORIGINAL - COURT FILE Canary: 2. COPY Pink: 3. COPY Gold: 4. COPY

FILED
9/27/2021 12:00 AM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2021OP76706
Calendar, 72

# Exhibit E: CPD LEADS Response

- CPD LEADS Response – Cruz FOID Card

Case: 1:22-cv-04782 Document #: 1 Filed: 09/02/22 Page 124 of 218 PageID #:124

FILED
9/27/2021 12:00 AM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL

2021OP76706

14963177

```
M/M67J1KSI
FROM IL
NP9  19.53.15 06/13/21 . IL08486
ILCPD00N9
***   ILLINOIS CONCEALED CARRY LICENSE RECORD    ***
NOT ON FILE NAM/CRUZ,JERICO M DOB/1987-06-14
/END
M/M67J1KSI
1L01 NCIC RESPONSE
ILCPD00N9

NO NCIC WANT OLN/C62043387169
NO NCIC WANT NAM/CRUZ,JERICO M DOB/19870614 SEX/M
***MESSAGE KEY QW SEARCHES WANTED PERSON FILE FELONY RECORDS REGARDLESS OF
EXTRADITION AND MISDEMEANOR RECORDS INDICATING POSSIBLE INTERSTATE
EXTRADITION FROM THE INQUIRING AGENCY'S LOCATION.  ALL OTHER NCIC PERSONS
FILES ARE SEARCHED WITHOUT LIMITATIONS.
M/M67J1KSI

SOS  06132021  1953

DL/IP STA/VALID
TDL/TIP STA/VALID TEMP DRIVERS LICENSE/TEMP PHOTO ID
CDL STA/SEE ILOLNHELP
SCHLBUS STA/NOT A SCHOOL BUS DRIVER (SEE ILOLNHELP)

CRUZ JERICO MATIAS
5135 N KEATING AVE  CHICAGO  60630
SEX/M DOB/06141987 HGT/5'09" WGT/157 HAI/BLK EYE/BRO
OLN/C620-4338-7169  OLC/D* OLT/ORIG EXP/06142025 ISS/03222021
RES-PID CLASS/CORRECTIVE LENSES
NO STOPS IN EFFECT
NO CONV LAST 12 MO
TEMP 03222021 06202021   TIP/ CN4722
DIGITAL ISSUE
END --
M/M67J1KSI

CHF  061321  1953

NP9 NO REC LEADS NAM/CRUZ,JERICO M SEX/M
DOB/061487 DLN/C62043387169
```

FILED
9/27/2021 12:00 AM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2021OP76706

14963177

# Exhibit F: Civil Order of Protection - Plenary

- Civil of Order of Protection - Plenary

8.

Interim/Plenary Order of Protection:  1 of 4 Pages          (This form replaces CCG 83–01)                    (Rev. 12/01/20) CCG 0805 A

# IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

People ex rel. _____

_____ on behalf of

_____ self and/or behalf of

**Erlinda Cruz**
Petitioner

v.

**Jerico Cruz**
Respondent

Case No. **21 OP 76706**

☒ Independent Proceeding

☐ Other Civil Proceeding

(Specify) _____

☐ Criminal Proceeding

☐ Juvenile Proceeding

LEADS No. _____

ENTERED SEP 21 2021
IRIS Y. MARTINEZ
CLERK OF THE CIRCUIT COURT
COOK COUNTY, IL JRY

| PETITIONER | ADDRESS | CITY/STATE/ZIP |
|---|---|---|
| Erlinda Cruz | 5135 N. Keating ☐ (Check if omitted pursuant to Statute) | Chgo, IL 60630 |
| RESPONDENT | ADDRESS | CITY/STATE/ZIP |
| Jerico Cruz | 5135 N. Keating | Chgo, IL 60630 |

| Birthdate 6-14-87 (Required for LEADS) | Sex M | Race White 09/24/2001 | Height | Weight | Hair | Eyes |
|---|---|---|---|---|---|---|

**ORDER OF PROTECTION**

2 yrs          ASIAN AMERICAN          INTERIM          (PLENARY)          Default

Crim ☐ 953  Civil ☐ 4552          Crim ☐ 954   Civil ☒ 4652

ANY KNOWING VIOLATION OF ANY ORDER OF PROTECTION FORBIDDING PHYSICAL ABUSE, NEGLECT, EXPLOITATION, HARASSMENT, INTIMIDATION, INTERFERENCE WITH PERSONAL LIBERTY, WILLFUL DEPRIVATION, OR ENTERING OR REMAINING PRESENT AT SPECIFIED PLACES WHEN THE PROTECTED PERSON IS PRESENT OR GRANTING EXCLUSIVE POSSESSION OF THE RESIDENCE OR HOUSEHOLD, PROHIBITING ENTERING OR REMAINING AT THE HOUSEHOLD WHILE UNDER THE INFLUENCE OF ALCOHOL OR DRUGS AND SO CONSTITUTING A THREAT TO THE SAFETY AND WELL-BEING OF ANY PRO-TECTED PERSON, OR GRANTING A STAY AWAY ORDER, IS A CRIMINAL OFFENSE. GRANT OF EXCLUSIVE POSSESSION OF THE RESIDENCE OR HOUSEHOLD SHALL CONSTITUTE NOTICE FORBIDDING TRESPASS TO LAND. ANY KNOWING VIOLATION OF ANY ORDER AWARDING LEGAL CUSTODY OR PHYSICAL CARE OF A CHILD, OR PROHIBITING REMOVAL OR CONCEALMENT OF A CHILD MAY BE A CLASS 4 FELONY. ANY WILLFUL VIOLATION OF ANY ORDER IS CONTEMPT OF COURT. ANY VIOLATION MAY RESULT IN A FINE OR IMPRISONMENT. STALKING IS A FELONY.

A CHARGE OF VIOLATING THIS ORDER OF PROTECTION (720 ILCS 5/12-30) MAY SUBJECT RESPONDENT TO G.P.S. MONITORING PURSUANT TO 730 ILCS 5/5-6-3.

Any order of protection which would expire on a court holiday shall instead expire at the close of the next court business day. 750 ILCS 60/220 (f).

*(Definitions of prohibited conduct on reverse)*

The following persons are protected by this Order: **Erlinda Cruz**

"The minor child/ren" referred to herein are: _____

_____

The following animals are protected by this Order: _____

FILED
9/27/2021 12:00 AM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2021OP76706
Calendar, 72

Date, time and place for further hearing:

Date: _____  Time: _____  Courtroom/Calendar No.: _____

Location: _____

| This Order was issued on: | This Order will be in effect until: |
|---|---|
| Date: 9.21.21   Time: 10:28 | ☒ Date: 9.21.23   Time: 4:30 |
| | ☐ Vacated by court order: |
| | ☐ Specified event: |

IRIS Y. MARTINEZ, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

2021OP76706

Interim/Plenary Order of Protection (Page 2 of 4)                                    (Rev. 12/01/20) CCG 0805 B

BASED ON THE FINDINGS OF THIS COURT, ☑ WHICH WERE MADE ORALLY FOR THE TRANSCRIPTION, OR ☐ WHICH ARE SET OUT IN A SEPARATE INSTRU-
MENT FILED WITH THE COURT, AND WITH THE COURT HAVING JURISDICTION OF THE SUBJECT MATTER AND OVER ALL NECESSARY PARTIES, IT IS HEREBY
ORDERED THAT:

☑ 1.   With respect to all Protected Persons, Respondent is prohibited from committing the following:
☑ Physical abuse;    ☑ Harassment;    ☑ Interference with personal liberty;    ☐ Intimidation of a dependent;
☐ Willful deprivation;    ☐ Neglect;    ☐ Exploitation;    ☑ Stalking

☑ 2.   Petitioner is granted exclusive possession of the residence and Respondent shall not enter or remain in the household or
premises located at: _____ 5135  N.  Keating Ave Chgo, IL _____
(This remedy does not effect title to property.)

☑ 3.   ☐ a.   Respondent is ordered to stay away from Petitioner and other protected persons, including but not limited to
refraining from telephone calls, mail, e-mail, faxes, written notes, and communication through third parties.

        ☐ b.   Respondent is prohibited from entering or remaining at _____
_____ while any Protected Person is present; and/or

        ☐ c.   Respondent is allowed access to the residence on (date) _____ at (time) _____ in the presence of
(name) _____ to remove items of clothing, personal adornments,
medications used exclusively by the Respondent and other items as follows:
_____

☐ 4.   Respondent is ordered to undergo counseling at _____
for the duration of _____

☐ 5.   ☐ a.   Petitioner is granted physical care and possession of the minor child/ren; and/or
        ☐ b.   Respondent is ordered to:
                ☐ return the minor child/ren with the initials of _____
                to the physical care of _____ ; and/or
                ☐ not remove the minor child/ren with the initials of _____
                from the physical care of Petitioner or _____

☐ 6.   Petitioner is granted temporary legal custody of the minor child/ren with the initials of: _____

☐ 7.   ☐ a.   Respondent is awarded visitation rights on the following dates and times or under the following conditions or
parameters: [No order shall merely refer to the term "reasonable visitation"]


        ☐ b.   Respondent's visitation is restricted as follows:



        ☐ c.   Respondent's visitation is reserved/denied.
                (Petitioner may deny Respondent access to the minor child/ren if, when Respondent arrives for visitation, Respon-
                dent is under the influence of drugs or alcohol and constitutes a threat to the safety and well-being of Petitioner or
                Petitioner's minor child/ren or is behaving in a violent or abusive manner.)

☐ 8.   Respondent is prohibited from removing the minor child/ren from Illinois or concealing them within Illinois.

☐ 9.   Respondent is ordered to appear in Courtroom/Calendar _____ located at _____
_____ on _____ at _____ a.m./p.m., with/without the minor child/ren.

☐ 10.  Petitioner is granted exclusive possession of the following personal property and the Respondent is ordered to promptly make
available to Petitioner said property that is in Respondent's possession or control, to wit: _____

(This remedy does not effect title to property.)

☒ 11.  Respondent is prohibited from taking, encumbering, concealing, damaging or otherwise disposing of the following personal
property: _____ Int & Ext of the residence _____
_____ , except as explicitly authorized by the court.

        ☐ Further, Respondent is prohibited from improperly using the financial or other resources of an aged member of the
        family or household for the point or advantage of Respondent or any other person.

☐ 11.5 Petitioner is granted exclusive possession of the following animals (Detail the animals by name, type and description.):



        ☐ With respect to all protected animals, Respondent is ordered to stay away and to refrain from taking, transferring,
        encumbering, concealing, harming, or otherwise disposing of the animal(s).

IRIS Y. MARTINEZ, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Case No. 21OP76706

FILED DATE: 9/23/2021 12:00 AM    2021OP76706

Interim/Plenary Order of Protection:  3 of 4 Pages                                    (Rev. 12/01/20) CCG 0805 C

❑ 12.    Respondent is ordered to pay temporary support for ❑ Petitioner and/or ❑ the minor child/ren of the parties as follows:

$ _____ per _____, starting _____, payable ❑ through the Clerk of the Circuit Court, or ❑ directly to Petitioner.

❑ 13.    Respondent is ordered to pay $ _____ as actual monetary compensation for loss(es) to _____

_____ on or before _____.

❑ Further, Respondent is ordered to pay court costs in the amount of $ _____ and attorney fees in the amount of

$ _____ to _____ in connection with any action to obtain, modify,

enforce, appeal or reopen any Order of Protection, on or before _____.

❑ 14.    Respondent is prohibited from entering or remaining at the household or residence located at _____

_____ while

under the influence of alcohol or drugs and so constituting a threat to the safety and well-being of any Protected Person.

❑ 14.5    Respondent is ordered to surrender any and all Firearm and Firearm Owner's Identification Card and to the local law enforcement agency (i.e. police department).  If the Respondent is a law enforcement officer, any and all firearms must be surrendered to Respondent's employer.  (All surrendered firearms shall remain confiscated for a period not to exceed two (2) years.)

❑ 15.    Respondent is denied access to school and/or any other records of the minor child/ren and is prohibited from inspecting, obtaining, or attempting to inspect or obtain such records.

❑ 16.    Respondent is ordered to pay $ _____ to the following shelter _____

on or before _____

☒ 17.    Respondent is further ordered and/or enjoined as follows:   No contact by any means including through third parties

❑ 18.    The relief requested in paragraph(s) _____ of the petition is (DENIED) (RESERVED), because: _____

"This Order of Protection is enforceable, even without registration, in all 50 states, the District of Columbia, tribal lands, and the U.S. territories pursuant to the Violence Against Women Act (18 U.S.C. 2265).  Violating this Order of Protection may subject the Respondent to federal charges and punishment (18 U.S.C. 2261-2262).  The Respondent may be subject to federal criminal penalties for possessing, transporting, shipping, or receiving any firearm or ammunition under the Gun Control Act (18 U.S.C. 922 (g) (8) and (9))."

IRIS Y. MARTINEZ, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Case No. 21 OP 76706

2021OP76706

Interm/Plenary Order of Protection: 4 of 4 Pages     (This form replaces CCG-83-1)     (12/01/20) CCG 0805 D

## PLENARY ORDERS ONLY

This Order shall remain in effect until:

☒ 1. two years following the date of entry of such Order, such expiration date being ___9 - 21 - 23___, or

such earlier date, as ordered by the Court, such expiration date being _____

☐ 2. final judgment in conjoined proceeding is rendered.

☐ 3. this Order is modified or vacated (provided such Order is incorporated into the final judgment of another civil proceeding).

☐ 4. termination of any voluntary or involuntary commitment, or until _____
                                                             (not to exceed 2 years)

☐ 5. final disposition when a Bond Forfeiture Warrant has issued, or until _____
                                                             (not to exceed 2 years)

☐ 6. expiration of any supervision, conditional discharge, probation, periodic imprisonment, parole, or supervised mandatory release, plus 2 years.

☐ 7. expiration of a term of imprisonment set by this Court, plus 2 years.

Any order of protection which would expire on a court holiday shall instead expire at the close of the next court business day. 750 ILCS 60/220 (f)

NOTICE: Upon 2 days notice to Petitioner, or such shorter notice as the Court may prescribe, a Respondent subject to an Interim Order of Protection issued under the IDVA may appear and petition the Court to re-hear the original or amended petition. Respondent's petition shall be verified and shall allege lack of notice and a meritorious defense.

mattmedina_2000@gmail.com

Atty. No. _____

Attorney (or Pro Se Petitioner)        Pro Se 99500

Name: _____

Address: _____

State/City/Zip: _____

Telephone: _____

Date: ___9/21/21___

Judge _____     Judge's No. 2268

2021OP76706

IRIS Y. MARTINEZ, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

FILED
9/27/2021 12:00 AM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2021OP76706
Calendar, 72
14903177

# Exhibit G: Violation of Civil Order of Protection and Chicago Police Department's (CPD) Body-Worn Camera

- Violation of Civil Order of Protection and CPD's Body-Worn Camera

Photo No. 1

FILED DATE: 9/2/2022 12:00 AM  2021OP76706



Rear left, Ofc. Christoper Star No. 5974, *Pro Se Defendant's* black Honda SUV/car, Middle, & Front, Ofc. Markham Star No. 19054 not visible to the photo

Photo No. 2

FILED DATE: 9/23/2021 2:00 AM 2021OP76706



Rear left CPD SUV, *Pro Se* Defendant's Inside black Honda SUV/car, Front Ofc. Markham Star No. 19054 not visible to the photo

FILED DATE: 9/23/2021 12:00 AM 2021OP76706

## Photo No. 3



Rear Middle Pro Se Defendant's black Honda SUV/car, Middle *Pro Se* Defendant's Arrest, Front Middle Ofc. Markham Star No. 19054

## Photo No. 4



Left Pro Se Defendant's black Honda SUV/car, Front Middle Pro Se Defendant's Arrest, Rear Right Ofc. Markham Star No.19054

Photo No. 5

FILED DATE: 9/23/2021 12:00 AM 2021OP76706



Rear Middle Pro Se Defendant's Brother Jaypee Matias Cruz
(redacted) Provided Copy of the Civil Order of Protection, Front
Middle Ofc. Christopher  Star No. 5974



FILED
9/27/2021 12:00 AM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2021OP76706
Calendar, 72
14963177

**Lori E. Lightfoot**
Mayor

**Department of Police · City of Chicago**
3510 S. Michigan Avenue · Chicago, Illinois 60653

**David O. Brown**
Superintendent of Police

September 23, 2021

<u>**Via Email:**</u>
Jerico Matias Cruz
theconsultantoo0oo@gmail.com

RE:     **NOTICE OF RESPONSE TO FOIA REQUEST**
          **FOIA FILE NO.:**          **P690796**

Dear Jerico Matias Cruz:

The Chicago Police Department (CPD) is in receipt of your Freedom of Information Act (FOIA) request, received September 16, 2021 for the following:

> *"Under the Illinois of Freedom of Information Act (FOIA), 5 ILCS 140/1 et seq., please furnish a copy of body-worn cameras of two peace officers from 17th District CPD who responded at 5135 N Keating Ave, Chicago, Illinois 60630 on September 3, 2021 between 8:30 AM and 9:30 AM, for the following requestor:*
>
> *Full Name: Jerico Matias Cruz*
>
> *Current Employment Status: Quanta Strategies LLC Consultant*
>
> *Race/Ethnicity: Asian-American / Non-Hispanic and Filipino American descent*
>
> *U.S. Military Status: U.S. Army Combat Veteran (03/2006 - 02/2017)."*

As permitted by 5 ILCS 140/3.2, the time was extended following the receipt of your 11 FOIA requests. Your request was reviewed by the undersigned in collaboration with the Department's Field Services Section. A search of CPD records was conducted utilizing the provided search parameters. As requested, CPD is providing you with the enclosed responsive body-worn camera videos.

Please be advised that certain information has been redacted from the enclosed responsive records pursuant to 5 ILCS 140/7(1)(a), 5 ILCS 140/7(1)(b), and 5 ILCS 140/7(1)(c). Details of the redactions are set forth below.

Information generated from LEADS was redacted in full pursuant to §7(1)(a) of the Illinois FOIA Statute that exempts from release "information specifically prohibited from disclosure by federal or State law or rules and regulations implementing federal or State law."

All Department "queries" performed via the Illinois Law Enforcement Agencies Data System (LEADS) have been redacted. LEADS is a statewide computerized data network that is designed to provide justice-related

information to authorized criminal justice agencies. Per 20 Ill. Adm. Code 1240.80(d), "LEADS data shall not be disseminated to any individual or organization that is not legally authorized to have access to the information."

Section 7(1)(b) exempts from disclosure "[p]rivate information, unless disclosure is required by another provision of this Act, a State or federal law or a court order." 5 ILCS 140/7(1)(b). The FOIA, in 5 ILCS 140/2(c-5), defines "private information" as follows:

> "'Private information' means unique identifiers, including a person's social security number, driver's license number, employee identification number, biometric identifiers, personal financial information, passwords or other access codes, medical records, home or personal telephone numbers, and personal email addresses. Private information also includes home address and personal license plates, except as otherwise provided by law or when compiled without possibility of attribution to any person."

Therefore, unique identifiers are exempt and were properly redacted pursuant to Section 7(1)(b).

In addition, private information was also redacted pursuant to 5 ILCS 140/7(1)(c) of FOIA. Section 7(1)(c) exempts from inspection and copying the following:

> "[P]ersonal information contained within public records, the disclosure of which would constitute a clearly unwarranted invasion of personal privacy… 'Unwarranted invasion of personal privacy' means the disclosure of information is that highly personal or objectionable to reasonable person and in which the subject's right to privacy outweighs any legitimate public interest in obtaining the information." *Id.*

If I can be of further assistance, please contact me at the following address:

> Chicago Police Department
> Attention: Freedom of Information
> Office of Legal Affairs, Unit 114
> 3510 S. Michigan Avenue
> Chicago, IL 60653
> foia@chicagopolice.org

You have a right of review by the Illinois Attorney General's Public Access Counselor, who can be contacted at 500 S. Second St., Springfield, IL 62706 or by telephone at 877-299-3642. You may also seek judicial review in the Circuit Court of Cook County under 5 ILCS 140/11.

Sincerely,

A. Marlan
Freedom of Information Act Officer
Chicago Police Department
Office of Legal Affairs, Unit 114
3510 S. Michigan Ave.
Chicago, IL 60653

FILED
9/27/2021 12:00 AM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2021OP76706
Calendar, 72
14963177

Order for Special Conditions of Bail    (12/01/20) CCG N501 A

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

THE PEOPLE OF THE STATE OF ILLINOIS,

_____ Petitioner

v.

_Jerico Cruz_    Defendant

Case No. 21DV73215

M2 BR61

### ORDER FOR SPECIAL CONDITIONS OF BAIL

IT IS HEREBY ORDERED THAT, in the event the Defendant is admitted to bail, he or she shall comply with the special conditions of bail as set forth below:

☒ **Report to:**

☐ Pretrial Services Division of the Adult Probation Department and comply with ongoing reporting requirements as determined by Pretrial Services Division of the Adult Probation Department and/or as specified below:

_____

☒ Social Service Department and comply with ongoing reporting requirements as determined by Social Service Department and/or as specified below:

_____

☒ Submit address verification to Pretrial Services Division of the Adult Probation Department or Social Service at the first office visit.

☐ Submit to random/periodic drug testing.

☐ Other: _____

☐ **Attend counseling as arranged by Pretrial Services Division of the Adult Probation Department or Social Service Department:**

_____

☐ Undergo drug and/or alcohol assessment.

☐ Participate in a recommended substance abuse program.

☐ Report to drug treatment facility for inpatient detoxification/treatment.

☐ Undergo medical or psychiatric treatment.

☐ Other: _____

☐ Refrain from indulging in intoxicating liquor, illegal

drugs or the following drugs:

_____

☐ Remain at the address:

_____

_____

during the curfew hours of: _____

☒ Surrender his or her Firearm Owner's Identification Card to the following law enforcement agency within 48 hours following release:

_CPD_

☒ Surrender all firearms in his or her possession immediately to the following law enforcement agency:

_CPD_

☐ Surrender his or her passport prior to being admitted to bail to the Clerk of the Circuit Court.

☒ Do not possess any firearm or dangerous weapon.

☐ Make payment of temporary child support to his or her dependants.

☐ Refrain from contact or communication with child victim as ordered by court.

☐ Minor to reside with parents or in foster home, attend school, attend non-residential youth program, contribute to own support (Strike those not applicable).

☐ Be placed on an electronic monitoring device monitored by Pretrial Services Division of the Adult Probation Department.

**Iris Y. Martinez, Clerk of the Circuit Court of Cook County, Illinois**

cookcountyclerkofcourt.org

Page 1 of 2

2021OP76706

Order for Special Conditions of Bail    Case No. 21 DV 73215    (12/01/20) CCG N501 B

☐ Be placed on an electronic monitoring device monitored by the Cook County Sheriff (complete Sheriff's Electronic Monitoring Form).

☐ GPS monitoring and comply with GPS requirements in addition to those specified below:

_____

_____

_____

☒ Do not contact the victim/complainant:

Enlinda Cruz                    ,

witness(es) or members of their family(ies):

_____

_____

☐ Refrain from contacting the victim/complainant for 72 hours following release.

☒ Do not enter the premises or the area:

Victim's home, school, or work

☐ Refrain from entering the victim's/complainant's

_____ residence for 72 hours following release.

☐ Vacate the residence located at:

_____

until further order of the court.

☒ Other as specified:

Upon release contact ofc. Guzman at 773 474-7205

_____

_____

_____

_____

_____

_____

VIOLATIONS OF THE CONDITIONS OF BAIL MAY RESULT IN ARREST, INCREASE IN BAIL OR REVOCATION OF BAIL.

ENTERED:

Dated: 09/04/21

_____    _____
Judge                        Judge's No.

Atty. No.: _____    ARDC No.: _____

Atty Name: Lawrence Wong

Atty. for: State

Address: _____

City: _____

State: _____    Zip: _____

Telephone: _____

Primary Email: _____

Jerico Cruz
M2 BR61

ENTERED
SEP 04 2021

Iris Y. Martinez, Clerk of the Circuit Court of Cook County, Illinois
cookcountyclerkofcourt.org
Page 2 of 2

CLERK OF CIRCUIT COURT

2021OP76706



2021OP76706

FILED DATE: 9/23/2021 12:00 AM   2021OP76706

## COOK COUNTY SHERIFF'S OFFICE
### Received Clothing Receipt

| | |
|---|---|
| Date: | 9/4/2021 |
| Time: | 8:31 PM |
| Page: | 2 of 2 |

Name: Cruz, Jerico M

Assigned Cell:

Inmate #: 835557

Receipt Number: 279124

Booking #: 20210904013

| Quantity: | Description: | Color: | Property Bag Token: |
|---|---|---|---|
| | BOOTS | Tan | |
| Notes | | | |
| | PANTS | Gray | |
| Notes | | | |
| | SHIRT | Multi | |
| Notes BLACK, WHITE | | | |

Clothing Received Date:     9/4/2021
Clothing Received Time:     8:29 PM
Clothing Officer:     P Brzezina

Officer: _____     Officer: _____

Inmate (Booking): _____     Date: _____
Clothing left at the Cook County Jail for longer than 45 days after your release/transfer will be destroyed.

Inmate (Discharge): _____     Date: _____
I have received my clothing items upon discharge from the Cook County Department of Corrections.

Clothing Designee: _____     Date: _____
I have received the above named Inmate clothing from the Cook County Department of Corrections.

2021OP76706

I0910202173215                          21- 09 DV 013

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
RECOGNIZANCE BOND, CRIMINAL OR QUASI-CRIMINAL

| ORIGIN OF BOND USING AGENCY NO: Branch 61/Room 401 | Bail set by Rule of the Illinois Supreme Court OR By Judge: Wrenn, Jeanne Marie 2210 | PURPOSE OF BOND X-TRIAL -APPEAL |

DEFENDANT: YOUR RELEASE ON THIS BOND DOES NOT REQUIRE POSTING OF CASH OR SECURITIES FOR BAIL.

BAIL BOND AMOUNT $2,000.00       Two Thousand Dollars and 00/100 Cents

SCANNED

| DEFENDANT NAME (Last): CRUZ | (First): JERICO | (Initial): M |
| Address: 5135 KEATING AVE | City/State: CHICAGO, IL | Zip: 60630 |

| COURT COMPLAINT OR INDICTMENT NUMBER | Charge | |
| | 720 ILCS 5.0/12-3.4-A-1 | VIOLATE ORDER PROTECTION |
| CASE #: 21DV7321501 | | |

**CONDITIONS OF BOND:** The defendant is hereby released on the conditions listed below:

☒ Appear to answer the charge in court until discharge or final order of court.

☒ Obey all court orders and process; not leave the state without permission of court; report changes of address to clerk within 24 hours.

☒ Not commit any criminal offenses while awaiting the final order in this case.

☒ If on appeal, prosecute the appeal, and surrender to custody if the judgment is affirmed or a new trial is ordered.

☐ Surrender (725 ILCS 5/100-10(a) (5)) OR not possess any firearms or dangerous weapons until final order in this case.

☐ Not contact or communicate with any complaining witnesses or member of their immediate families, or:

☐ Not go to the area or premises of:

☐ Not to indulge in intoxicating liquors or certain drugs, to wit:

☐ Other conditions:

☐ Undergo alcoholism or drug addiction treatment as ordered by the court.

☐ Undergo medical or psychiatric treatment as ordered by the court.

☐ If you are charged with a criminal offense and the victim is a family or household member, you are ordered to refrain from all contact and/or communication with:

for a minimum of 72 hours following release, and further ordered to refrain from entering and/or remaining at the location of:

for a minimum of 72 hours following release.

☐ Reside with parents or in a foster home, attend school or non-residential program for youths, contribute to his or her support at home or in a foster home, observe curfew set by court.

☐ Report to and remain under the pretrial supervision of such agency or third party custodian as ordered by court.

**FELONY DEFENDANTS:**
You are hereby advised that if at any time prior to final disposition of the charge you escape from custody, or are released on bond and you fail to appear in court when required by the court, your failure to appear would constitute a waiver of your rights to confront the witnesses against you and trial could proceed in your absence. If found guilty you could be sentenced in your absence.

**ALL DEFENDANTS:**
FAILURE TO APPEAR: Failure to appear may result in a warrant for your arrest along with the forfeiture of your bail bond and judgment against you and may result in prosecution for the additional offense of bail jumping. Any sentence imposed for violation of bail bond shall be served consecutive to the sentence imposed for the charge for which bail had been granted and with respect to which the defendant has been convicted.

**VIOLATION OF CONDITIONS:**
Violation of any of the above conditions of this bond, including the commission of a new criminal offense while awaiting final order here, may result in the issuance of a warrant for your arrest, and the revocation, increase or modification of bond. Any felony offense committed while on bail will result in consecutive sentencing.

FILED

| DEFENDANT NAMED ABOVE SHALL APPEAR IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS LOCATED AT: | I understand and accept the conditions of bond I make in this matter. I hereby certify that I understand the consequences of failure to appear for trial as required. |
| Address: 555 West Harrison Street | IRIS Y. MARTINEZ CLERK OF THE CIRCUIT COURT OF COOK COUNTY, IL |
| City/Town/Village: Chicago | Defendant's Signature: |
| Room No.: Branch 61 Room 401 | Address: |
| On: 09/24/2021     At: 9:00 AM | |

| HOUR: 10:32 AM | The above conditions and certification of defendant have been taken, entered into acknowledgement before me. |
| DATE: 9/10/2021 | The defendant is hereby released from custody. |
| | Police Officer: _____ Star No.: _____ Police Dept No.: _____ |
| | IRIS Y MARTINEZ, CLERK OF THE CIRCUIT COURT    By: L. Steinberg  Loc./Branch: Branch 61 |

| COPY#: TWO I0910202173215 | Signature of Judge at The Circuit Court of Cook County, Illinois (Judge's No) | OFFICE USE |

DEFENDANT'S COPY

FORWARD THIS ORIGINAL TO THE OFFICE OF CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS WITHIN 48 HOURS AFTER BOND IS WRITTEN.

Printed: 9/10/2021 10:32 AM

ENTERED
9/10/2021
Iris Y Martinez
Clerk of the Circuit Court
of Cook County, IL
DEPUTY CLERK  L. Steinberg

FILED
9/27/2021 12:00 AM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2021OP76706
Calendar, 72
14963177

# Exhibit H: Towing Company Receipt & *Pro Se* Defendant's black Honda SUV/car's photos

- Towing Company Receipt
- *Pro Se* Defendant's black Honda SUV/car

Case: 1:22-cv-04782 Document #: 1 Filed: 09/02/22 Page 144 of 218 PageID #:144

2021OP76706

 Gmail

**Jerico. the consultant <theconsultantoo0oo@gmail.com>**

FILED

---

**Receipt from PANTHER TOWING, LLC**
2 messages

---

**PANTHER TOWING, LLC via Square** <receipts@messaging.squareup.com>                    Sat, Sep 11, 2021 at 8:59 AM
Reply-To: "PANTHER TOWING, LLC via Square"
<CAESKBIAGhpyX29peXRlbXp4aXE0ZnF3a2RsamplcXdzdSIIZGlhbG9ndWUiIALccCsEGx80IjgfoI0L+SIPaVt/W6MyW1rblszbpyU7@reply2.squareup.com>
To: theconsultantoo0oo@gmail.com

9/27/2021 12:00 AM

Now when you shop at sellers who use Square, your receipts will be delivered automatically.

IRIS Y. MARTINEZ

Not your receipt?

CIRCUIT CLERK

COOK COUNTY, IL



2021OP76706

Calendar, 72



14963177

PANTHER TOWING, LLC

▲

How was your experience?

🙂  🙁

$**65.00**

---

Custom Amount                    $65.00

---

Total                    **$65.00**



PANTHER TOWING, LLC
6038 N ELSTON AVE
CHICAGO, IL 60646-4702

MasterCard 5237 (Swipe)                    Sep 11 2021 at 8:53 AM

#Hj0S

Auth code: 085358

JERICO M CRUZ

Run your own business?

Case: 1:22-cv-04782 Document #: 1 Filed: 09/02/22 Page 145 of 218 PageID #:145

Start using Square and process $1,000 in
sales for free.

2021OP76706

Get Started with Square



**Receipt Settings**

Not your receipt?    Manage preferences

© 2021 Square, Inc. Privacy Policy
1455 Market Street, Suite 600
San Francisco, CA 94103

© Mapbox © OpenStreetMap Improve this map

---

**Jerico. the consultant** <theconsultantoo0oo@gmail.com>                    Thu, Sep 23, 2021 at 1:00 PM
Draft To: j-cruz7@neiu.edu

FYI.
See attachment.

Respectfully,

Jerico Matias Cruz
5135 North Keating Avenue
Chicago, IL 60630

Linkedin: https://www.linkedin.com/in/jeric0mcruz
Profile: https://jeric0mcruz.wordpress.com

Email Notice Confidentiality: This email is covered by the Electronic Communications Privacy Act, 18 USC §§2510-2521. The confidential information contained in this e-mail is being transmitted to and is intended for the use of only the individual(s) to whom it is addressed. If the reader of this e-mail is not the intended recipient, you are hereby advised that any dissemination, distribution or copying of this e-mail is strictly prohibited. If you have received this e-mail in error, please immediately notify me via theconsultantoo0oo@gmail.com and delete it afterward. Thank you for your cooperation.

[Quoted text hidden]

FILED DATE: 9/23/2021 12:00 AM   2021OP76706

2021OP76706

FILED
9/27/2021 12:00 AM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2021OP76706

14963177



2021OP76706



2021OP76706



2021OP76706



2021OP76706



2021OP76706

FILED
9/27/2021 12:00 AM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2021OP76706
Calendar, 72
14963177

# Exhibit I:
# City of Chicago
# Civilian Office
# of
# Police Accountability
# ("COPA")
# Complaint

- COPA Complaint against 17th District CPD Peace Officers



**Jerico. the consultant <theconsultantoo0oo@gmail.com>**

FILED
9/27/2021 12:00 AM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2021OP76706
14963177

## Form Submission: COPA Online Complaint Form
1 message

**Civilian Office of Police Accountability** <COPA-Intake@chicagocopa.org>      Wed, Sep 22, 2021 at 5:16 PM
To: theconsultantoo0oo@gmail.com

Thank you for submitting your complaint using COPA's online complaint form.  A copy of your submission is provided below.

### Name

Jerico Matias Cruz

### Primary Address

5135 N Keating Ave
Chicago, Illinois 60630
United States
Map It

### Alternate Address

United States
Map It

### Date of Birth

06/14/1987

### Gender

Male

### Ethnicity

Asian

### Are you a member of the Chicago Police Department?

No

### Best Time to Contact

- Weekday
- Weekend
- Morning
- Afternoon

### Contact Phone Number

(847) 906-3123

### Contact Phone Number Type

Mobile

### Email

theconsultantoo0oo@gmail.com

### Describe the incident.

FILED DATE: 9/27/2021 12:00 AM 2021OP76706

On or about September 3, 2021, 17th District peace officers Markham, S.S. with Star No. 19054 and Christopher, J.A. with Star No. 5974 failed to review and verify information about Jerico M. Cruz's background information, which is a resident of 5135 N Keating Ave, Chicago, Illinois for more than 20 years, and his black Honda SUV/car's police report or original case incident report R.D. No. JE335212- IUCR- Theft-In-Car, which is unable Cruz to move or drive the car because Cruz's black Honda SUV/car's keys were stolen, and ongoing civil litigation about Cruz's black Honda SUV/car at the Circuit Court of Cook County, First Municipal District Small Claims Court, Jerico Matias Cruz v. Ferdinand B. Delizo et al., No. 2021-M1-012505. Cruz cannot move his black Honda SUV/car due to the fact that it is a violation of Illinois Vehicle Code to operate with one-tail light. The reason Cruz returns to his black Honda SUV/car because he has to retrieve the court documents that were filed at 555 W Harrison St, Chicago, IL 60607 on or about September 2, 2021 for Erlinda Matias Cruz (Biological Mother) v. Jerico M. Cruz (Biological Son), No. 2021OP76706, between mother and son. Facts about Cruz with Arrest Report/ R.D. No. JE359954: (1) Cruz is Unarmed; (2) Cruz's IL Driver's License No, Date of Birth, Age, Gender, Race, and US Veteran Status are correct; (3) Cruz's black Honda SUV/car's description are slightly correct; and Cruz's possible violation of Order of Protection is DISTANCE and NOT BATTERY as stated on R.D. No. JE359954's narrative section. I am not sitting in my car when Ofc. Markham and Ofc. Christoper arrives at 5135 N Keating Ave, Chicago, Illinois 60630. I am searching for the documents that I filed at 555 W Harrison, Chicago, Illinois 60607 on or about September 2, 2021 because of the TYPO and inexplicable terms of the Cruz's ORDER received from the Court. I do NOT weigh 200 lbs and my height is not 5'7'; and Petitioner of OP and Cruz live in the same physical address and not 5136 N Keating Ave, Chicago, Illinois 60630. I AM ALSO FILING A COMPLAINT AGAINST THE PEACE OFFICERS WHO WERE INVOLVED WITH THIS INCIDENT. First, Ofc. Christopher and Ofc. Markham may have violated my legal rights as such that Section 1.14 of the Illinois Criminal Procedure: Search of Automobile Incident to Terry Stop (I have my legal rights to be inside my personal property in spite of the Order of Protection and it is not in the real property of the petitioner of OP; Cruz's black Honda SUV/car is parked in the street of city of Chicago). Second, Section 2.25 of Illinois Criminal Procedure: Timing of Miranda Warnings (Ofc. Christopher and Ofc. Markham fails to give Cruz warning about Cruz's Miranda rights). Third, Ofc. Christopher and Ofc. Markham do not know about Cruz's black Honda SUV/car's police report or R.D. No. JE335212 that there was reported criminal theft inside the car and the ongoing civil litigation, Cruz v. Delizo et al., No. 2021-M1-012505. Last, 16th District and 17th District CPD peace officers involved with this incident violates Cruz's personal property - black wallet; the color of the bag at 17th District CPD was RED, when it was brought to 16th District CPD; but when Cruz pick ups his personal property at CPD, Evidence and Recovered Property Section at 1011 S Homan Ave, Chicago, Illinois 60624, the color of bag was BLUE. (I would like the other peace officers listed and unlisted on on R.D. No. JE359954 to be included in this investigation. My black wallet contains personal identifying information, including different banks' card numbers, association memberships, etc.)

**Were you injured in this incident?**

No

2021OP76706

**Incident Address**

5135 N Keating Ave
Chicago, Illinois 60630
United States
Map It

**Incident Date**

09/03/2021

**Incident Time**

09:30 am

**Building Name**

Mother(Plaintiff) & Son's (Defendant) Residence

**Location Description**

5135 N Keating Ave, Chicago, Illinois 60630: Residence.

**Was this in a school?**

No

**Was this in a police facility?**

Case: 1:22-cv-04782 Document #: 1 Filed: 09/02/22 Page 154 of 218 PageID #:154

2021OP76706

No

**Are you aware of any video or audio recording of the incident?**

Yes

**Do you have a copy of the video or audio recording?**

Yes

**Would you like for an investigator to contact you in order to retrieve your audio or video recordings?**

Yes

**Were there witnesses?**

- Yes, add witness

**Witness Name**

Neighbors Neighbors

**Is the witness a member of the Chicago Police Department?**

No

**Witness Primary Address**

United States
Map It

**Department Member Name**

J.A. Christopher

**Star Number**

5974

**Gender**

Female

**Ethnicity**

White

**Was the Department member in uniform?**

Yes

**Assigned Unit**

17th District CPD

**Department Member Description**

A white Caucasian female

**Was the Department member driving a vehicle?**

Yes

**What type of vehicle?**

SUV

**Was the vehicle marked with a "Chicago Police Department" decal?**

Yes

Case: 1:22-cv-04782 Document #: 1 Filed: 09/02/22 Page 155 of 218 PageID #:155

**Beat Number**

1742

FILED DATE: 9/23/2021 12:00 AM   2021OP76706

2021OP76706

**Add another Department Member?**

- Yes, Add Another Department Member

**Department Member Name**

S.S. Markham

**Star Number**

19054

**Assigned Unit**

17th District CPD

**Gender**

Male

**Ethnicity**

White

**Was the Department member in uniform?**

Yes

**Department Member Description**

A white Caucasian male.

**Was the Department member driving a vehicle?**

Yes

**What type of vehicle?**

SUV

**Beat Number**

1712

**Submitted On**

09/22/2021 17:16:21 America/Chicago

**How did you hear about COPA**

Community Event

Within five (5) business days, a letter will be mailed to you with respect to whether your complaint falls within COPA's jurisdiction or the jurisdiction of the Bureau of Internal Affairs. If your complaint falls within COPA's jurisdiction, we will proceed to investigation.

If you have any questions about your complaint, please feel free to contact our main office during our business hours and ask to speak with a case liaison.  To the extent you have received the aforementioned letter, please be sure to have the Log# assigned to your case when you call so that we can quickly locate your case file.

For answers to frequently asked questions, please view our FAQs.

Location: <<CourtRoomNumber>>

**CHICAGO POLICE DEPARTMENT**
**ARREST REPORT**

**FINAL APPROVAL**

CB #: 30080486
IR #: 2430720
YD #:
RD #: JE359954
EVENT #: 2124603616

3510 S. Michigan Avenue, Chicago, Illinois 60653
(For use by Chicago Police Department Personnel Only)
CPD-11. 420C(REV. 6/30)

| ARREST REPORTING |
|---|

**OFFENDER**

Name: **CRUZ, Jerico M**
Res: 5135 N Keating Ave
Chicago, IL 60630
Dna
DOB: 14 June 1987
AGE: 34 years
POB: Illinois
DL : ████7169 - ILLINOIS
ARMED WITH Unarmed

Beat: 1712

Male
Asian / Pacific Islander
5' 07"
200 lbs
████████
████████
Medium Complexion
US Veteran



**INCIDENT**

Arrest Date: 03 September 2021 09:30
Location: 5136 N Keating Ave
Chicago, IL 60630
304 - Street
Holding Facility: District 016 Lockup
Resisted Arrest? No

TRR Completed? No
Beat: 1712

Total No Arrested: 1
Dependent Children? No

Co-Arrests       Assoc Cases
DCFS Ward ? No

**CHARGES**

| 1 | Offense As Cited | **720 ILCS 5.0/12-3.4-A-1**
VIOLATE ORDER PROTECTION
Class A - Type M |

Victim
Domestic Related ████████

**RECOVERED NARCOTICS**

NO NARCOTICS RECOVERED

IR #:2430720

**WARRANT**

NO WARRANT IDENTIFIED

FILED
9/27/2021 12:00 AM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2021OP76706
Calendar, 72

CB #:30080486

Print Generated By: ████████

Page 1 of 5

powered by: CLE(AR)Technology

20 SEP 2021 07:29

**Chicago Police Department - ARREST Report**

CB #: 30080486

CRUZ, Jerico

## ARREST REPORTING

### NON-OFFENDER(S)

FILED DATE: 9/2/2022 11:02 AM  2021OP76706

**VICTIM AND COMPLAINANT**

| Name: | | |
|---|---|---|
| Res: | | Beat: 1712 |

Female

DOB: [REDACTED]1963
Age: 58 years

Comments:

Injured? No    Deceased? No

Hospitalized? No

Treated and Released? No

**COMPLAINANT - ADULT**

Name: PO S MARKHAM
Res: 4650 N Pulaski Rd
Chicago, IL 60630

Beat: 1722

DOB:
Age:
Comments:

Injured? No    Deceased? No

Hospitalized? No

Treated and Released? No

### ARRESTEE VEHICLE

**Vehicle:** **VEHICLE IMPOUNDED:**

2006 Truck - Honda - Pilot - Carryall (Suv - Sport Utility Vehicle)
**Color:** Black (Top) / Black (Bottom)
**Pound#:**
**Disposition:**

VIN#:

Lic#: US25US    IL

Inv#:

### PROPERTIES

**Confiscated Properties :**
All confiscated properties are recorded in the e-Track System. This system can be queried by the inventory number to retrieve all official court documents related to evidence and/or recovered properties.

PROPERTIES INFORMATION FOR    CRUZ, Jerico,    NOT AVAILABLE IN THE AUTOMATED ARREST SYSTEM.

### INCIDENT NARRATIVE

(The facts for probable cause to arrest AND to substantiate the charges include, but are not limited to, the following)

In Summary, [REDACTED] The victim/petitioner was leaving for work, when she observed her son/respondent sitting across the street at 5136 n Keating, in his car, and became afraid of receiving a battery. T[REDACTED] called the police and related the offender/respondent, was sitting in his 2016 Black Honda Pilot across the street, who is the respondent on the valid Order of Protection, #20210P76706, issued in Cook County, by Judge Thomas Cushings, on 31 Aug 2021. Ro's arrived on scene and located the person sitting in that vehicle. [REDACTED] he presented Ao's with the valid Order of protection. The offender violated one of the remedies of the order of protection, in that, the respondent was within 300 feet of the residence, being 5135 N Keating. The full order was served to the respondent by Deputy Romo, on 01 Sept 2021 at 1540 hrs, in open court. No wants no warrant. IUU notified McCullugh #19551, at 1045hrs. NFI

### COURT INFO

**Desired Court Date:** 21 September 2021
**Branch:** 61-2   555 W HARRISON ST - Room 40
**Court Sgt Handle?** Yes
**Initial Court Date:** 04 September 2021
**Branch:** CBC-1 2600 S CALIFORNIA - Room100
**Docket #:**

### BOND INFO

BOND INFORMATION NOT AVAILABLE

Print Generated By: [REDACTED]

Page 2 of 5

powered by: CLEAR Technology

20 SEP 2021 07:29

2021OP76706

**Chicago Police Department - ARREST Report**

CB #: 30080486

CRUZ, Jerico

| ARREST REPORTING |
|---|

**REPORTING PERSONNEL**

FILED DATE: 9/2/2021 11:00 AM 2021OP76706

**ATTESTING OFFICER:**

I hereby declare and affirm, under penalty of perjury, that the facts stated herein are accurate to the best of my knowledge, information and/or belief.

| Attesting Officer: | #19054 | MARKHAM, S S | 03 SEP 2021 11:31 |
|---|---|---|---|

**ARRESTING OFFICER(S):**

| | | | | Beat |
|---|---|---|---|---|
| 1st Arresting Officer: | #5974 | CHRISTOPHER, J A | | 1742 |
| Arresting Officer - Second: | #19054 | MARKHAM, S S | | 1712 |

**APPROVING SUPERVISOR:**

| Approval of Probable Cause : | #418 | RYLE, J P | 03 SEP 2021 11:33 |
|---|---|---|---|

**Chicago Police Department - ARREST Report**

CB #: 30080486

CRUZ, Jerico

## ARREST PROCESSING REPORT

**Holding Facility:** District 016 Lockup
**Received in Lockup:** 03 September 2021 12:15
**Prints Taken:** 03 September 2021 12:37
**Palmprints Taken:** Yes
**Photograph Taken:** 03 September 2021 12:28
**Released from Lockup:** 04 September 2021 04:51

**Time Last Fed:** 03 September 2021 12:16
**Time Called:** 03 September 2021 12:50          **Phone#:** 8448174448
**Cell #:** 4        - Placed in one person cell
                        Placed under close observation
**Transport Details :** 1PO        1712        03-SEP-2021 09:35

### VISUAL CHECK OF ARRESTEE

| | |
|---|---|
| Is there obvious pain or injury? | No |
| Is there obvious signs of infection? | No |
| Under the influence of alcohol / drugs? | No |
| Signs of alcohol / drug withdrawal? | No |
| Appears to be despondent? | No |
| Appears to be irrational? | No |
| Carrying medication? | No |

### ARRESTEE QUESTIONNARIE

| | |
|---|---|
| (if female) are you pregnant? | |
| First time ever been arrested? | No |
| Attempted suicide / serious harm? | No |
| Transgender / intersex / gender non-conforming? | No |
| Deaf / hard of hearing-request interpreter for court? | No |
| Interpreter needed?  (indicate language) | No |
| Serious medical problems? | No |
| Serious mental problems? | No |

### ARRESTEE PRESCRIPTION MEDICATION INFORMATION:

| Question | Response | Medical Condition | Next Medication  Due |
|---|---|---|---|
| Presently Taking Prescribed Medication? | No | | |

### RETURN TO HOLDING FACILITY COMMENTS:

### QUESTIONNAIRE REMARKS:

### LOCKUP KEEPER COMMENTS:

03 SEP 2021 13:07  10586     **FOERSTEL, Matthew T**              Person Telephoned Free Legal Services @ 1250.
                                                                    ▉:

### EMERGENCY CONTACT

**Name :** REFUSED

   **Res:**                                             **Beat:**

---

**INTERVIEW LOG**

**NO INTERVIEWS LOGGED**

---

FILED DATE: 9/2/2022 11:12:00 AM  2021OP76706

2021OP76706

**Chicago Police Department - ARREST Report**

CB #: 30080486

CRUZ, Jerico

| ARREST PROCESSING REPORT |
|---|

**VISITOR LOG**

NO VISITORS LOGGED

**MOVEMENT LOG**

MOVEMENT LOG INFORMATION NOT AVAILABLE

**WC COMMENTS**

Watch Commander Comments:

**REL w/o CHARGING**

DOES NOT APPLY TO THIS ARREST

**PROCESSING PERSONNEL**

**ARRESTEE PROCESSING PERSONNEL:**

| | | | Beat |
|---|---|---|---|
| Searched By: | #10586 | FOERSTEL, M T | 1602 |
| Lockup Keeper: | #4138 | COLON, R | 1602 |
| Fingerprinted By: | #13700 | SCAFIDI, D M | |

**APPROVAL PERSONNEL:**

| | | | | Beat |
|---|---|---|---|---|
| Final Approval of Charges : | #339 | STOPPA, K A | 03 SEP 2021 13:37 | |

FILED DATE: 9/23/2021 11:00 AM 2021OP76706

FILED
9/27/2021 12:00 AM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL

2021OP76706

FILED DATE: 9/27/2021 12:00 AM   2021OP76706

# Exhibit J:
# Federal Freedom of Information ("FOIA") and Privacy Act ("PA") – Criminal Records and Investigative Files

- U.S. Army Criminal Investigation Command ("USACIDC")
- U.S. Federal Bureau of Investigation ("FBI")
- U.S. Drug Enforcement Administration ("DEA")
- U.S. Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF")
- U.S. Secret Service ("Secret Service")
- U.S. Marshals Service ("USMS")

2021OP76706



**DEPARTMENT OF THE ARMY**
U.S. ARMY CRIMINAL INVESTIGATION COMMAND
U.S. ARMY CRIME RECORDS CENTER
27130 TELEGRAPH ROAD
QUANTICO, VA 22134

REPLY TO
ATTENTION OF

AUG 0 7 2017

FA17-4022

Mr. Jerico M. Cruz
5135 North Keating Avenue
Chicago, IL 60630-1743

Dear Mr. Cruz:

This is in response to your request for release of information from the files of the U.S. Army Criminal Investigation Command (USACIDC) received on August 2, 2017.

A search of the Army criminal file indexes utilizing the information you provided revealed no files pertaining to yourself. You are advised that records at this center are Criminal Investigative and Military Police Reports and are indexed by personal identifiers such as names, social security numbers, dates and places of birth and other pertinent data to enable the positive identification of individuals.

This can be considered a "no record" response for USACIDC records pursuant to the Privacy Act, Title 5, USC, Section 552a and the Freedom of Information Act, Title 5, USC, Section 552. You have appeal rights concerning this action. Please note that your appeal should address information denied in this response and cannot be used to make a new request for additional or new information.

This no records response can be deemed by you to be a denial under the FOIA by the Initial Denial Authority, the Commanding General, U.S. Army Criminal Investigation Command (USACIDC). If you wish to appeal this decision, please do so within ninety (90) days of the date of this letter. Please submit your appeal addressed to this office: Director, U.S. Army Crime Records Center, Attention: CICR-FP, 27130 Telegraph Road, Quantico, VA 22134.

Questions regarding this action should be in writing to this center at the address shown on the letterhead or you can call 1-571-305-4254. Please reference the above control number with your correspondence.

Printed on ♲ Recycled Paper

2021OP76706

I trust this will be of assistance to you.

Sincerely,

Chester B. Longoor
Director, Crime Records Center

2021OP76706

2021OP76706

FILED DATE: 9/2/2022 12:00 AM 2021OP76706



2021OP76706



**Federal Bureau of Investigation**
*Washington, D.C. 20535*

**U.S. Department of Justice**

April 4, 2017

MR. JERICO MATIAS CRUZ
5135 NORTH KEATING AVENUE
CHICAGO, IL 60630

FOIPA Request No.: 1370499-000
Subject: CRUZ, JERICO MATIAS
(January 1, 2001 – Present)

Dear Mr. Cruz:

This is in response to your Freedom of Information/Privacy Acts (FOIPA) request.

Based on the information you provided, we conducted a search of the Central Records System. We were unable to identify main file records responsive to the FOIA. If you have additional information pertaining to the subject that you believe was of investigative interest to the Bureau, please provide us the details and we will conduct an additional search.

By standard FBI practice and pursuant to FOIA exemption (b)(7)(E) and Privacy Act exemption (j)(2) [5 U.S.C. §§ 552/552a (b)(7)(E), (j)(2)], this response neither confirms nor denies the existence of your subject's name on any watch lists.

For your information, Congress excluded three discrete categories of law enforcement and national security records from the requirements of the FOIA. See 5 U.S. C. § 552(c) (2006 & Supp. IV (2010). This response is limited to those records that are subject to the requirements of the FOIA. This is a standard notification that is given to all our requesters and should not be taken as an indication that excluded records do, or do not, exist.

For questions regarding our determinations, visit the www.fbi.gov/foia website under "Contact Us." The FOIPA Request Number listed above has been assigned to your request. Please use this number in all correspondence concerning your request. Your patience is appreciated.

You may file an appeal by writing to the Director, Office of Information Policy (OIP), United States Department of Justice, Suite 11050, 1425 New York Avenue, NW, Washington, D.C. 20530-0001, or you may submit an appeal through OIP's FOIAonline portal by creating an account on the following web site: https://foiaonline.regulations.gov/foia/action/public/home. Your appeal must be postmarked or electronically transmitted within ninety (90) days from the date of this letter in order to be considered timely. If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal." Please cite the FOIPA Request Number assigned to your request so that it may be easily identified.

You may seek dispute resolution services by contacting the Office of Government Information Services (OGIS) at 877-684-6448, or by emailing ogis@nara.gov. Alternatively, you may contact the FBI's FOIA Public Liaison by emailing foipaquestions@ic.fbi.gov. If you submit your dispute resolution correspondence by email, the subject heading should clearly state "Dispute Resolution Services." Please also cite the FOIPA Request Number assigned to your request so that it may be easily identified.

Enclosed for your information is a copy of the FBI Fact Sheet and Explanation of Exemptions.

Sincerely,

David M. Hardy
Section Chief,
Record/Information
 Dissemination Section
Records Management Division

Enclosure

2021OP76706



FILED DATE: 9/23/2021 12:00 AM   2021OP76706

2021OP76706



**U.S. Department of Justice**

Drug Enforcement Administration

FOI/Records Management Section

8701 Morrissette Drive

Springfield, Virginia 22152

_____

Case Number: 17-00282-P

**MAR 3 0 2017**

Subject: Cruz, Jerico Matias

Jerico Matias Cruz
5135 North Keating Avenue
Chicago, Illinois 60630

Dear Mr. Cruz:

This letter responds to your Freedom of Information Act/Privacy Act (FOI/PA) request dated March 17, 2017, addressed to the Drug Enforcement Administration (DEA), Freedom of Information/Privacy Act Unit (SARF), seeking access to information regarding the above subject. Your request was opened and assigned the above case number. Please include this case number in any future correspondence addressed to this office.

After reviewing your request as constituted, we conducted a preliminary search for responsive records pertaining to you. To search for responsive records, we queried the DEA Investigative Reporting, and Filing System (IRFS). IRFS is the system of records that contains all administrative, general and investigative files compiled by DEA for law enforcement purposes. DEA retrieves investigative information about an individual, an operation or company from the IRFS using the DEA Narcotics and Dangerous Drug Information System (NADDIS). Individuals are indexed, identified, and retrieved through NADDIS using their name, Social Security Number, address and/or date of birth. As a result of our query, we are unable to locate any records responsive to your request.

For your information, Congress excluded three discrete categories of law enforcement and national security records from the requirements of the FOIA. See 5 U.S.C. § 552(c). This response is limited to those records that are subject to the requirements of the FOIA. This is a standard notification that is given to all our requesters and should not be taken as an indication that excluded records do, or do not, exist.

You may contact our FOIA Public Liaison at 202-307-7596 for any further assistance and to discuss any aspect of your request. Additionally, you may contact the Office of Government Information Services (OGIS) at the National Archives and Records Administration to inquire about the FOIA mediation services they offer. The contact information for OGIS is as follows: Office of Government Information Services, National Archives and Records Administration, Room 2510, 8601 Adelphi Road, College Park, Maryland 20740-6001; e-mail at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-684-6448; or facsimile at 202-741-5769.

2021OP76706

Case Number: 17-00282-P                                        Page 2

  If you are not satisfied with my response to this request, you may administratively appeal by writing to the Director, Office of Information Policy (OIP), United States Department of Justice, Suite 11050, 1425 New York Avenue, NW, Washington, DC 20530-0001, or you may submit an appeal through OIP's FOIAonline portal by creating an account on the following web site: https://foiaonline.regulations.gov/foia/action/public/home. Your appeal must be postmarked or electronically transmitted within 90 days of the date of my response to your request. If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal."

  If you have any questions regarding this letter, you may contact Paralegal Jenrette L. Nowaczynski at 202-307-4458.

          Sincerely,

          Katherine Myrick

          Katherine L. Myrick, Chief
          Freedom of Information/Privacy Act Unit
          FOI/Records Management Section

2021OP76706

SARF

**U.S. DEPARTMENT OF JUSTICE**
**DRUG ENFORCEMENT ADMINISTRATION**
**8701 MORRISSETTE DRIVE**
**SPRINGFIELD, VA 22152-1080**

**OFFICIAL BUSINESS**
PENALTY FOR PRIVATE USE, $300

WELCOME

neopost
03/30/2017
**US POSTAGE** $000.46

FIRST-CLASS MAIL

US OFFICIAL MAIL
$300 Penalty
For Private Use
ZIP 22202
041M12120011

17-00282-P
Mr. Jerico Cruz
5135 North Keating Avenue
Chicago, Illinois 60630

60630$1743 C051

2021OP76706

FILED DATE: 9/2/2021 12:00 AM    2021OP76706



**U.S. Department of Justice**

Bureau of Alcohol, Tobacco,
Firearms and Explosives

www.atf.gov

April 7, 2017                                           REFER TO:  2017-0564

Mr. Jerico M. Cruz
5135 North Keating Avenue
Chicago, IL  60630-1743

Dear Mr. Cruz:

This responds to your Freedom of Information Act ("FOIA")/Privacy Act request dated
March 23, 2017, and received by the Bureau of Alcohol, Tobacco, Firearms and Explosives
("ATF") on March 30, 2017, in which you requested records concerning you.  Your request has
been assigned number 2017-0564.  Please refer to this number on any future correspondence.

Please be advised that a search has been conducted in our N-Force and TECS databases.  N-
Force and TECS are the systems of records that contains all investigative files compiled by ATF
for law enforcement purposes.  Based on the information you provided to us, we were not able to
locate any responsive records subject to the Freedom of Information Act.

For your information, Congress excluded three discrete categories of law enforcement and
national security records from the requirements of the FOIA.  *See* 5 U.S.C. § 552(c).  This
response is limited to those records that are subject to the requirements of the FOIA.  This is a
standard notification that is given to all our requesters and should not be taken as an indication
that excluded records do, or do not, exist.

You may contact our FOIA Public Liaisons, Darryl Webb or Johnny Rosner, at (202) 648-7390,
for any further assistance and to discuss any aspect of your request.  Additionally, you may
contact the Office of Government Information Services ("OGIS") at the National Archives and
Records Administration to inquire about the FOIA mediation services they offer.  The contact
information for OGIS is as follows: Office of Government Information Services, National
Archives and Records Administration, Room 2510, 8601 Adelphi Road, College Park,
Maryland 20740-6001, e-mail at ogis@nara.gov; telephone at 202-741-5770; toll free at 1-877-
684-6448; or facsimile at 202-741-5769.

If you are not satisfied with my response to this request, you may administratively appeal by
writing to the Director, Office of Information Policy ("OIP"), United States Department of
Justice, Suite 11050, 1425 New York Avenue, NW, Washington, DC 20530-0001, or you may

2021OP76706

-2-

Mr. Jerico M. Cruz

submit an appeal through OIP's FOIAonline portal by creating an account on the following web site: https://foiaonline.regulations.gov/foia/action/public/home. Your appeal must be postmarked or electronically transmitted within 90 days of the date of my response to your request. If you submit your appeal by mail, both the letter and the envelope should be clearly marked "Freedom of Information Act Appeal."

Sincerely,

Stephanie M. Boucher
Chief, Disclosure Division

2021OP76706

FILED DATE: 9/2/2022 12:00 AM 2021OP76706

**U.S. DEPARTMENT OF JUSTICE**
BUREAU OF ALCOHOL, TOBACCO, FIREARMS
AND EXPLOSIVES
WASHINGTON, DC 20226

OFFICIAL BUSINESS
PENALTY FOR PRIVATE USE $300



Mr. Jerico M. Cruz
5135 North Keating Avenue
Chicago, IL 60630-1743

E 1363.1

2021OP76706



**DEPARTMENT OF HOMELAND SECURITY**
UNITED STATES SECRET SERVICE
WASHINGTON, D.C. 20223

Freedom of Information Act & Privacy Act Program
Communications Center
245 Murray Lane, S.W., Building T-5
Washington, D.C. 20223

Date: APR 24 2017

Jerico Cruz
5135 North Keating Avenue
Chicago, IL 60630
Jerico.m.cruz@gmail.com

File Number: 20171212

Dear Requester:

This letter is intended to acknowledge the receipt of your recent Freedom of Information Act/Privacy Act (FOIA/PA) request, received by the United States Secret Service (Secret Service) on March 15, 2017, for information pertaining to Jerico Matias Cruz.

The Secret Service requires that an individual seeking access to personal records through the mail must provide a written request which includes an original signature and a notarized statement attesting to their identity or a perjury statement of declaration pursuant to 28 U.S.C. § 1746. In cases where a requester is unable to obtain the services of a Notary Public, the Secret Service will accept a requester's statement of identity which has been witnessed by a government official (i.e., caseworker, counselor, or warden). Such a document should bear the official's stamp, if applicable. The official certification of an individual's identity is necessary to ensure that an individual's file is not sent to an unauthorized third party.

Please be advised, this is not a denial of your request. Upon receipt of a notarized request, you will be advised of the status of your request. Please note that failure to submit the required documentation, within thirty (30) days of the above date, will result in the administrative closure of your file.

Your request has been assigned FOIA/PA File No. 20171212. If you have any questions or would like to discuss this matter, please contact this office at (202) 406-6370. Please refer to the file number indicated above in all correspondence with this office.

Sincerely,

Kim E. Campbell
Special Agent In Charge
Freedom of Information Act & Privacy Act Officer

FILED DATE: 9/2/2021 12:00 AM 2021OP76706

2021OP76706



**DEPARTMENT OF HOMELAND SECURITY**
UNITED STATES SECRET SERVICE
WASHINGTON, D.C. 20223

Freedom of Information Act and Privacy Act Program
Communications Center
245 Murray Lane, SW, Building T-5
Washington, D.C. 20223

Date: JUN 30 2017

Jerico Cruz
5135 North Keating Avenue
Chicago, IL 60630

File Number: 20171212

Dear Requester:

This is the final response to your Freedom of Information Act/Privacy Acts (FOIA/PA) request, originally received by the United States Secret Service (Secret Service) on March 15, 2017, for information pertaining to Jerico Matias Cruz.

In response to your request, the Secret Service has conducted a reasonable search for responsive records. It appears, from a review of Secret Service's main indices, that there are no records pertaining to your request that are referenced in these indices.

Alternatively, if you deem our decision an adverse determination, you may exercise your appeal rights. Should you wish to file an administrative appeal, your appeal should be made in writing and received within sixty (60) days of the date of this letter, by writing to: Freedom of Information Appeal, Deputy Director, U.S. Secret Service, Communications Center, 245 Murray Lane, S.W., Building T-5, Washington, D.C. 20223. If you choose to file an administrative appeal, please explain the basis of your appeal and reference the case number listed above.

If you have any questions or would like to discuss this matter, please contact this office at (202) 406-6370. FOIA/PA File No. 20171212 is assigned to your request. Please refer to this file number in all future communication with this office.

Sincerely,

Kim E. Campbell
Special Agent In Charge
Freedom of Information Act & Privacy Act Officer

2021OP76706



UNITED STATES DEPARTMENT OF HOMELAND SECURITY

COMMUNICATIONS CENTER – LIA
245 MURRAY LANE, SW, BLDG T-5
WASHINGTON, DC  20223

OFFICIAL BUSINESS
PENALTY FOR PRIVATE USE, $300

Hasler
04/25/2017
US POSTAGE $000.46°
US OFFICIAL MAIL
$ 300 Penalty
For Private Use
ZIP 20223
011D11501116

FIRST-CLASS MAIL

Jerico Cruz
5135 North Keating Ave
Chicago, IL 60630

☐ call first
☐ copy of receipt
☒ copy of tracking #
☐ certificate of identity
☐ letter

7016 3560 0000 62021966
Expected delivery by 03/23/17

2° = May 17, 2017

2017 12 12



**DEPARTMENT OF THE ARMY**
U.S. ARMY CRIMINAL INVESTIGATION COMMAND
U.S. ARMY CRIME RECORDS CENTER
27130 TELEGRAPH ROAD
QUANTICO, VA 22134

2021OP76706

REPLY TO
ATTENTION OF

AUG 0 7 2017

FA17-4022

Mr. Jerico M. Cruz
5135 North Keating Avenue
Chicago, IL 60630-1743

Dear Mr. Cruz:

This is in response to your request for release of information from the files of the U.S. Army Criminal Investigation Command (USACIDC) received on August 2, 2017.

A search of the Army criminal file indexes utilizing the information you provided revealed no files pertaining to yourself. You are advised that records at this center are Criminal Investigative and Military Police Reports and are indexed by personal identifiers such as names, social security numbers, dates and places of birth and other pertinent data to enable the positive identification of individuals.

This can be considered a "no record" response for USACIDC records pursuant to the Privacy Act, Title 5, USC, Section 552a and the Freedom of Information Act, Title 5, USC, Section 552. You have appeal rights concerning this action. Please note that your appeal should address information denied in this response and cannot be used to make a new request for additional or new information.

This no records response can be deemed by you to be a denial under the FOIA by the Initial Denial Authority, the Commanding General, U.S. Army Criminal Investigation Command (USACIDC). If you wish to appeal this decision, please do so within ninety (90) days of the date of this letter. Please submit your appeal addressed to this office: Director, U.S. Army Crime Records Center, Attention: CICR-FP, 27130 Telegraph Road, Quantico, VA 22134.

Questions regarding this action should be in writing to this center at the address shown on the letterhead or you can call 1-571-305-4254. Please reference the above control number with your correspondence.



Printed on ♻ Recycled Paper

2021OP76706

I trust this will be of assistance to you.

Sincerely,

Chester B. Longoor
Director, Crime Records Center

FILED DATE: 9/23/2021 11:02 AM   2021OP76706

2021OP76706

**U.S. Department of Justice**
*United States Marshals Service Headquarters*
*Washington, DC 20530-1000*

Official Business
Penalty for Private Use $300

NOVA 220
24 JUN 2019
PM 2L



Jerico Cruz
5135 North Keating Avenue
Chicago, IL 60630

60630-174335

2021OP76706

FILED DATE: 9/23/2021 12:00 AM 2021OP76706

# Exhibit K:
# Illinois Freedom of Information Act ("FOIA") – Criminal Records and Investigative Files

- Illinois State Police ("ISP")
- Cook County Sheriff's Office ("CCSO")
- Chicago Police Department ("CPD")

FILED DATE: 9/23/2021 12:00 AM 2021OP76706

2021OP76706



**ILLINOIS STATE POLICE**
*Freedom of Information Office*

Bruce Rauner
**Governor**

Leo P. Schmitz
**Director**

**RESPONSE to FOIA REQUEST**

June 2, 2017

Mr. Jerico Cruz
5135 North Keating Avenue
Chicago, Illinois 60630

Re: FOIR #17-0972

Dear Mr. Cruz:

Thank you for writing the Illinois State Police with your request for information pursuant to the Illinois Freedom of Information Act, 5 ILCS 140/1 et seq. On April 20, 2017, we received your request for the following: Records related to Jerico Matias Cruz 01/01/01 – present.

We used the search terms provided in your request. We were unable to locate any records responsive to your request.

Sincerely,

Erin Davis
FOIA Officer

801 South 7th Street, Suite 1000-S
Springfield, Illinois 62703
Email FOIA_Officer@isp.state.il.us

2021OP76706



**ILLINOIS STATE POLICE**
*Freedom of Information Office*
801 South Seventh Street • Suite 1000-S
Springfield, IL 62703-2487

PRESORTED
FIRST CLASS

UNITED STATES POSTAGE
PITNEY BOWES
02 1R
0002099140      JUN 02 2017
$ 00.40³
MAILED FROM ZIP CODE 62703

JERICO CRUZ
5135 NORTH KEATING AVENUE
CHICAGO, ILLINOIS 60630

5  EMGVNAB 60630

FILED DATE: 9/23/2021 12:00 AM 2021OP76706

2021OP76706



**Sheriff's Office of Cook County, Illinois**
Richard J. Daley Center
50 W. Washington, Room 704
Chicago, IL 60602
312-603-6444
**Thomas J. Dart**
SHERIFF

May 3, 2017

Mr. Jerico Cruz
5135 North Keating Ave.
Chicago, IL 60630

RE:     **FOIA Request for All Indexed Records regarding Jerico Cruz**

Dear Mr. Cruz,

Thank you for contacting the Cook County Sheriff's Office ("CCSO") pursuant to the Illinois Freedom of Information Act ("FOIA"), 5 ILCS 140/1 *et seq.* (2012). Your FOIA Request was received in our office on April 27, 2017.

Please be advised that the CCSO is unable to run an exhaustive search as to whether or not an individual has had any contact with our office unless specific information relating to an incident is provided, such as a case report/ticket number, date/time of incident and exact location of occurrence. If you should acquire that information, we would be happy to run a search for a specific report for you.

For further assistance with your request you may wish to redirect your request to the **Illinois State Police Department**. Please see attached additional referrals as well as a list of documents the CCSO traditionally maintains by department.

If you have any further questions or concerns related to this request, please feel free to contact us.

Sincerely,

*Nancy Crumpley*

**Nancy Crumpley**
**Administrative Support**
50 W. Washington
Chicago, IL 60602

*Enclosure*

FILED DATE: 9/23/2021 12:00 AM 2021OP76706

2021OP76706



**Honorable Thomas J. Dart**
Sheriff of Cook County
50 W. Washington Street, Room 704
Chicago, Illinois 60602

NEOPOST
05/05/2017
US POSTAGE $000.46⁰

ZIP 60602
041L11258976

Mr. Jerico Cruz
5135 North Keating Ave.
Chicago, IL 60630

BMDONMP 60630

2021OP76706



**Rahm Emanuel**  
Mayor

**Department of Police · City of Chicago**  
3510 S. Michigan Avenue · Chicago, Illinois 60653

**Eddie T. Johnson**  
Interim Superintendent of Police

May 12, 2017

Jerico M. Cruz  
5135 North Keating Avenue  
Chicago, IL 60630

RE:  NOTICE OF RESPONSE TO FOIA REQUEST  
 FOIA FILE NO.: PO60870

Dear Jerico Cruz:

The Chicago Police Department (CPD) is in receipt of your Freedom of Information Act (FOIA) request seeking the following:

> DESCRIBE RECORD SOUGHT *Please furnish me with copies of all records about me indexed to my name. To help identify information about me in your record systems, I am providing the following*

Your request was reviewed by the undersigned. A name search was conducted for Jerico Cruz, for CPD arrests, which proved to have no responsive records.

You have a right of review by the Illinois Attorney General's Public Access Counselor, who can be contacted at 500 S. Second St., Springfield, IL 62706. You may also seek judicial review.

If I can be of further assistance, you may contact me at (312) 745-5308.

Sincerely,

*T. Jimenez*

T. Jimenez  
Freedom of Information Act Officer  
Chicago Police Department  
Office of Legal Affairs, Unit 114  
3510 S. Michigan Ave.  
Chicago, IL 60653

---

Emergency and TTY: 9-1-1 · Non Emergency and TTY: (within city limits) 3-1-1 · Non Emergency and TTY: (outside city limits) (312) 746-6000  
E-mail: police@cityofchicago.org · Website: www.cityofchicago.org/police

FILED DATE: 9/23/2021 12:00 AM 2021OP76706

2021OP76706



**City of Chicago**
**Department of Police**
3510 South Michigan Avenue
Chicago, Illinois 60653

FOIA Officer Jimenez, Unit 114



02 1M          $ 00.46⁰
0004291177    MAY 16 2017
MAILED FROM ZIP CODE 60642

Jerico M. Cruz
5135 North Keating Avenue
Chicago, IL 60630

60630$1743 C05i

FILED DATE: 12/30/2021 1:32 AM   2021OP76706

# Exhibit B: Plaintiff's Legal Counsel Wrong Email

- Plaintiff's Legal Counsel Wrong Email dated on November 3, 2021

Case: 1:22-cv-04782 Document #: 1 Filed: 09/02/22 Page 187 of 218 PageID #:187



FILED
**Jerico. the consultant <theconsultant 12/30/2021 1:32 AM oo0oo@gmail.com>**
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2021OP76706

16116235

# Resending the order
3 messages

**Jerico. the consultant** <theconsultantoo0oo@gmail.com>       Wed, Nov 3, 2021 at 12:52 PM
To: mattmedina200@gmail.com, mattmedina2oo@gmail.com
Cc: dvrm202orders@cookcountycourt.com, szcunningham@cookcountycourt.com, j-cruz7@neiu.edu

Erlinda Matias Cruz
5135 N Keating Ave,
Chicago, Illinois 60630

Attorney for Plaintiff:
Atty. Matthew J. Medina
Law Office of Matthew Medina
9 N 13th Ave
Chicago, Illinois 60174

      Re: Resending the order

Dear Legal Counsel for Plaintiff Erlinda Matias Cruz,

Please see attached ORDER for Motion Hearing on or about November 2, 2021 at 9:00 AM CST for Cruz v. Cruz, No.
2021OP76706.

If you have any questions or concerns, you can telephoned me at (847) 906-3123, or reply to this email.

Thank you for your time and understanding.

Respectfully,

Jerico Matias Cruz
5135 North Keating Avenue
Chicago, IL 60630
(847) 906-3123

cc: Honorable Judge Pinzur-Rosenberg's Chamber Email
    Sheree Cunningham, Circuit Court of Cook County Domestic Relations/Violence Division's Employee Email
    Jerico Matias Cruz, NEIU Grad Student Email

Linkedin: https://www.linkedin.com/in/jeric0mcruz
Profile: https://jeric0mcruz.wordpress.com

Email Notice Confidentiality: This email is covered by the Electronic Communications Privacy Act, 18 USC
§§2510-2521. The confidential information contained in this e-mail is being transmitted to and is intended for the use
of only the individual(s) to whom it is addressed. If the reader of this e-mail is not the intended recipient, you are
hereby advised that any dissemination, distribution or copying of this e-mail is strictly prohibited. If you have received
this e-mail in error, please immediately notify me via theconsultantoo0oo@gmail.com and delete it afterward. Thank
you for your cooperation.

---

**2 attachments**

📄 **20211012505_20210917_000062_CRUZ JERICO MATIAS.PDF**
43K

Case: 1:22-cv-04782 Document #: 1 Filed: 09/02/22 Page 188 of 218 PageID #:188

 **2021OP76706-ORDER-11-02-2021.pdf**
682K

**Mail Delivery Subsystem** <mailer-daemon@googlemail.com>         Wed, Nov 3, 2021 at 12:52 PM
To: theconsultantoo0oo@gmail.com

 ## Address not found

Your message wasn't delivered to **mattmedina200@gmail.com** because the address couldn't be found, or is unable to receive mail.

**LEARN MORE**

The response was:

```
550 5.1.1 The email account that you tried to reach does not exist. Please try
double-checking the recipient's email address for typos or unnecessary spaces. Learn
more at https://support.google.com/mail/?p=NoSuchUser 10sor1689408pfl.8 – gsmtp
```

Final-Recipient: rfc822; mattmedina200@gmail.com
Action: failed
Status: 5.1.1
Diagnostic-Code: smtp; 550-5.1.1 The email account that you tried to reach does not exist. Please try
 550-5.1.1 double-checking the recipient's email address for typos or
 550-5.1.1 unnecessary spaces. Learn more at
 550 5.1.1  https://support.google.com/mail/?p=NoSuchUser 10sor1689408pfl.8 - gsmtp
Last-Attempt-Date: Wed, 03 Nov 2021 10:52:51 -0700 (PDT)

---------- Forwarded message ----------
From: "Jerico. the consultant" <theconsultantoo0oo@gmail.com>
To: mattmedina200@gmail.com, mattmedina2oo@gmail.com
Cc: dvrm202orders@cookcountycourt.com, szcunningham@cookcountycourt.com, j-cruz7@neiu.edu
Bcc:
Date: Wed, 3 Nov 2021 12:52:38 -0500
Subject: Resending the order
----- Message truncated -----

**Mail Delivery Subsystem** <mailer-daemon@googlemail.com>         Wed, Nov 3, 2021 at 12:52 PM
To: theconsultantoo0oo@gmail.com

FILED DATE: 12/30/2021 1:32 AM   2021OP76706

Case: 1:22-cv-04782 Document #: 1 Filed: 09/02/22 Page 189 of 218 PageID #:189



# Address not found

Your message wasn't delivered to **mattmedina2oo@gmail.com** because the address couldn't be found, or is unable to receive mail.

**LEARN MORE**

The response was:

```
550 5.1.1 The email account that you tried to reach does not exist. Please try
double-checking the recipient's email address for typos or unnecessary spaces. Learn
more at https://support.google.com/mail/?p=NoSuchUser 10sor1689408pfl.8 — gsmtp
```

Final-Recipient: rfc822; mattmedina2oo@gmail.com
Action: failed
Status: 5.1.1
Diagnostic-Code: smtp; 550-5.1.1 The email account that you tried to reach does not exist. Please try
 550-5.1.1 double-checking the recipient's email address for typos or
 550-5.1.1 unnecessary spaces. Learn more at
 550 5.1.1  https://support.google.com/mail/?p=NoSuchUser 10sor1689408pfl.8 - gsmtp
Last-Attempt-Date: Wed, 03 Nov 2021 10:52:51 -0700 (PDT)

---------- Forwarded message ----------
From: "Jerico. the consultant" <theconsultantoo0oo@gmail.com>
To: mattmedina200@gmail.com, mattmedina2oo@gmail.com
Cc: dvrm202orders@cookcountycourt.com, szcunningham@cookcountycourt.com, j-cruz7@neiu.edu
Bcc:
Date: Wed, 3 Nov 2021 12:52:38 -0500
Subject: Resending the order
----- Message truncated -----

FILED DATE: 12/30/2021 1:32 AM 2021OP76706

# Exhibit C: Plaintiff's Legal Counsel Wrong Email

- Plaintiff's Legal Counsel Wrong Email dated on November 8, 2021

 Gmail

**Jerico. the consultant <theconsultantoo0oo@gmail.com>**

FILED
12/30/2021 1:32 AM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2021OP76706

16116235

# Order for Cruz v. Cruz, No. 2021OP76706, filed and heard on November 3, 2021
2 messages

**Jerico. the consultant** <theconsultantoo0oo@gmail.com>                                      Mon, Nov 8, 2021 at 2:55 PM
To: mattmedina200@gmail.com
Cc: dvrm202orders@cookcountycourt.com, szcunningham@cookcountycourt.com

Erlinda Matias Cruz
5135 N Keating Ave
Chicago, Illinois 60630

Attorney for Plaintiff:
Atty. Matthew Medina
901 Illinois Ave
St. Charles, Illinois 60174

      Re: Order for Cruz v. Cruz, No. 2021OP76706, filed on November 3, 2021

Dear Legal Counsel for Plaintiff Erlinda Matias Cruz,

Please see attached documents of court ORDER, Notice of Motion, and Motion for Cruz v. Cruz, No. 2021OP76706, filed and heard on or about November 3, 2021.

In addition, the email message and attached document(s) are covered by the Illinois Supreme Court Rules 11(b) and 131(d)(2) for electronic message transmission of Response and Notice of Filing to parties involved in this Domestic Relations case. Ill. Sup. Ct. R. 11b; Ill. Sup. Ct. R. 131(d)(2).

If you have any questions or concerns, you can telephoned me at (847) 906-3123, or reply to this email.

Thank you for your time and understanding.

Respectfully,

Jerico Matias Cruz
5135 North Keating Avenue
Chicago, IL 60630
(847) 906-3123

cc: Honorable Judge Pinzur-Rosenberg's Chamber Email
    Sheree Cunningham, Cook County Employee Email
    Jerico Matias Cruz, NEIU Grade Student Email

Linkedin: https://www.linkedin.com/in/jeric0mcruz
Profile: https://jeric0mcruz.wordpress.com

Email Notice Confidentiality: This email is covered by the Electronic Communications Privacy Act, 18 USC §§2510-2521. The confidential information contained in this e-mail is being transmitted to and is intended for the use of only the individual(s) to whom it is addressed. If the reader of this e-mail is not the intended recipient, you are hereby advised that any dissemination, distribution or copying of this e-mail is strictly prohibited. If you have received this e-mail in error, please immediately notify me via theconsultantoo0oo@gmail.com and delete it afterward. Thank you for your cooperation.

📄 **2021OP76706-OrderStamped-11-03-2021.pdf**

Case: 1:22-cv-04782 Document #: 1 Filed: 09/02/22 Page 192 of 218 PageID #:192

8026K

---

**Mail Delivery Subsystem** <mailer-daemon@googlemail.com>     Mon, Nov 8, 2021 at 2:55 PM
To: theconsultantoo0oo@gmail.com

 ## Address not found

Your message wasn't delivered to **mattmedina200@gmail.com** because the address couldn't be found, or is unable to receive mail.

**LEARN MORE**

The response was:

```
550 5.1.1 The email account that you tried to reach does not exist. Please try
double-checking the recipient's email address for typos or unnecessary spaces. Learn
more at https://support.google.com/mail/?p=NoSuchUser pc16sor285204pjb.39 – gsmtp
```

Final-Recipient: rfc822; mattmedina200@gmail.com
Action: failed
Status: 5.1.1
Diagnostic-Code: smtp; 550-5.1.1 The email account that you tried to reach does not exist. Please try
 550-5.1.1 double-checking the recipient's email address for typos or
 550-5.1.1 unnecessary spaces. Learn more at
 550 5.1.1  https://support.google.com/mail/?p=NoSuchUser pc16sor285204pjb.39 - gsmtp
Last-Attempt-Date: Mon, 08 Nov 2021 12:55:50 -0800 (PST)

---------- Forwarded message ----------
From: "Jerico. the consultant" <theconsultantoo0oo@gmail.com>
To: mattmedina200@gmail.com
Cc: dvrm202orders@cookcountycourt.com, szcunningham@cookcountycourt.com
Bcc:
Date: Mon, 8 Nov 2021 14:55:35 -0600
Subject: Order for Cruz v. Cruz, No. 2021OP76706, filed and heard on November 3, 2021
----- Message truncated -----

FILED DATE: 12/30/2021 1:32 AM   2021OP76706

# Exhibit D: Plaintiff's Legal Counsel Wrong Email

- Plaintiff's Legal Counsel Wrong Email dated on November 22, 2021

 **Gmail**

**Jerico. the consultant <theconsultantoo0oo@gmail.com>**

FILED
12/30/2021 1:32 AM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2021OP76706

16116235

## Notice of Motion & Motion for Cruz (Mother) v. Cruz (Son), No. 21OP76706
2 messages

**Jerico. the consultant** <theconsultantoo0oo@gmail.com>
To: mattmedina200@gmail.com
Cc: j-cruz7@neiu.edu

Mon, Nov 22, 2021 at 3:21 PM

Erlinda Matias Cruz
5135 N Keating Ave
Chicago, Illinois 60630

Attorney for Plaintiff:
Atty: Matthew Medina
901 Illinois Ave
St. Charles, Illinois 60174

Dear Legal Counsel for Plaintiff,

Please see attached documents of NOTICE OF MOTION and MOTION for Cruz(Mother) v. Cruz(Son), No. 21OP76706, filed on November 19, 2021.

In addition, the email message and attached document(s) are covered by the Illinois Supreme Court Rules 11(b) and 131(d)(2) for electronic message transmission of NOTICE OF MOTION, MOTION, and exhibits to parties involved in this Domestic Relations case. Ill. Sup. Ct. R. 11b; Ill. Sup. Ct. R. 131(d)(2).

If you have any questions or concerns, you can telephoned me at (847) 906-3123, or reply to this email.

Thank you for your time and understanding.
Respectfully,

Jerico Matias Cruz
5135 North Keating Avenue
Chicago, IL 60630
(847) 906-3123

cc: Jerico Matias Cruz, NEIU Grad Student Email

Linkedin: https://www.linkedin.com/in/jeric0mcruz
Profile: https://jeric0mcruz.wordpress.com

Email Notice Confidentiality: This email is covered by the Electronic Communications Privacy Act, 18 USC §§2510-2521. The confidential information contained in this e-mail is being transmitted to and is intended for the use of only the individual(s) to whom it is addressed. If the reader of this e-mail is not the intended recipient, you are hereby advised that any dissemination, distribution or copying of this e-mail is strictly prohibited. If you have received this e-mail in error, please immediately notify me via theconsultantoo0oo@gmail.com and delete it afterward. Thank you for your cooperation.

📄 **Notice&Motion-11-19-2021-21OP76706.pdf**
3775K

**Mail Delivery Subsystem** <mailer-daemon@googlemail.com>
To: theconsultantoo0oo@gmail.com

Mon, Nov 22, 2021 at 3:21 PM



# Address not found

Your message wasn't delivered to **mattmedina200@gmail.com** because the address couldn't be found, or is unable to receive mail.

**LEARN MORE**

The response was:

```
550 5.1.1 The email account that you tried to reach does not exist. Please try
double-checking the recipient's email address for typos or unnecessary spaces. Learn
more at https://support.google.com/mail/?p=NoSuchUser x3sor5372472plg.62 - gsmtp
```

Final-Recipient: rfc822; mattmedina200@gmail.com
Action: failed
Status: 5.1.1
Diagnostic-Code: smtp; 550-5.1.1 The email account that you tried to reach does not exist. Please try
 550-5.1.1 double-checking the recipient's email address for typos or
 550-5.1.1 unnecessary spaces. Learn more at
 550 5.1.1  https://support.google.com/mail/?p=NoSuchUser x3sor5372472plg.62 - gsmtp
Last-Attempt-Date: Mon, 22 Nov 2021 13:21:50 -0800 (PST)

---------- Forwarded message ----------
From: "Jerico. the consultant" <theconsultantoo0oo@gmail.com>
To: mattmedina200@gmail.com
Cc: j-cruz7@neiu.edu
Bcc:
Date: Mon, 22 Nov 2021 15:21:31 -0600
Subject: Notice of Motion & Motion for Cruz (Mother) v. Cruz (Son), No. 21OP76706
----- Message truncated -----

FILED DATE: 12/30/2021 1:32 AM   2021OP76706

# Exhibit E: Plaintiff's Legal Counsel Wrong Email

- Plaintiff's Legal Counsel Wrong Email dated on December 9, 2021



**Jerico. the consultant <theconsultantoo0oo@gmail.com>**

FILED
12/30/2021 1:32 AM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2021OP76706

16116235

# Court Order for Cruz (Mother) v. Cruz (Son), No. 2021OP76706, entered on November 30, 2021

2 messages

**Jerico. the consultant** <theconsultantoo0oo@gmail.com>　　　Thu, Dec 9, 2021 at 8:10 PM
To: mattmedina200@gmail.com
Cc: dvrm202orders@cookcountycourt.com, j-cruz7@neiu.edu

Erlinda Matias Cruz
5135 N Keating Ave
Chicago, Illinois 60630

Attorney for Plaintiff:
Atty. Matthew Medina
901 Illinois Ave
St. Charles, Illinois 60174

　　　Re: Court Order for Cruz (Mother) v. Cruz (Son), No. 2021OP76706, entered on November 30, 2021

Dear Legal Counsel for Plaintiff,

Please see attached document of Court Order for Cruz (Mother) v. Cruz (Son), No. 2021OP76706, entered on November 30, 2021.

In addition, the email message and attached document(s) are covered by the Illinois Supreme Court Rules 11(b) and 131(d)(2) for electronic message transmission of Court Order and other documents to parties involved in this Domestic Relations case. Ill. Sup. Ct. R. 11b; Ill. Sup. Ct. R. 131(d)(2).

If you have any questions or concerns, you can telephoned me at (847) 906-3123, or reply to this email.

Thank you for your time and understanding.

Respectfully,

Jerico Matias Cruz
5135 N Keating Ave
Chicago, IL 60630
(847) 906-3123

cc: Jerico Matias Cruz, NEIU Grad Student Email
　　Cook County Clerk's Office Email on Behalf of Honorable Judge Pinzur-Rosenberg

Linkedin: https://www.linkedin.com/in/jeric0mcruz
Profile: https://jeric0mcruz.wordpress.com

Email Notice Confidentiality: This email is covered by the Electronic Communications Privacy Act, 18 USC §§2510-2521. The confidential information contained in this e-mail is being transmitted to and is intended for the use of only the individual(s) to whom it is addressed. If the reader of this e-mail is not the intended recipient, you are hereby advised that any dissemination, distribution or copying of this e-mail is strictly prohibited. If you have received this e-mail in error, please immediately notify me via theconsultantoo0oo@gmail.com and delete it afterward. Thank you for your cooperation.

**3 attachments**

Case: 1:22-cv-04782 Document #: 1 Filed: 09/02/22 Page 198 of 218 PageID #:198

**ReturnedEmail--Court Order for Cruz (Mother) v. Cruz (Son), No. 2021OP76706, entered on November 30, 2021.pdf**
110K

**ReturnedEmail-1- Notice of Motion & Motion for Cruz (Mother) v. Cruz (Son), No. 21OP76706.pdf**
93K

**11-30-2021-Order-Cruzv.Cruz.pdf**
258K

---

**Mail Delivery Subsystem** <mailer-daemon@googlemail.com>                          Thu, Dec 9, 2021 at 8:11 PM
To: theconsultantoo0oo@gmail.com



# Address not found

Your message wasn't delivered to **mattmedina200@gmail.com** because the address couldn't be found, or is unable to receive mail.

**LEARN MORE**

The response was:

```
550 5.1.1 The email account that you tried to reach does not exist. Please try
double-checking the recipient's email address for typos or unnecessary spaces. Learn
more at https://support.google.com/mail/?p=NoSuchUser h131sor1190842pgc.86 – gsmtp
```

Final-Recipient: rfc822; mattmedina200@gmail.com
Action: failed
Status: 5.1.1
Diagnostic-Code: smtp; 550-5.1.1 The email account that you tried to reach does not exist. Please try
 550-5.1.1 double-checking the recipient's email address for typos or
 550-5.1.1 unnecessary spaces. Learn more at
 550 5.1.1  https://support.google.com/mail/?p=NoSuchUser h131sor1190842pgc.86 - gsmtp
Last-Attempt-Date: Thu, 09 Dec 2021 18:11:06 -0800 (PST)

---------- Forwarded message ----------
From: "Jerico. the consultant" <theconsultantoo0oo@gmail.com>
To: mattmedina200@gmail.com
Cc: dvrm202orders@cookcountycourt.com, j-cruz7@neiu.edu
Bcc:
Date: Thu, 9 Dec 2021 20:10:49 -0600
Subject: Court Order for Cruz (Mother) v. Cruz (Son), No. 2021OP76706, entered on November 30, 2021
----- Message truncated -----

FILED DATE: 12/30/2021 1:32 AM   2021OP76706

# Exhibit F:
# Pro Se Defendant's Email Message to State of Illinois Department of State Police Bureau of Firearms

- Pro Se Defendant's Email Message to State of Illinois Department of State Police Bureau of Firearms about his pending registration on applying for IL FOID Card.

- State of Illinois Department of State Police Bureau of Firearms' Automatic Reply to Pro Se Defendant

- Pro Se Defendant's Pending Registration of IL FOID Card with State of Illinois Department of Police Bureau of Firearms

Case: 1:22-cv-04782 Document #: 1 Filed: 09/02/22 Page 201 of 218 PageID #:201



YOUR REGISTRATION IS PENDING

⚠ IMPORTANT ⚠

**Further Action Is Needed To Access Your Online Account**

Due to security concerns, some people must complete an additional step to verify their identity before they can access their online accounts (even if their online registrations were previously approved).

If you are seeing this message you must complete this additional identity verification step. This additional layer of security requires you to prove you are you - and not someone pretending to be you.

To complete the identity verification step you may call the ISP FSB Call Center at 217-782-7980 or you may email ISP.AskFOIDandCCL@illinois.gov.

When calling, please note that our normal hours of operation are from 8:30 am-5 pm Monday-Friday. Keep in mind, we are experiencing higher than normal call volumes resulting from these enhanced security measures. At times, Call Center representatives may be answering calls outside of normal business hours but, if you cannot get through over the phone, the best way to contact us is by sending an email to ISP.AskFOIDandCCL@illinois.gov.

When emailing, please include as much information as possible, including your name, telephone number, DOB, Driver's License or ID number, your FOID or CCL number and your Web User ID. For even faster service, include a photo of yourself holding your State-Issued ID in your email to expedite the approval of your registration.

FILED
12/30/2021 1:32 AM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2021OP76706

16116235

Case: 1:22-cv-04782 Document #: 1 Filed: 09/02/22 Page 202 of 218 PageID #:202

 **Gmail**

Jerico. the consultant <theconsultantoo0oo@gmail.com>

FILED
12/30/2021 1:32 AM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2021OP76706

16116235

## Automatic reply: [External] IL FOID Card Status
1 message

**ISP.AskFOIDandCCL** <ISP.AskFOIDandCCL@illinois.gov>    Mon, Dec 27, 2021 at 12:46 PM
To: "Jerico. the consultant" <theconsultantoo0oo@gmail.com>

We have received your email. This is an automatic email response created to let you know that your email was delivered.  We have a limited number of staff responding to emails and a large volume of inquiries coming in so it may be a while before one of our customer service representatives is able to review and respond to your email.

Even though this is an automatic email, please read on because we are packing this email full of information for you.  In addition to the information included in this email response, answers to many other common questions can be found in the Frequently Asked Questions section on our website: https://www.ispfsb.com/Public/Faq.aspx.

### How to Apply
You may apply for the FOID and CCL by visiting the ISP Firearms Services Bureau website at https://www.ispfsb.com. If you do not already have a web user account (User ID and password), click "Register Now" where you see "New User."

New User Registration instructional video: https://isp.illinois.gov/Video/User%20Registration.mp4

Account Validation instructional video: https://isp.illinois.gov/Video/Validation.mp4

If you do not have the ability to apply online, you may submit your application through an alternative call-in method. To do so, you may call the Firearms Services Bureau Customer Service Department at 217-782-7980 to submit your application information over the phone.  After providing the required information you will be transferred to the Illinois State Police Self-Service payment phone system where you will be able to make your payment in the form of a credit card, debit card or electronic check. Upon payment, a paper application will be mailed to you for final completion. Upon receipt, you will need to answer some background questions, attach a photograph and sign the application. The application must be returned to the Firearms Services Bureau for final processing.

### Log In Assistance
Forgetting your user ID, password, or both is a common issue.  We want to help, but we also want to protect your security by making sure it really is you trying to access your account.  With that in mind, we added new password recovery and user ID recovery features to our website on October 20, 2020. Unfortunately these new features only work if you have logged in after October 20, 2020 and have gone through the phone and/or email verification steps.

If have not validated your account but you know your user ID you may reset your password by filling out the password recovery form at https://www.ispfsb.com/public/passwordrecovery.aspx.

If you have not yet validated your account and do not know your user ID you will need to wait for an email response or call 217-782-7980 to get user ID recovery assistance from a customer service representative.

### Status Checks
Due to the high volume of requests, email inquiries related to the status of pending applications are not being answered at this time.  If your application is "under review" and you would like to know approximately how much longer it will be, please see our average processing times below or a more expanded version at Firearms Services (illinois.gov).

The average processing time for a new FOID card application is 118 days.  The average processing time

for a new CCL application submitted with fingerprints is 156 days.  The average processing time for a new CCL application submitted without fingerprints is 166 days**.  Remember these are averages and your application may take less or more time than the current average.**

New applications are being processed ahead of renewals, but **you should expect CONSIDERABLE delays** in all cases. Like all entities, our normal operations have been impacted by COVID-19.

Under the authority of 430 ILCS 65/5 (b), if a FOID renewal application has been submitted the card shall remain valid while the Department processes the application, unless the person is subject to or becomes subject to revocation under this Act.  Similarly, under 430 ILCS 66/70(c), CCLs also remain valid while renewal applications are being processed.

If your expiration date was on or after March 9, 2020, your card will remain valid throughout the duration of the state's disaster proclamation and for a period of 18 months following the termination of the disaster even if a renewal application was not submitted prior to expiration.

For more statistics related to FOID and CCL processing please visit https://isp.illinois.gov/Foid/Statistics.

### Denial/Revocation
If your Firearm Owner's Identification (FOID) card or Concealed Carry License (CCL) was denied or revoked, please visit the Office of Firearms Safety website at  https://isp.illinois.gov/FirearmsSafety for further information, including required forms and checklists, about the appeal process.  Additional contact information for the Office of Firearms Safety can be found at the Contact Us tab on the website.


Respectfully,
Illinois State Police
Firearm Services Bureau
Customer Service Department
Call Center Phone:  (217)782-7980
Fax: (217)782-9139


State of Illinois - CONFIDENTIALITY NOTICE: The information contained in this communication is confidential, may be attorney-client privileged or attorney work product, may constitute inside information or internal deliberative staff communication, and is intended only for the use of the addressee. Unauthorized use, disclosure or copying of this communication or any part thereof is strictly prohibited and may be unlawful. If you have received this communication in error, please notify the sender immediately by return e-mail and destroy this communication and all copies thereof, including all attachments. Receipt by an unintended recipient does not waive attorney-client privilege, attorney work product privilege, or any other exemption from disclosure.

Case: 1:22-cv-04782 Document #: 1 Filed: 09/02/22 Page 204 of 218 PageID #:204

 **Gmail**

**Jerico. the consultant <theconsultantoo0oo@gmail.com>**

FILED
12/30/2021 1:32 AM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2021OP76706

16116235

## IL FOID Card Status
1 message

**Jerico. the consultant** <theconsultantoo0oo@gmail.com>                    Mon, Dec 27, 2021 at 12:46 PM
To: ISP.AskFOIDandCCL@illinois.gov
Cc: j-cruz7@neiu.edu

State of Illinois
Department of State Police
Attn: ISP Firearms Services Bureau
801 S 7th St, Ste 400-M
Springfield, Illinois 62703

    Re: IL FOID Card Status

Dear ISP Firearms Services Bureau,

Please update me with the status of my IL FOID Card application status.

My application is not submitted because your system sends me into another page and gives me a number to contact you or email your organization.

If you have any questions or concerns, you can telephoned me at (847) 906-3123, or reply to this email.

Thank you for your time and understanding.

Respectfully,

Jerico Matias Cruz
5135 North Keating Avenue
Chicago, IL 60630
(847) 906-3123

cc: Jerico Matias Cruz, NEIU Grad Student Email

Linkedin: https://www.linkedin.com/in/jeric0mcruz
Profile: https://jeric0mcruz.wordpress.com

Email Notice Confidentiality: This email is covered by the Electronic Communications Privacy Act, 18 USC §§2510-2521. The confidential information contained in this e-mail is being transmitted to and is intended for the use of only the individual(s) to whom it is addressed. If the reader of this e-mail is not the intended recipient, you are hereby advised that any dissemination, distribution or copying of this e-mail is strictly prohibited. If you have received this e-mail in error, please immediately notify me via theconsultantoo0oo@gmail.com and delete it afterward. Thank you for your cooperation.

FILED DATE: 12/30/2021 1:32 AM   2021OP76706

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
**COUNTY DEPARTMENT, DOMESTIC RELATIONS DIVISION**

FILED
12/30/2021 1:32 AM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2021OP76706

16116235

ERLINDA MATIAS CRUZ,　　　　　　　）
　　　　　　　　　　　　　　　　　　）
　　　　　Plaintiff,　　　　　　　　　）
　　　　　　　　　　　　　　　　　　）　　Case no.: <u>2021 OP 76706</u>
　　　　v.　　　　　　　　　　　　　）
　　　　　　　　　　　　　　　　　　）
JERICO M. CRUZ　　　　　　　　　　）　　Judge Geri Pinzur-Rosenberg
　　　　　　　　　　　　　　　　　　）
　　　　　Defendant.　　　　　　　　　）
　　　　　　　　　　　　　　　　　　）

<u>**NOTICE OF MOTION**</u>

**PLEASE TAKE NOTICE** that on **January 13, 2022 at 10:00 A.M.**, or as soon thereafter as counsel may be heard, I shall appear before Honorable Judge Geri Pinzur-Rosenberg, or whomever may be sitting in her stead, for Room 202, and then and there present the attached ***PRO SE* DEFENDANT'S MOTION TO VACATE/DISMISS THE EMERGENCY CIVIL ORDER OF PROTECTION/PETITION** a copy of which is attached and served upon you.

Dated: December 30, 2021

Respectfully Submitted by,
<u>/s/ Jerico Matias Cruz</u>
 Jerico Matias Cruz
5135 N Keating Ave
Chicago, Illinois 60630
<u>theconsultantoo0oo@gmail.com</u> or
<u>j-cruz7@neiu.edu</u>
(847) 906-3123
*Pro Se* 99500

## PROOF OF SERVICE

Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct, except as to matters there in stated to be on information and belief and as to such matters the undersigned certifies as aforesaid that he verily believes the same to be true.

A copy of *pro se* Defendant's Motion and this Notice of Motion were served on the above-named parties by email address, including Plaintiff's legal counsel, or Plaintiff's last known address on Plaintiff's original complaint filed on August 31, 2021. On or about December 30, 2021 or whichever is sooner, *pro se* Defendant serves this Notice upon you.

*/s/ Jerico Matias Cruz*

Jerico Matias Cruz

FILED DATE: 12/30/2021 1:32 AM   2021OP76706

## LIST OF PLAINTIFF'S ADDRESS

1. Erlinda Matias Cruz
   5135 N Keating Ave
   Chicago, Illinois 60630

FILED DATE: 12/30/2021 1:32 AM   2021OP76706

Exhibit B:
Order to Vacate EOP

31

**IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT, DOMESTIC RELATIONS DIVISION**

ERLINDA CRUZ,
Petitioner

**CASE NUMBER: 21 OP 76706**
**CALENDAR: 72**
LEADS NUMBER:
RESPONDENT'S D.O.B:
☒Independent Petition
☐Domestic Relations

vs.

JERICO CRUZ,
Respondent.

**Judge Judith C. Rice**

**MAR 10 2022**

Any order of protection which would expire on a
court holiday shall instead expire at the close of
the next business day.-750 ILCS 60/222(f)

PNIC

Circuit Court - 2123 DISPOSITION ORDER

Orders of Protection

☐ PIC      ☐ PAIC      ☒ RIC      ☐ RAIC      ☐ No parties in court   ☐ On call in error

THE COURT FINDS THAT:
(check applicable boxes)

☐ This is a Petition for Order of Protection case; there is no OP.
☒ An Emergency Order of Protection was issued on . 8/3/21
☐ An (Interim/Plenary) Order of Protection was issued on .
☐ An (Emergency/Interim/Plenary) Order of Protection was previously extended on .

*RESPONDENT SERVED IN OPEN COURT*

THE COURT HAVING JURISDICTION OF THE SUBJECT MATTER IT IS HEREBY ORDERED THAT:

1. ☐ The Emergency/Interim/Plenary Order of Protection is extended to   /   /2022 at 09:00AM.
2. ☐ A status hearing on the Emergency/Interim/Plenary Order of Protection   /   / 2022 at 09:00 AM
3. ☒ The Emergency/Interim/Plenary Order of Protection is vacated.
4. ☐ The Emergency/Interim/Plenary Order of Protection is terminated.
5. ☐ The Emergency/Interim/Plenary Order of Protection is modified as follows:

_____
_____

6. ☐ Alias Summons to issue.
7. ☐ Service by publication.
8. ☒ Case Number 21 OP 76706 is dismissed, 4-18   AM/PM.   DWP
   on ☐ Petitioner's motion   ☐ Respondent's motion   ☒ Court order
9. ☐ This case is on call in error.

COURT LOCATION:   ☐ 555 W Harrison St, Chicago, IL 60607 / **Courtroom 202**
                  ☐ _____

CONTINUED on ☐ Petitioner's motion  ☐ Respondent's motion  ☐ Court order FOR :

☐ NO FURTHER CONTINUANCES

☐ Consolidation      ☐ R to retain counsel  ☐ P to retain counsel   ☐ Service
☐ Status        ☐ Hearing      ☐ Entry of default Plenary Order of Protection

_____

**ORDER OF COURT**

ENTER: Dated: March 10, 2022

Judge   2123

IRIS MARTINEZ, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

Copy of DISPOSITION 71

STATE OF ILLINOIS 15677482

DEPARTMENT OF FINANCIAL AND PROFESSIONAL REGULATION

DIVISION OF PROFESSIONAL REGULATION

## CECILIA ABUNDIS, ACTING DIRECTOR

### PERMANENT EMPLOYEE REGISTRATION CARD

*The below named individual has met requirements for registration under the Private Detective, Private Alarm, Private Security, Fingerprint Vendor, and Locksmith Act of 2004.*

Reg.No: 129.449018                    Expires: 05/31/2024

Signature of Employee

JERICO MATIAS CRUZ
5135 N KEATING AVE
CHICAGO, IL 60630-1743







Exhibit C:
Order To Expunge And Impound Criminal Records

Order to Expunge and Impound Criminal Records          (12/01/20) CCCR 0331

### IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

PEOPLE OF THE STATE OF ILLINOIS      No. _21118703101_
or                  _21DV7321501_

_____ A Municipal Corporation
v.

_JERICO MATIAS CRUZ_
             Defendant/Petitioner

Date of Birth: _06/14/1987_
Gender: ☒ Male ☐ Female
Race: _ASIAN-AMERICAN-FILIPINO_

## ORDER TO EXPUNGE AND IMPOUND CRIMINAL RECORDS

This Court, having considered all pleadings and any objections thereto, and after an evidentiary hearing, ORDERS THAT:

1. The Petition to Expunge and Impound is granted.

2. The above Arresting Agency and the Chicago Police Department shall expunge the arrest(s) from its records, if any, within sixty (60) days of the date of service of this order. It is further directed that the Arresting Agency shall request the return of all identification materials from any other repositories and custodians of statistics that were previously notified of this arrest(s) by the Arresting Agency.

3. The Circuit Court Clerk shall impound the record of this arrest until further order of the court upon good cause shown and shall obliterate the name of the Petitioner on the official index.

4. The Illinois State Police, Bureau of Identification, shall expunge (or impound, if required by law) their files of the record of this arrest(s) within sixty (60) days of the date of service of this order.

5. This order shall not become effective until thirty (30) days after entry.

6. In accordance with the law, orders of protection, civil no contact orders, civil no contact stalking orders and minor traffic orders shall not be expunged and impounded.

Prepared By: _PRO SE_          ENTERED:
Cook County Attorney Code: _99500_
Name: _JERICO MATIAS CRUZ_
Address: _5135 N KEATING AVE_    Dated: _7/25/22_
City/State/Zip: _CHICAGO, IL 60630_
Telephone: _847-906-3123_
Primary Email: _THECONSULTANT00000@GMAIL.COM_
Secondary Email: _J-CRUZ7@NEIU.EDU_
Tertiary Email: _____

**ENTERED**
**JUL 25 2022**
IRIS Y. MARTINEZ
CLERK OF THE CIRCUIT COURT
OF COOK COUNTY, IL

Judge             Judge's No.

**IRIS Y. MARTINEZ, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS**
Page 1 of 1

15677482

STATE OF ILLINOIS
DEPARTMENT OF FINANCIAL AND PROFESSIONAL REGULATION
DIVISION OF PROFESSIONAL REGULATION

## CECILIA ABUNDIS, ACTING DIRECTOR

### PERMANENT EMPLOYEE REGISTRATION CARD

*The below named individual has met requirements for registration under the Private Detective, Private Alarm, Private Security, Fingerprint Vendor, and Locksmith Act of 2004.*

Reg.No: 129.449018                    Expires: 05/31/2024

Signature of Employee

JERICO MATIAS CRUZ
5135 N KEATING AVE
CHICAGO, IL 60630-1743







PUBLIC ABSTRACT                                                                      05500

07 29 22                                      DDL: Y

PURSUANT TO THE PROVISIONS OF THE ILLINOIS VEHICLE CODE THE FOLLOWING INFORMATION IS FURNISHED FROM THE DRIVERS LICENSE FILE OF THE PERSON IDENTIFIED ABOVE

JERICO MATIAS CRUZ
5135 N KEATING AVE
CHICAGO 60630

| CONT LIC DATE | ISSUE DATE | BIRTH DATE |
|---|---|---|
| 09 24 03 | 03 22 21 | 06 14 87 |

| GENDER | HEIGHT | WEIGHT | HAIR | EYES | D.E. | CDL | TL | CLASS | ENDORS | MC | RESTRICTION | EXPIRATION DATE |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| M | | 157 | | | | | | | | | | 06 14 25 |

| TYPE ACTION | | | | | STOP IN EFFECT |
|---|---|---|---|---|---|
| 71 | ISS-DT | 06-06-17 | EXP-DT | 09-04-17 | PERMIT-NO= CN0901 |
| 71 | ISS-DT | 09-24-18 | EXP-DT | 12-23-18 | PERMIT-NO= CN2723 |
| 71 | ISS-DT | 03-22-21 | EXP-DT | 06-20-21 | PERMIT-NO= CN4722 |

* END OF RECORD *

* This official record is received directly from the Secretary of State's Office via computer link-up system. This is to certify, to the best of my knowledge and belief, after a careful search of my records, that the information set out herein is a true and accurate copy of the captioned individual's driving record; identified by driver's license number, and I certify that all statutory notices required as a result of any driver control actions taken have been properly given.

 

SECRETARY OF STATE

(Form DSDASC - Rev. 8/24/2011)